UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH LEWIS, JR., KENTRELL PARKER, FARRELL SAMPIER, REGINALD GEORGE, JOHN TONUBBEE, OTTO BARRERA, CLYDE CARTER, CEDRIC EVANS, EDWARD GIOVANNI, RICKY D. DAVIS, LIONEL TOLBERT, AND RUFUS WHITE, on behalf of themselves and all others similarly situated | CIVIL ACTION NO. 15-CV-318<br><br>JUDGE: BRIAN A. JACKSON<br><br>MAGISTRATE JUDGE: RICHARD L. BOURGEOIS, JR. |
| VERSUS | |
| BURL CAIN, Warden of the Louisiana State Penitentiary, in his official capacity; STEPHANIE LAMARTINIERE, Assistant Warden for Health Services, in her official capacity, JAMES M. LEBLANC, Secretary of the Louisiana Department of Public Safety and Corrections in his official capacity and THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, come defendants, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS (hereinafter referred to as "DOC"), BURL CAIN, in his official capacity as Warden of the Louisiana State Penitentiary. STEPHANIE LAMARTINIERE, in her official capacity as Assistant Warden of the Louisiana State Penitentiary, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety and CorrectionsS (hereinafter jointly referred to as "Defendants"), who for response to plaintiffs' complaint deny each and every allegation contained therein except those that may be hereinafter admitted as follows:

**FIRST DEFENSE – FAILURE TO STATE A CLAIM UPON RELIEF CAN BE GRANTED**

Plaintiffs' complaint fails to state a claim upon which relief can be granted because there are insufficient factual allegations showing that defendants violated any of plaintiffs' civil rights under the United States Constitution, or applicable federal law.

**SECOND DEFENSE – FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Plaintiffs' complaint contains several allegations of acts for which one or more plaintiffs have failed to exhaust their administrative remedies available under the Prison Litigation Reform Act. Pursuant to 42 U.S.C. § 1997e, plaintiffs are barred from recovery under 42 U.S.C. §1983 until such administrative remedies have been exhausted.

**THIRD DEFENSE – ABSOLUTE AND/OR QUALIFIED IMMUNITY**

If defendants are found by the Court to have violated plaintiffs' civil rights, then each such defendant is immune from a judgment for damages because each defendant acted at all times reasonably and in good faith and in accordance with federal and state law and department rules and regulations. Defendants' conduct did not violate any clearly established constitutional or statutory rights of plaintiffs of which a reasonable person would have known. Said defendants further show that their belief in the lawfulness of their actions was a reasonable belief and for that reason they are entitled to absolute and/or qualified immunity from liability under the provisions of Title 42 U.S.C. § 1983.

**FOURTH DEFENSE – FAILURE TO MITIGATE DAMAGES**

The plaintiffs may have failed to mitigate their damages.

**FIFTH DEFENSE – DENIAL OF RELIEF PRAYED FOR**

Plaintiff is not entitled to injunctive, declaratory, or monetary relief.

Plaintiff is not entitled to attorney's fees under 42 U.S.C. § 1988.

**IN FURTHER ANSWER:**

1.

The allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 17, 38, 57, 58, 60, 61, 62, 63, 64, 66, 70, 71, 79, 86, 87, 88, 89, 95, 100, 103, 107, 108, 111, 112, 117, 129, 130, 131, 132, 133, 143, 145, 146, 147, 148, 149, 150, 151, 152, 153, 155, 156, 157, 158, 159, 160, 161, 163, 164, 165, 166, 167, 169, 173, 174, 176, 177, 178, 179, 180, 181, and 182 are denied.

2.

The allegations contained in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 37, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 59, 65, 67, 68, 69, 72, 73, 74, 75, 76, 77, 78, 80, 81, 82, 83, 84, 85, 90, 91, 92, 93, 94, 96, 97, 98, 99, 101, 102, 104,105, 106, 109, 110, 113, 114, 115, 116, 118, 128, 134, 135, 136, 137, 138, 139, 140, 141, 142, 144, 154, 162, 168, and 170 are denied and denied as written.

3.

The allegations contained in paragraph 11 are admitted.

4.

Defendants admit that Burl Cain is Warden of Louisiana State Penitentiary. Defendants deny all other allegations contained in paragraph 12 as written.

5.

Defendants admit that Stephanie Lamartiniere is Assistant Warden at Louisiana State Penitentiary. Defendants deny all other allegations contained in paragraph 13 as written.

6.

Defendants admit that James M. LeBlanc is Secretary of Louisiana Department of Public Safety and Corrections ("DOC").  Defendants deny all other allegations contained in paragraph 14 as written.

7.

Defendants admit that DOC is an agency of the state of Louisiana.  Defendants deny all other allegations contained in paragraph 15 as written.

8.

The allegations contained in paragraph 16 are admitted as being substantially correct.

9.

The allegations contained in paragraphs 30, 33, 34, 35, 36, 39, 119, 120, 121, 122, 123, 124, 125, 126, 127, and 171 are admitted as being substantially correct but are denied as written.

10.

The allegations contained in paragraphs 172 and 175 call for a conclusion of law and to the extent an answer may be necessary, same are further denied as written.

11.

Defendants pray for trial by jury on all issues that may be tried by a jury.

12.

Defendants specifically deny any and all relief prayed for by the plaintiffs.

**WHEREFORE** Defendants, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, BURL CAIN, in his official capacity as Warden of the Louisiana State Penitentiary. STEPHANIE LAMARTINIERE, in her official capacity as Assistant Warden of the Louisiana State Penitentiary, JAMES M. LEBLANC, in his official capacity as Secretary of

the Louisiana Department of Public Safety and Corrections pray that this answer be deemed good and sufficient, and, after due proceedings had, there be judgment in favor of defendants herein, dismissing plaintiffs' complaint with prejudice, at plaintiffs' costs.

**Respectfully Submitted:**

**JAMES D. "BUDDY" CALDWELL,
ATTORNEY GENERAL**

**SHOWS, CALI & WALSH, L.L.P.**

*/s James L. Hilburn*
E. Wade Shows, La. Bar Roll No. 7637
James L. Hilburn, T.A.,  La. Bar Roll No. 20221
Jeffrey K. Cody, La. Bar Roll No. 28536
*Special Assistant Attorneys General*
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile:  (225) 346-1467
*wade@scwllp.com*
*jamesh@scwllp.com*
*jeffreyc@scwllp.com*
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2015, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to CM/ECF participants by operation of this court's electronic filing system.

*s/ James L. Hilburn*
JAMES L. HILBURN