UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH LEWIS, JR., KENTRELL PARKER, FARRELL SAMPIER, REGINALD GEORGE, JOHN TONUBBEE, OTTO BARRERA, CLYDE CARTER, CEDRIC EVANS, EDWARD GIOVANNI, RICKY D. DAVIS, LIONEL TOLBERT, and RUFUS WHITE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BURL CAIN, Warden of the Louisiana State Penitentiary, in his official capacity; STEPHANIE LAMARTINIERE, Assistant Warden for Health Services, in her official capacity; JAMES M. LEBLANC, Secretary of the Louisiana Department of Public Safety and Corrections, in his official capacity; and THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, <br><br> Defendants. | CIVIL ACTION NO. 15-318 <br><br> JUDGE: BAJ <br><br> MAGISTRATE: RLB |

## **REVISED STATUS REPORT**

**A.  JURISDICTION**

1. Plaintiffs have asserted claims under 42 U.S.C. §§ 1983 and 12101 et seq, and 29 U.S.C. § 794. Plaintiffs believe that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), § 1343 (civil rights), and § 2201 (Declaratory Judgment Act).

2. Defendants aver that plaintiffs may not have exhausted their administrative remedies and/or stated a claim upon which relief may be granted.

B. **BRIEF EXPLANATION OF THE CASE**

1. Plaintiffs' claims: Plaintiffs claim that the medical care provided at Louisiana State Penitentiary violates the Eighth Amendment prohibition on cruel and unusual punishment. Plaintiffs also claim that the medical treatment of disabled inmates violate provisions of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 701 et seq.

2. Defendants' claims: The defendants deny that the plaintiffs' federal constitutional and/or statutory rights were violated by these defendants, and deny the specific factual allegations of liability in the complaint.

C. **PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s): None at this time.

D. **ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

1. Plaintiffs' Issues: Whether the provision of medical care at Louisiana State Penitentiary violates:

    i. The Eighth Amendment prohibition on cruel and unusual punishment; and

    ii. Provisions of the Americans with Disabilities Act and the Rehabilitation Act.

2. Defendants' Issues:

      i. Defendants deny that the plaintiffs' medical care provided at Louisiana State Penitentiary violates the Eighth Amendment, the Americans Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., and/or the Rehabilitation Act of 1973, 29 U.S.C. §12101, et seq., 29 U.S.C. §701, et seq.;

      ii. Defendants are entitled to qualified immunity for their actions;

      iii. Whether Defendants are entitled to attorney's fees under 42 U.S.C. §1988.

**E. DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiffs' calculation of damages: Plaintiffs are seeking only injunctive and declaratory relief. There are no damages sought.
2. Defendants' calculation of offset and/or plaintiff's damages: Not applicable.
3. Counterclaimant/cross claimant/third party's calculation of damages: Not applicable.

**F. SERVICE**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: None at this time. All Defendants were served on May 22, 2015. No Defendant has raised any issue regarding service of process, personal jurisdiction, or venue.

**G. DISCOVERY**

1. Have the initial disclosures required under FRCP 26(a)(1) been completed?

               [ ] YES [X] NO

A. Do any parties object to initial disclosures?

[ ] YES [X] NO

For any party who answered *yes*, please explain your reasons for objecting.

B. The parties have stipulated to extend the deadline for exchanging initial disclosures to August 7, 2015.

2. Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):  Plaintiffs anticipate propounding written discovery requests to Defendants shortly after the exchange of initial disclosures.

By defendant(s):  Defendants anticipate propounding written discovery to each plaintiff.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery:

The parties anticipate that various documents and records, particularly medical information and personal identifying information such as Social Security Numbers, will need to be redacted from public filings. The parties will move for an appropriate order shortly.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): Plaintiffs expect to offer expert testimony concerning the adequacy of Defendants' medical practices, their effect on Plaintiffs, and potential remedies.

By defendants: At this early stage of the litigation, defendants anticipate offering expert testimony concerning the operations of the Louisiana State Penitentiary medical facility, the adequacy of the medical treatment provided to plaintiffs, and the plaintiffs' injuries, if any.

5. Additional discovery details

The Parties believe that the default allowances for interrogatories and depositions limits will be insufficient, and will discuss appropriate numbers of interrogatories and depositions after initial disclosures.

The parties are negotiating a protocol for production of electronically stored information, and will present a stipulation to the Court when completed.

**H. PROPOSED SCHEDULING ORDER**

1. Exchanging initial disclosures required by FRCP 26(a)(1): August 14, 2015
2. Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims: March 11, 2016
3. Filing all discovery motions and completing all discovery except experts: June 6, 2016
    i. Rolling production of document discovery substantially complete: February 12, 2016
4. Disclosure of identities and resumes of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):
    i. Plaintiffs: March 18, 2016
    ii. Defendants: April 18, 2016
5. Filing motion for class certification: July 6, 2016
6. Exchanging of expert reports:
    i. Plaintiffs: July 6, 2016
    ii. Defendants: August 5, 2016
    iii. Plaintiffs' Rebuttal: September 6, 2016
7. Completion of discovery from experts: October 7, 2016

8. Filing dispositive motions and/or *Daubert* motions: November 7, 2016

9. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters[1]. The parties should not provide any proposed dates for these remaining deadlines.

    i. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    ii. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    iii. Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

    iv. Deadlines to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    v. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    vi. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    vii. Trial date (approximately 27-29 weeks after dispositive motion deadline).

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under Number 7 must be by motion directed to the presiding judge.

10. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case

I. **TRIAL**

1. Has a demand for trial by jury been made? Defendants have demanded a jury trial. Plaintiffs do not believe the parties have a right to a jury trial given that their claims seek only injunctive and declaratory relief.
2. Estimate the number of days that trial will require. 15 days

J. **OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES  [X] NO

1. If the answer is yes, please explain:
2. If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[ ] YES  [X] NO

K. **SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date. The parties began discussing settlement at their Rule 26(f) conference.
2. Do the parties wish to have a settlement conference:

[X] YES  [ ] NO

If your answer is *yes*, at what stage of litigation would a settlement conference be most beneficial?

The parties do not believe that a settlement conference would be beneficial prior to the substantial completion of document production, proposed for February 12, 2016.

**L. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636 (c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals to the Fifth Circuit.

All Parties agree to jurisdiction by a Magistrate Judge of this court

[ ] YES  [X] NO

**If your response was yes to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.**


Report Dated: August 6, 2015        _/s/ Mercedes Montagnes_____

Mercedes Montagnes, LA Bar No. 33287
Elizabeth Compa, LA Bar No. 35004
The Promise of Justice Initiative
636 Baronne Street
New Orleans, LA  70113
Telephone:  (504) 529-5955
Facsimile:  (504) 558-0378
mmontagnes@thejusticecenter.org
bcompa@thejusticecenter.org

8

Jeffrey B. Dubner (*pro hac vice*)
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
jdubner@cohenmilstein.com

Miranda Tait, La. Bar No. 28898
Advocacy Center
600 Jefferson Street, Suite 812
Lafayette, LA  70501
Telephone: (337) 237-7380
Facsimile: (337) 237-0486
mtait@advocacyla.org
rlospennato@advocacyla.org

Candice C. Sirmon, La. Bar No. 30728
ACLU and ACLU Foundation of Louisiana
PO Box 56157, New Orleans, LA 70156
Telephone: (504) 522-0628
csirmon@laaclu.org

*Attorneys for Plaintiffs*

**JAMES D. "BUDDY" CALDWELL, ATTORNEY GENERAL**

**SHOWS, CALI & WALSH, L.L.P.**

*/s James L. Hilburn*
E. Wade Shows, La. Bar Roll No. 7637
James L. Hilburn, L.A.,  La. Bar Roll No. 20221
Jeffrey K. Cody, La. Bar Roll No. 28536
*Special Assistant Attorneys General*
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile:  (225) 346-1467
*wade@scwllp.com*
*jamesh@scwllp.com*
*jeffreyc@scwllp.com*
*Counsel for Defendants*