**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JOSEPH LEWIS, JR., KENTRELL PARKER, FARRELL SAMPIER, REGINALD GEORGE, JOHN TONUBBEE, OTTO BARRERA, CLYDE CARTER, CEDRIC EVANS, EDWARD GIOVANNI,   RICKY D. DAVIS, LIONEL TOLBERT, AND RUFUS WHITE, on behalf of themselves and all others similarly situated | CIVIL ACTION NO. 15-CV-318<br><br>JUDGE: BRIAN A. JACKSON<br><br>MAGISTRATE JUDGE:<br>RICHARD L. BOURGEOIS, JR. |
| **VERSUS** | |
| BURL CAIN, Warden of the Louisiana State Penitentiary, in his official capacity; STEPHANIE LAMARTINIERE, Assistant Warden for Health Services, in her official capacity, JAMES M. LEBLANC, Secretary of the Louisiana Department of Public Safety and Corrections in his official capacity and THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS | |

## SUPPLEMENTAL AND AMENDED ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, come defendants, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS (hereinafter referred to as "DOC"), BURL CAIN, in his official capacity as Warden of the Louisiana State Penitentiary. STEPHANIE LAMARTINIERE, in her official capacity as Assistant Warden of the Louisiana State Penitentiary, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections (hereinafter jointly referred to as "Defendants"), who desire to amend their *Answer and Affirmative Defenses* to the complaint previously filed by plaintiffs (also referred to as "inmates" herein).  The original answer is incorporated by reference as if copied herein *in extenso*.  All allegations are denied unless specifically hereinafter admitted.

## OBJECTION

Plaintiffs' complaint does not contain a short and plain statement of the claim, nor are the allegations simple, concise, and direct nor are they limited to a single set of circumstances.

Defendants rely on the medical judgments of healthcare professionals.  Defendants deny being deliberately indifferent to the inmates' serious medical needs.

Defendants supplement and amend their responses to the following paragraphs in plaintiffs' complaint.

"2.

Defendants admit that plaintiffs are in the custody of the Department of Corrections and were housed at Angola at the time the complaint was filed.  Defendants provide plaintiffs with constitutionally adequate medical care and deny all allegations that any of the plaintiffs have been provided constitutionally inadequate care.  Defendants deny plaintiffs' request for any and all relief sought herein.

7.

Defendants admit that a prior and now expired consent decree once existed and pertained to medical care at Angola.  Defendants deny that the medical care at Angola is constitutionally deficient and that defendants have been deliberately indifferent to plaintiffs' serious medical needs.  Defendants further deny as written plaintiffs' editorialization of the United States Department of Justice's findings from many years ago.

12.

Defendants admit that Burl Cain is the Warden of Angola and has been since 1995.  His duties and functions are set forth by the Louisiana Department of Public Safety and Corrections.  Plaintiffs' allegations regarding Warden Cain's legal obligations/actions call for conclusions of law.

13.

Defendants admit that Stephan Lamartiniere is an Assistant Warden at Angola since approximately 2013.  Her duties and functions are set forth by the Louisiana Department of Public Safety and Corrections.  Plaintiffs' allegations regarding Warden Lamartiniere's legal obligations/actions call for conclusions of law.

14.

Defendants admit that James M. LeBlanc is the Secretary of Louisiana Department of Public Safety and Corrections.  His responsibilities are set forth by state law and by Louisiana Department of Public Safety.  Secretary LeBlanc's legal obligations/actions call for conclusions of law.

15.

Defendants admit that Louisiana Department of Public Safety and Corrections is a division of the state of Louisiana and operate the state correctional facilities, including Angola. Its legal obligations are conclusions of law.

18.

Defendants admit plaintiff Joseph Lewis. Jr., DOC No. 560138 is in his 80's and has been incarcerated at Angola.  Mr. Lewis has experienced various medical conditions.  Mr. Lewis' medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Lewis has received constitutionally inadequate medical care while at Angola.

19.

Defendants admit plaintiff Kentrell Parker, DOC No. 371212, is in his 30's and has been incarcerated at Angola.  Mr. Parker has experienced various medical conditions.  Mr. Parker's medical records reflect his medical conditions and treatments and are the best evidence of same.

Defendants deny that Mr. Parker has received constitutionally inadequate medical care while at Angola.

20.

Defendants admit plaintiff Farrell Sampier, DOC No. 607098, is in his 40's and has been incarcerated at Angola. Mr. Sampier has experienced various medical conditions. Mr. Sampier's medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Sampier has received constitutionally inadequate medical care while at Angola.

21.

Defendants admit plaintiff Reginald George, DOC No. 111518, is in his 50's and has been incarcerated at Angola. Mr. George has experienced various medical conditions. Mr. George's medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. George has received constitutionally inadequate medical care while at Angola.

22.

Defendants admit plaintiff John Tonnubbee, DOC No. 98923, is in his 70's and has been incarcerated at Angola. Mr. Tonnubbee has experienced various medical conditions. Mr. Tonnubbee's medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Tonnubbee has received constitutionally inadequate medical care while at Angola.

23.

Defendants admit plaintiff Otto Barrera, DOC No. 615551, is in his 40's and has been incarcerated at Angola. Mr. Barrera has experienced various medical conditions. Mr. Barrera's

medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Barrera has received constitutionally inadequate medical care while at Angola.

24.

Defendants admit plaintiff Clyde Carter, DOC No. 99041, is in his 50's and has been incarcerated at Angola. Mr. Carter has experienced various medical conditions. Mr. Carter's medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Carter has received constitutionally inadequate medical care while at Angola.

25.

Defendants admit that Cedric Evans, DOC No. 394117, is in his 50's and has been incarcerated at Angola. Mr. Evans has experienced various medical conditions. Mr. Evans' medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Evans has received constitutionally inadequate medical care while at Angola.

26.

Defendants admit that Edward Giovanni, DOC No. 96746, is in his 60's and has been incarcerated at Angola. Mr. Giovanni has experienced various medical conditions. Mr. Giovanni's medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Giovanni has received constitutionally inadequate medical care while at Angola.

27.

Defendants admit that Ricky Davis, DOC No. 554718, is in his 40's and has been incarcerated at Angola.  Mr. Davis has experienced various medical conditions.  Mr. Davis' medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Davis has received constitutionally inadequate medical care while at Angola.

28.

Defendants admit that Lionel Tolbert, DOC No. 91931, is in his 50's and has been incarcerated at Angola.  Mr. Tolbert has experienced various medical conditions.  Mr. Tolbert's medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Tolbert has received constitutionally inadequate medical care while at Angola.

29.

Defendants admit that Rufus White, DOC No. 322954, is in his 40's and has been incarcerated at Angola.  Mr. White has experienced various medical conditions.  Mr. White's medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. White has received constitutionally inadequate medical care while at Angola.

30.

Defendants admit Angola is the largest men's prison in Louisiana.  The inmate population varies.  Angola houses male offenders sentenced to death.  The remaining allegations are denied for lack of sufficient information to justify a reasonable belief therein.

31.

Defendants admit that most offenders at Angola are sentenced to hard labor.  Various jobs include field work by inmates of various ages.

32.

Defendants admit that some inmates are subject to certain work restrictions.

33.

Defendants admit that inmate medical care can be provided at Angola and/or at off-site medical facilities.

34.

Defendants admit that the R.E. Barrow Treatment Center ("TC") opened at Angola around 1994.  The TC houses the Acute Treatment Unit and consists of two wards.

35.

Defendants admit certain medical services are provided on-site and some lab work is performed on-site and some is performed off-site.

36.

Defendants admit that Randy Lavespere, M.D., is the medical director and works with other medical doctors and healthcare professionals.

39.

Defendants admit that a procedure is utilized in order for inmates to request medical care. A "sick call form" is used and inmates are charged $3.00 for a routine sick call and $6.00 for what the inmate describes as an emergency sick call.

40.

Defendants admit that the sick call form does warn prisoners that misuse of the emergency sick call request could result in possible disciplinary action.  Defendants deny any allegations of frequent arbitrary threats that malingering charges may be brought against inmates. Disciplinary charges against inmates are processed through the prison's disciplinary system.

41.

Defendants admit sick call requests can be handled by Emergency Medical Technicians ("EMTs").  The remaining allegations are vague.  Inmate sick call requests are processed according to prison procedures and appropriate medical attention is provided.  Not all sick call requests necessitate that an inmate see a medical doctor.

43.

Defendants admit that prescription medications are distributed to prisoners through a process commonly referred to as "pill call."  Further, the security personnel who dispense medications have received training to do so.  The remaining allegations are denied.

44.

Defendants admit that inmates are not in possession of their prescriptions.  However, Angola has a system to monitor prescriptions and refills, as necessary.  Certain inmates have "keep on person" ("KOP") medications which the inmates can request to be refilled as needed. Any allegation of constitutionally inadequate medical care is denied.

45.

Defendants admit that inmate orderlies provide certain services at the prison.  These orderlies are properly trained for such work.  Any allegation of inadequate medical care is denied.

46.

Defendants deny the allegations as vague.  Angola provides various medical treatments to inmates.  Some inmates can be sent to other health care facilities for medical treatment. Defendants deny the inmates have received constitutionally inadequate medical care.

47.

Defendants are aware that LSU's Health Care System has been restructured in recent years.  It is denied that the LSU Health Care System, as a whole, refused to treat Angola prisoners.

48.

Defendants deny the allegation that the LSU School of Medicine does not have residency rotation at Angola.

49.

Defendants deny that Department of Corrections and/or state of Louisiana has failed to adequately replace the services provided by the residency program or the LSU hospitals. Defendants deny that the inmates' off-site medical care is constitutionally inadequate.

50.

The entire contents of Department of Corrections Health Care Policy No. HC-03(6)(C)(3) are the best evidence of what is contained therein.  Defendants deny that Department of Corrections Policies provides inmates with constitutionally inadequate care.

51.

The entire contents of the article are the best evidence of what the author wrote.

52.

Defendants deny these allegations as vague. Further, defendants deny that inmates receive constitutionally inadequate care.

53.

See response to paragraph 51 of the complaint.

54.

Warden Cain has made various statements regarding the operations of Angola's pharmacy services. Angola pharmacists do not process about 263,000 prescriptions per month. Further, defendants deny that inmates receive constitutionally inadequate care.

56.

Defendants deny that they have acknowledged they have delayed and withheld care to the inmates. Defendants deny the inmates have received constitutionally inadequate care. The emails themselves would be the best evidence of their entire contents and context.

59.

Defendants deny that they "fully control all medical care available to prisoners at Angola." Defendants do have custody of inmates with various disabilities whether these inmates are covered by the ADA or Rehabilitation Act is a conclusion of law. Defendants deny the inmates receive constitutionally inadequate medical care.

65.

Defendants deny that the listed named and unnamed inmates have received constitutionally inadequate care. The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

67.

Defendants deny that the listed named and unnamed inmates have received constitutionally inadequate care. The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

68.

Defendants deny the allegations.

69.

Defendants deny that the inmates were denied constitutionally adequate healthcare or that the prospect of legal action resulted in the provision of care. The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

70.

Defendants deny that the inmates were denied constitutionally adequate healthcare or that the prospect of legal action resulted in the provision of care. The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

72.

Defendants deny that they have withheld hernia surgeries or that such allegation illustrates a refusal to provide constitutionally adequate medical care to prisoners. Defendants rely on the medical judgments of various healthcare professionals.

73.

Defendants deny that they gathered a group of prisoners and made the referenced statements. The pleadings and documents in other litigation would be the best evidence of the contents and context of same. Defendants deny that they provide inmates with constitutionally inadequate medical care.

74.

Defendants deny the allegations in this paragraph of plaintiffs' complaint for lack of sufficient information to justify a reasonable belief therein.  Defendants deny that they provided this inmate with constitutionally inadequate medical care.

75.

Defendants deny that they provided the listed inmates with constitutionally inadequate medical care.  The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

76.

Defendants deny that they provided the listed inmates with constitutionally inadequate medical care.  The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

77.

Defendants deny that requests for follow-up appointments are ignored by Department of Corrections.

78.

Defendants deny that the referenced inmate James Johnson, DOC No. 87338, received constitutionally inadequate medical care. Mr. Johnson's medical records would be the best evidence of the medical complaints, conditions, and treatment of Mr. Johnson.

80.

Defendants deny that the inmates receive constitutionally inadequate medical care with respect to prescription medications, diets, or medical devices.

81.

Defendants deny that the listed named and unnamed inmates have received constitutionally inadequate care.  The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

82.

Defendants admit that the Angola pharmacy uses a formulary of approved medications. Defendants deny that the inmates receive constitutionally inadequate medical care.

83.

Defendants admit that prisoners receive various medications that are appropriate to treat their individual medical conditions based on the decision of medical staff.  Defendants deny that the inmates receive constitutionally inadequate medical care.

84.

Defendants deny that they routinely fail to provide or maintain medically necessary devices in a constitutionally adequate manner.  The medical records of the referenced inmates would be the best evidence of the complaint, conditions, and treatment provided to each.

85.

Defendants deny that they routinely fail to maintain sufficient stock of medical supplies in a constitutionally adequate manner.

90.

Defendants deny the allegations contained in this paragraph for lack of sufficient information upon which to justify a reasonable belief therein.

91.

Defendants deny the allegation that they do not provide constitutionally adequate diets to the listed inmates.

92.

Defendants deny that they failed to monitor medications in a constitutionally adequate manner.

93.

Defendants deny that the staffing at Angola's TC provides constitutionally inadequate medical care.

94.

Defendants admit that inmates are not in possession of their prescriptions.  However, Angola has a system to monitor prescriptions and refills, as necessary.  Certain inmates have "keep on person" ("KOP") medications which the inmates can request to be refilled as needed. Any allegation of constitutionally inadequate medical care is denied.  Defendants deny that inmates with duty status restrictions are often forced to work beyond the scope of same.  Further duty status classifications are made by the medical staff.

95.

Defendants deny they discourage the use of duty status restrictions and punish those seeking such requests.

96.

See answer to #96 above.  Defendants deny that the policy against malingering has any negative impact on inmates' access to medical care.  Defendants deny the claims of the

individual plaintiffs named for lack of sufficient information to justify a reasonable belief therein.

97.

Defendants admit that a procedure is utilized in order for inmates to request medical care. A "sick call form" is used and inmates are charged $3.00 for a routine sick call and $6.00 for what the inmate describes as an emergency sick call. Defendants deny they threaten to or punish inmates from seeking access to medical care. The warning regarding the misuse of sick call requests are designed to curb sick call abuse and wasting the prison's resources. Disciplinary write-ups go through the disciplinary process and provide inmates with due process.

98.

Defendants deny the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein. Defendants deny that inmates are retaliated against for pursuing medical care.

99.

Defendants deny the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

101.

Dr. Raman Singh has made various statements regarding the operations of Angola's pharmacy services. Further, defendants deny that inmates receive constitutionally adequate care.

102.

Defendants admit that Angola has utilized physicians who have had certain license restrictions but these physicians are authorized to practice medicine by Louisiana Board of Medical Examiners. The use of such physicians is not constitutionally inadequate.

104.

Defendants deny that EMTs who respond to sick call requests are not qualified to do so. Defendants deny the vague term "gate keepers" to describe the functions of EMTs. The use of EMTs is not constitutionally inadequate.

105.

Defendants deny that the security staff utilized to dispense medications are unqualified to perform that role. The security staff who dispense medications are trained to do so. The use of security staff is not constitutionally inadequate.

106.

See response to paragraphs 104 and 105. The use of such staff is not constitutionally inadequate.

109.

Defendants deny that the orderlies are constitutionally inadequately trained to perform their tasks. Defendants deny that there is constitutionally inadequate orderly staffing.

110.

See response to paragraph 109.

116.

Defendants deny that the Administrative Remedy Procedure system is constitutionally inadequate in policy or in practice.

118.

Defendants admit that in 1991 the United States Department of Justice sent a letter outlining issues it perceived with the administration of healthcare at Angola. Defendants deny that the medical care system at Angola is constitutionally inadequate.

119.

Defendants admit that a class action lawsuit was filed against Department of Corrections regarding various conditions of confinement.  The Department of Justice did intervene in that litigation.

120.

Defendants admit the Department of Justice provided an executive summary to the district court.

121.

Defendants submit the executive summary is the best evidence of its content and context.

122.

Defendants deny the allegations in this paragraph for lack of sufficient information to justify a reasonable belief therein.  Further, the declaration of Michael Puisis, D.O., is the best evidence of its content and context.

123.

Defendants deny the allegations in this paragraph for lack of sufficient information to justify a reasonable belief therein.  Further, the declaration of Michael Puisis, D.O., is the best evidence of its content and context.

124.

Defendants admit that Warden Cain was the Angola Warden in 1998 and that the consent decree was terminated.

125.

Defendants admit plaintiffs' counsel have made site visits to Angola to meet with inmates. Defendants have received letters or emails from plaintiffs' counsel regarding alleged issues of medical needs of various inmates. Defendants have responded to plaintiffs' counsel's correspondence regarding same. Defendants deny that the reports at issue constituted a constitutionally inadequate medical care or a deliberate indifference to an inmate's serious medical needs.

126.

Defendants admit plaintiffs' counsel sent the December 22, 2014 letter to Warden Cain. Defendants deny that the reports at issue constituted constitutionally inadequate medical care or a deliberate indifference to an inmate's serious medical needs.

127.

Defendants aver that Warden Cain letter of December 22, 2014, is the best evidence of the content and context of same.

128.

Defendants deny that Angola does/has not had an on-site clinic for physical therapy. Further, see response to paragraph 127.

130.

Defendants deny the allegations which are conclusions of law. Further, defendants deny they lack adequate policies and practices regarding prisoners with disabilities.

134.

The TC has three (3) main areas. One is Ward 1, another is Ward 2, and the other is the pharmacy.

135.

Defendants deny the allegations in paragraph 135 as written.  Wards 1 and 2 can both house prisoners with serious medical needs. Several prisoners have been at Wards 1 and 2 for several years. Defendants deny that the conditions on Ward 2 are unhealthy and dangerous and/or unhygienic.  The wards meet the constitutional standards.

136.

Defendants admit that Ash and Cypress are medical dorms.  The staffing and equipping of these dorms meets constitutionally adequate standards.

137.

Defendants deny the allegations in paragraph 137 for lack of sufficient information to justify a reasonable belief therein.

138.

Defendants deny the allegations paragraph 138 for lack of sufficient information to justify a reasonable belief therein.

139.

Defendants deny the allegations in paragraph 139 for lack of sufficient information to justify a reasonable belief therein.

140.

While inmates may be required to lift their locker boxes for inspections, there are not required to do so if they have a restriction from doing so.  Requiring non-restricted inmates to lift their locker boxes is not constitutionally impermissible.

141.

Defendants deny that Angola's principal handicapped transport van is insufficiently equipped and dangerous.  The use of the van is not constitutionally impermissible.

142.

Defendants deny the allegations that a different transport van is not being used so as to not subject it to normal wear and tear.  The use of this van is not constitutionally impermissible.

144.

Defendants deny that the staffing at Ward 2 or the conditions of same are unconstitutionally inadequate.  Staff do assist inmates such as Sampier and Parker and do not leave them lying in excrement for hours.  The assistance provided is not constitutionally inadequate.

150.

Currently, the prison houses approximately 6,200 prisoners.  There are only twelve (12) inmate plaintiffs.  Angola's delivery of healthcare to these inmates is constitutionally adequate and does not amount to deliberate indifference to the inmates; serious medical needs.  Class certification would be improper.

153.

Defendants aver that paragraph 153 states conclusions of law.  Defendants deny that the standards for class certification will be shown.

154.

Defendants have denied the specific allegations that their particular treatments provided to the plaintiff inmates was constitutionally inadequate.

**WHEREFORE**, Defendants, pray that this Honorable Court grant defendants leave to file the attached *Supplemental and Amended Answer* and that this answer be deemed good and sufficient.

*Signature on following page.*
**Respectfully Submitted:**

**JAMES D. "BUDDY" CALDWELL,**
**ATTORNEY GENERAL**

**SHOWS, CALI & WALSH, L.L.P.**

*/s James L. Hilburn*
E. Wade Shows, La. Bar Roll No. 7637
James L. Hilburn, T.A., La. Bar Roll No. 20221
Jeffrey K. Cody, La. Bar Roll No. 28536
*Special Assistant Attorneys General*
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile:  (225) 346-1467
*wade@scwllp.com*
*jamesh@scwllp.com*
*jeffreyc@scwllp.com*
*Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 28, 2015, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to CM/ECF participants by operation of this court's electronic filing system.

*s/ James L. Hilburn*
JAMES L. HILBURN