**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

JOSEPH LEWIS, JR., KENTRELL PARKER,       CIVIL ACTION NO. 15-CV-318
FARRELL SAMPIER, REGINALD GEORGE,
JOHN TONUBBEE, OTTO BARRERA, CLYDE
CARTER, CEDRIC EVANS, EDWARD           JUDGE: BRIAN A. JACKSON
GIOVANNI,    RICKY D. DAVIS, LIONEL
TOLBERT, AND RUFUS WHITE, on behalf of    MAGISTRATE JUDGE:
themselves and all others similarly situated      RICHARD L. BOURGEOIS, JR.

VERSUS

BURL CAIN, Warden of the Louisiana State
Penitentiary, in his official capacity; STEPHANIE
LAMARTINIERE, Assistant Warden for Health
Services, in her official capacity, JAMES M.
LEBLANC, Secretary of the Louisiana
Department of Public Safety and Corrections
in his official capacity and THE LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS

## ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, come defendants, LOUISIANA

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS (hereinafter referred to as

"DOC"), DARREL VANNOY, in his official capacity as Warden of the Louisiana State

Penitentiary; STEPHANIE LAMARTINIERE, in her official capacity as Assistant Warden of

the Louisiana State Penitentiary; JAMES M. LEBLANC, in his official capacity as Secretary of

the Louisiana Department of Public Safety and Corrections; RAMAN SINGH, MD, in his

official capacity as Medical Director for DOC; STACYE FALGOUT, in her official capacity as

the Chief Nursing Officer for DOC; RANDY LAVESPERE, MD, in his official capacity as the

Medical Director for the Louisiana State Penitentiary; SHERWOOD PORET, RN, in his official

capacity as the Director of Nursing for the Louisiana State Penitentiary; and CYNTHIA PARK,

ACNP, in her official capacity as an Acute Care Nurse Practitioner at the Louisiana State

Penitentiary (hereinafter jointly referred to as "Defendants"), who for response to plaintiffs'

complaint deny each and every allegation contained therein except those that may be hereinafter admitted as follows:

Defendants' answers to Plaintiffs' Complaint and Amended Complaint are hereby adopted by reference as if copied *in extenso* pursuant to Fed.R.Civ.P. 10(c).

## OBJECTIONS

Plaintiffs' complaint does not contain a short and plain statement of the claim, nor are the allegations simple, concise, and direct nor are they limited to a single set of circumstances.

Defendants rely on the medical judgments of healthcare professionals. Defendants deny being deliberately indifferent to the inmates' serious medical needs.

## AFFIRMATIVE DEFENSES

Defendants adopt and reassert herein the affirmative defenses set forth in their Answers to Plaintiffs' Complaint and Amended Complaint pursuant to Fed.R.Civ.P. 10(c), expressly reserving the right to assert additional affirmative defenses as further investigation and discovery may warrant.

## ANSWER

1.

The allegations contained in paragraph 1 are denied.

2.

Defendants admit that plaintiffs are in the custody of the Department of Corrections and were housed at Angola at the time the complaint was filed. Defendants provide plaintiffs with constitutionally adequate medical care and deny all allegations that any of the plaintiffs have been provided constitutionally inadequate care. Defendants deny plaintiffs' request for any and all relief sought herein.

3.

The allegations contained in paragraph 3 are denied.

4.

The allegations contained in paragraph 4 are denied.

5.

The allegations contained in paragraph 5 are denied.

6.

The allegations contained in paragraph 6 are denied.

7.

Defendants admit that a prior and now expired consent decree once existed and pertained to medical care at Angola.  Defendants deny that the medical care at Angola is constitutionally deficient and that defendants have been deliberately indifferent to plaintiffs' serious medical needs.  Defendants further deny as written plaintiffs' editorialization of the United States Department of Justice's findings from many years ago.

8.

The allegations contained in paragraph 8 are denied.

9.

The allegations contained in paragraph 9 are denied.

10.

The allegations contained in paragraph 10 are denied.

11.

The allegations contained in paragraph 11 are admitted.

12.

Defendants admit that Darrel Vannoy is the Warden of Angola and has been since 2016. His duties and functions are set forth by the Louisiana Department of Public Safety and Corrections.  Plaintiffs' allegations regarding Warden Vannoy's legal obligations/actions call for conclusions of law.

13.

Defendants admit that Stephan Lamartiniere is an Assistant Warden at Angola since approximately 2013.  Her duties and functions are set forth by the Louisiana Department of Public Safety and Corrections.  Plaintiffs' allegations regarding Warden Lamartiniere's legal obligations/actions call for conclusions of law.

14.

Defendants admit that James M. LeBlanc is the Secretary of Louisiana Department of Public Safety and Corrections.  His responsibilities are set forth by state law and by Louisiana Department of Public Safety. Plaintiffs' allegations regarding Secretary LeBlanc's legal obligations/actions call for conclusions of law.

15.

Defendants admit that Raman Singh, MD is the Medical Director of Louisiana Department of Public Safety and Corrections. His duties and functions are set forth by the Louisiana Department of Public Safety and Corrections. Plaintiffs' allegations regarding Dr. Singh's legal obligations/actions call for conclusions of law.

16.

Defendants admit that Stacye Falgout is the Chief Nursing Officer for Louisiana Department of Public Safety and Corrections.

17.

Defendants admit that Randy Lavespere, MD is the Medical Director of Louisiana State Penitentiary. His duties and functions are set forth by the Louisiana State Penitentiary. Plaintiffs' allegations regarding Dr. Lavespere's legal obligations/actions call for conclusions of law.

18.

Defendants admit that Sherwood Poret, RN, is the Director of Nursing at the Louisiana State Penitentiary. His duties and functions are set forth by the Louisiana Department of Public Safety and Corrections. Plaintiffs' allegations regarding his legal obligations/actions call for conclusions of law.

19.

Defendants admit that Cynthia Park, ACNP, is an Acute Care Nurse Practitioner the Director of Nursing at the Louisiana State Penitentiary. Her duties and functions are set forth by the Louisiana Department of Public Safety and Corrections. Plaintiffs' allegations regarding her legal obligations/actions call for conclusions of law.

20.

Defendants admit that Louisiana Department of Public Safety and Corrections is a division of the state of Louisiana and operate the state correctional facilities, including Angola. Its legal obligations are conclusions of law.

16.[1]

The allegations contained in paragraph 16 are admitted as being substantially correct.

17.

The allegations contained in paragraph 17 are denied.

---

[1] It should be noted that the paragraphs of Plaintiffs' Second Amended Complaint are not numbered in correct chronological order following paragraph 20. Defendants address each paragraph as numbered by Plaintiffs.

18.

The allegations contained in paragraph 18 are denied and denied as written. Defendants admit plaintiff Shannon Hurd, DOC No. 354776, is in his 40's and has been incarcerated at Angola. Mr. Hurd has experienced various medical conditions.  Mr. Hurd's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Hurd has received constitutionally inadequate medical care while at Angola.

19.

The allegations contained in paragraph 19 are denied and denied as written. Mr. Hurd has experienced various medical conditions.  Mr. Hurd's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Hurd has received constitutionally inadequate medical care while at Angola.

20.

The allegations contained in paragraph 20 are denied and denied as written. Mr. Hurd has experienced various medical conditions.  Mr. Hurd's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Hurd has received constitutionally inadequate medical care while at Angola.

21.

The allegations contained in paragraph 21 are denied and denied as written. Mr. Hurd has experienced various medical conditions.  Mr. Hurd's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Hurd has received constitutionally inadequate medical care while at Angola.

22.

The allegations contained in paragraph 22 are denied and denied as written. Defendants admit plaintiff Alton Adams, DOC No. 284186, is in his 50's and has been incarcerated at Angola. Mr. Adams has experienced various medical conditions.  Mr. Adam's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Adams has received constitutionally inadequate medical care while at Angola.

23.

The allegations contained in paragraph 23 are denied and denied as written. Mr. Adams has experienced various medical conditions.  Mr. Adam's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Adams has received constitutionally inadequate medical care while at Angola.

24.

The allegations contained in paragraph 24 are denied and denied as written. Mr. Adams has experienced various medical conditions.  Mr. Adam's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Adams has received constitutionally inadequate medical care while at Angola.

25.

The allegations contained in paragraph 25 are denied and denied as written. Mr. Adams has experienced various medical conditions.  Mr. Adam's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Adams has received constitutionally inadequate medical care while at Angola.

26.

The allegations contained in paragraph 26 are denied and denied as written. Mr. Adams has experienced various medical conditions.  Mr. Adam's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Adams has received constitutionally inadequate medical care while at Angola.

27.

The allegations contained in paragraph 27 are admitted.

28.

The allegations contained in paragraph 28 are denied and denied as written. Defendants admit plaintiff Ian Cazene, DOC No. 255461, is in his 50's and has been incarcerated at Angola. Mr. Cazene has experienced various medical conditions.  Mr. Cazene's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Cazene has received constitutionally inadequate medical care while at Angola.

29.

The allegations contained in paragraph 29 are denied and denied as written. Mr. Cazene has experienced various medical conditions.  Mr. Cazene's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Cazene has received constitutionally inadequate medical care while at Angola.

30.

The allegations contained in paragraph 30 are denied and denied as written. Mr. Cazene has experienced various medical conditions.  Mr. Cazene's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Cazene has received constitutionally inadequate medical care while at Angola.

31.

The allegations contained in paragraph 31 are denied except to the extent that LSP's records may show that Mr. Cazene has been housed at Ash 2 since 1999.

32.

The allegations contained in paragraph 32 are denied and denied as written. Defendants admit plaintiff Kentrell Parker, DOC No. 371212, is in his 30's and has been incarcerated at Angola.  Mr. Parker has experienced various medical conditions.  Mr. Parker's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Parker has received constitutionally inadequate medical care while at Angola.

33.

The allegations contained in paragraph 33 are denied and denied as written. Mr. Parker has experienced various medical conditions.  Mr. Parker's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Parker has received constitutionally inadequate medical care while at Angola.

34.

The allegations contained in paragraph 34 are denied and denied as written. Mr. Parker has experienced various medical conditions.  Mr. Parker's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Parker has received constitutionally inadequate medical care while at Angola.

35.

The allegations contained in paragraph 35 are denied and denied as written. Defendants admit plaintiff Farrell Sampier, DOC No. 607098, is in his 40's and has been incarcerated at Angola.  Mr. Sampier has experienced various medical conditions.  Mr. Sampier's medical

records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Sampier has received constitutionally inadequate medical care while at Angola. Defendants deny that DOC has been negligent with respect to Mr. Sampier or that said alleged negligence is at issue in this litigation.

36.

The allegations contained in paragraph 36 are denied and denied as written. Mr. Sampier has experienced various medical conditions.  Mr. Sampier's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Sampier has received constitutionally inadequate medical care while at Angola.

37.

The allegations contained in paragraph 37 are denied and denied as written. Mr. Sampier has experienced various medical conditions.  Mr. Sampier's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Sampier has received constitutionally inadequate medical care while at Angola.

38.

The allegations contained in paragraph 38 are denied and denied as written. Defendants admit plaintiff Reginald George, DOC No. 111518, is in his 50's and has been incarcerated at Angola. Mr. George has experienced various medical conditions.  Mr. George's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. George has received constitutionally inadequate medical care while at Angola.

39.

The allegations contained in paragraph 39 are denied and denied as written. Defendants admit plaintiff John Tonnubbee, DOC No. 98923, is in his 70's and has been incarcerated at

Angola.  Mr. Tonnubbee has experienced various medical conditions.  Mr. Tonnubbee's medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Tonnubbee has received constitutionally inadequate medical care while at Angola.

40.

The allegations contained in paragraph 40 are denied and denied as written. Mr. Tonnubbee has experienced various medical conditions.  Mr. Tonnubbee's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Tonnubbee has received constitutionally inadequate medical care while at Angola.

41.

The allegations contained in paragraph 41 are denied and denied as written. Defendants admit plaintiff Otto Barrera, DOC No. 615551, is in his 40's and has been incarcerated at Angola.  Mr. Barrera has experienced various medical conditions.  Mr. Barrera's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Barrera has received constitutionally inadequate medical care while at Angola.

42.

The allegations contained in paragraph 42 are denied and denied as written. Defendants admit plaintiff Clyde Carter, DOC No. 99041, is in his 50's and has been incarcerated at Angola. Mr. Carter has experienced various medical conditions.  Mr. Carter's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Carter has received constitutionally inadequate medical care while at Angola.

43.

The allegations contained in paragraph 43 are denied and denied as written. Mr. Carter has experienced various medical conditions.  Mr. Carter's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Carter has received constitutionally inadequate medical care while at Angola.

44.

The allegations contained in paragraph 44 are denied and denied as written. Mr. Carter has experienced various medical conditions.  Mr. Carter's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Carter has received constitutionally inadequate medical care while at Angola.

45.

The allegations contained in paragraph 45 are denied and denied as written. Defendants admit that Edward Giovanni, DOC No. 96746, is in his 60's and has been incarcerated at Angola. Mr. Giovanni has experienced various medical conditions.  Mr. Giovanni's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Giovanni has received constitutionally inadequate medical care while at Angola.

46.

The allegations contained in paragraph 46 are denied and denied as written. Mr. Giovanni has experienced various medical conditions.  Mr. Giovanni's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Giovanni has received constitutionally inadequate medical care while at Angola. Further, Mr. Giovanni's claims are res judicata.

47.

The allegations contained in paragraph 47 are denied and denied as written. Defendants admit that Ricky Davis, DOC No. 554718, is in his 40's and has been incarcerated at Angola. Mr. Davis has experienced various medical conditions.  Mr. Davis' medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Davis has received constitutionally inadequate medical care while at Angola.

48.

The allegations contained in paragraph 48 are denied and denied as written. Defendants admit that Lionel Tolbert, DOC No. 91931, is in his 50's and has been incarcerated at Angola. Mr. Tolbert has experienced various medical conditions.  Mr. Tolbert's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Tolbert has received constitutionally inadequate medical care while at Angola.

49.

The allegations contained in paragraph 49 are denied and denied as written. Defendants admit that Rufus White, DOC No. 322954, is in his 40's and has been incarcerated at Angola. Mr. White has experienced various medical conditions.  Mr. White's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. White has received constitutionally inadequate medical care while at Angola.

50.

The allegations contained in paragraph 50 are denied and denied as written. Mr. White's medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. White has received constitutionally inadequate medical care while at Angola.

51.

The allegations contained in paragraph 51 are denied and denied as written. Mr. White's medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. White has received constitutionally inadequate medical care while at Angola.

52.

The allegations contained in paragraph 52 are denied and denied as written. Mr. White's medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. White has received constitutionally inadequate medical care while at Angola.

53.

The allegations contained in paragraph 53 are denied and denied as written. Defendants admit that Edward Washington, DOC No. 121750, is in his 50's and has been incarcerated at Angola.   Mr. Washington has experienced various medical conditions.   Mr. Washington's medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Washington has received constitutionally inadequate medical care while at Angola.

54.

The allegations contained in paragraph 54 are denied and denied as written. Mr. Washington's medical records reflect his medical conditions and treatments and are the best evidence of same.   Defendants deny that Mr. Washington has received constitutionally inadequate medical care while at Angola.

55.

The allegations contained in paragraph 55 are denied and denied as written. Defendants admit that Alton Batiste, DOC No. 73586, is in his 70's and has been incarcerated at Angola. Mr. Batiste has experienced various medical conditions.  Mr. Batiste's medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Batiste has received constitutionally inadequate medical care while at Angola.

56.

The allegations contained in paragraph 56 are denied and denied as written. Defendants admit that Joseph Lewis, DOC No. 560138, had been incarcerated at Angola and was previously named as a plaintiff in this lawsuit seeking declaratory and injunctive relief but died on or about November 10, 2015. Mr. Lewis had experienced various medical conditions.  Mr. Lewis' medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Lewis received constitutionally inadequate medical care while at Angola. Furthermore, according to the coroner's report, no cancerous tissue was observed at the time of Mr. Lewis' autopsy following his death. Mr. Lewis is not an appropriate representative for the proposed class in this lawsuit seeking declaratory and injunctive relief.

57.

The allegations contained in paragraph 57 are denied and denied as written. Defendants admit that Lionel Parks, DOC No. 67187, died on or about May 3, 2016, while in his 70s and had been incarcerated at Angola.  Mr. Parks had experienced various medical conditions.  Mr. Parks' medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Parks received constitutionally inadequate medical care while at Angola. Furthermore, Defendants deny that Mr. Parks had ever intended to enroll as a plaintiff in

this matter, nor is he an appropriate representative for the proposed class in this lawsuit seeking declaratory and injunctive relief. In any event, he cannot be considered a "former plaintiff" for purposes of this lawsuit.

58.

The allegations contained in paragraph 58 are denied and denied as written. Mr. Parks had experienced various medical conditions.  Mr. Parks' medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Parks received constitutionally inadequate medical care while at Angola.

59.

The allegations contained in paragraph 59 are denied and denied as written. Mr. Parks had experienced various medical conditions.  Mr. Parks' medical records reflect his medical conditions and treatments and are the best evidence of same. Defendants deny that Mr. Parks received constitutionally inadequate medical care while at Angola.

60.

The allegations contained in paragraph 60 are denied and denied as written. Defendants admit that Cedric Evans, DOC No. 394117, was previously named as a plaintiff in this lawsuit seeking declaratory and injunctive relief but was released on parole on January 22, 2016. Mr. Evans had experienced various medical conditions.  Mr. Evans' medical records reflect his medical conditions and treatments and are the best evidence of same.  Defendants deny that Mr. Evans received constitutionally inadequate medical care while at Angola. Furthermore, in light of Mr. Evans' release on parole, he is not an appropriate representative for the proposed class in this lawsuit seeking declaratory and injunctive relief.

61.

The allegations contained in paragraph 61 are denied and denied as written. Defendants admit Angola is the largest men's prison in Louisiana.  The inmate population varies.  Angola houses male offenders sentenced to death.  The remaining allegations are denied for lack of sufficient information to justify a reasonable belief therein.

62.

The allegations contained in paragraph 62 are denied and denied as written. Defendants admit that most offenders at Angola are sentenced to hard labor.  Various jobs include field work by inmates of various ages.

63.

The allegations contained in paragraph 63 are denied and denied as written. Defendants admit that some inmates are subject to certain work restrictions.

64.

The allegations contained in paragraph 64 are denied and denied as written. Defendants admit that inmate medical care can be provided at Angola and/or at off-site medical facilities.

65.

The allegations contained in paragraph 65 are denied and denied as written. Defendants admit that the R.E. Barrow Treatment Center ("TC") opened at Angola around 1994.  The TC houses the Acute Treatment Unit and consists of two wards.

66.

The allegations contained in paragraph 66 are denied and denied as written. Defendants admit certain medical services are provided on-site and some lab work is performed on-site and some is performed off-site.

67.

The allegations contained in paragraph 67 are denied and denied as written. Defendants admit that Randy Lavespere, M.D., is the medical director and works with other medical doctors and healthcare professionals.

68.

The allegations contained in paragraph 68 are denied and denied as written.

69.

The allegations contained in paragraph 69 are denied.

70.

The allegations contained in paragraph 70 are denied and denied as written. Defendants admit that a procedure is utilized in order for inmates to request medical care.  A "sick call form" is used and inmates are charged $3.00 for a routine sick call and $6.00 for what the inmate describes as an emergency sick call.

71.

The allegations contained in paragraph 71 are denied and denied as written. Defendants admit that the sick call form does warn prisoners that misuse of the emergency sick call request could result in possible disciplinary action.  Defendants deny any allegations of frequent arbitrary threats that malingering charges may be brought against inmates.  Disciplinary charges against inmates are processed through the prison's disciplinary system.

72.

The allegations contained in paragraph 72 are denied and denied as written. Defendants admit sick call requests can be handled by Emergency Medical Technicians ("EMTs").  The

remaining allegations are vague.   Inmate sick call requests are processed according to prison procedures and appropriate medical attention is provided.   Not all sick call requests necessitate that an inmate see a medical doctor.

73.

The allegations contained in paragraph 73 are denied and denied as written.

74.

The allegations contained in paragraph 74 are denied and denied as written. Defendants admit that prescription medications are distributed to prisoners through a process commonly referred to as "pill call."  Further, the security personnel who dispense medications have received training to do so.  The remaining allegations are denied.

75.

The allegations contained in paragraph 75 are denied and denied as written. Defendants admit that inmates are not in possession of their prescriptions.  However, Angola has a system to monitor prescriptions and refills, as necessary.  Certain inmates have "keep on person" ("KOP") medications which the inmates can request to be refilled as needed.   Any allegation of constitutionally inadequate medical care is denied.

76.

The allegations contained in paragraph 76 are denied and denied as written. Defendants admit that inmate orderlies provide certain services at the prison.  These orderlies are properly trained for such work.  Any allegation of inadequate medical care is denied.

77.

The allegations contained in paragraph 77 are denied and denied as written. Defendants deny the allegations as vague.  Angola provides various medical treatments to inmates.  Some

inmates can be sent to other health care facilities for medical treatment. Defendants deny the inmates have received constitutionally inadequate medical care.

78.

The allegations contained in paragraph 78 are denied and denied as written. Defendants are aware that LSU's Health Care System has been restructured in recent years. It is denied that the LSU Health Care System, as a whole, refused to treat Angola prisoners.

79.

The allegations contained in paragraph 79 are denied and denied as written. Defendants deny the allegation that the LSU School of Medicine does not have residency rotation at Angola.

80.

The allegations contained in paragraph 80 are denied and denied as written. Defendants deny that Department of Corrections and/or state of Louisiana has failed to adequately replace the services provided by the residency program or the LSU hospitals. Defendants deny that the inmates' off-site medical care is constitutionally inadequate.

81.

The allegations contained in paragraph 81 are denied and denied as written. The entire contents of Department of Corrections Health Care Policy No. HC-03(6)(C)(3) are the best evidence of what is contained therein. Defendants deny that Department of Corrections Policies provides inmates with constitutionally inadequate care.

82.

The allegations contained in paragraph 82 are denied and denied as written. The entire contents of the articles referenced are the best evidence of what the authors wrote. Also, the entire contents of the Bureau of Justice Statistics are the best evidence thereof.

the best evidence

83.

The allegations contained in paragraph 83 are denied and denied as written. The entire contents of the article are the best evidence of what the author wrote.

84.

The allegations contained in paragraph 84 are denied and denied as written. The entire contents of the article are the best evidence of what the author wrote.

85.

The allegations contained in paragraph 85 are denied and denied as written. The entire contents of the article are the best evidence of what the author wrote.

86.

The allegations contained in paragraph 86 are denied and denied as written. The entire contents of the article are the best evidence of what the author wrote.

87.

Defendants deny these allegations as vague.  Further, defendants deny that inmates receive constitutionally inadequate care.

88.

See response to paragraph 86 of the complaint.

89.

The allegations contained in paragraph 89 are denied and denied as written. Warden Cain has made various statements regarding the operations of Angola's pharmacy services.  Angola pharmacists do not process about 263,000 prescriptions per month.  Further, defendants deny that inmates receive constitutionally inadequate care.

90.

The allegations contained in paragraph 90 are denied and denied as written.

91.

The allegations contained in paragraph 91 are denied and denied as written. Defendants deny that they have acknowledged they have delayed and withheld care to the inmates. Defendants deny the inmates have received constitutionally inadequate care.   The emails themselves would be the best evidence of their entire contents and context.

92.

The allegations contained in paragraph 92 are denied and denied as written. Defendants admit that some wheelchair-bound inmates have been transferred to EHCC. Defendants deny the remaining allegations of paragraph 92.

93.

The allegations contained in paragraph 93 are denied.

94.

The allegations contained in paragraph 94 are denied.

95.

The allegations contained in paragraph 95 are denied and denied as written. Defendants deny that they "fully control all medical care available to prisoners at Angola."  Defendants do have custody of inmates with various disabilities whether these inmates are covered by the ADA or Rehabilitation Act is a conclusion of law. Defendants deny the inmates receive constitutionally inadequate medical care.

96.

The allegations contained in paragraph 96 are denied.

97.

The allegations contained in paragraph 97 are denied.

98.

The allegations contained in paragraph 98 are denied.

99.

The allegations contained in paragraph 99 are denied.

100.

The allegations contained in paragraph 100 are denied.

101.

The allegations contained in paragraph 101 are denied and denied as written. Defendants deny that the listed named and unnamed inmates have received constitutionally inadequate care. The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

102.

The allegations contained in paragraph 102 are denied.

103.

The allegations contained in paragraph 103 are denied and denied as written. Defendants deny that the listed named and unnamed inmates have received constitutionally inadequate care. The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

104.

The allegations of paragraph 104 are denied.

105.

The allegations contained in paragraph 105 are denied and denied as written. Defendants deny that the inmates were denied constitutionally adequate healthcare or that the prospect of legal action resulted in the provision of care.  The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

106.

The allegations contained in paragraph 106 are denied and denied as written. Defendants deny that the inmates were denied constitutionally adequate healthcare or that the prospect of legal action resulted in the provision of care.  The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

107.

The allegations of paragraph 107 are denied.

108.

The allegations contained in paragraph 108 are denied and denied as written. Defendants deny that they have withheld hernia surgeries or that such allegation illustrates a refusal to provide constitutionally adequate medical care to prisoners.  Defendants rely on the medical judgments of various healthcare professionals.

109.

The allegations contained in paragraph 109 are denied and denied as written. Defendants deny that they gathered a group of prisoners and made the referenced statements.  The pleadings and documents in other litigation would be the best evidence of the contents and context of same. Defendants deny that they provide inmates with constitutionally inadequate medical care.

110.

The allegations contained in paragraph 110 are denied and denied as written. Defendants deny the allegations in this paragraph of plaintiffs' complaint for lack of sufficient information to justify a reasonable belief therein.  Defendants deny that they provided this inmate with constitutionally inadequate medical care.

111.

The allegations contained in paragraph 111 are denied and denied as written. Defendants deny that they provided the listed inmates with constitutionally inadequate medical care.  The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

112.

The allegations contained in paragraph 112 are denied and denied as written. Defendants deny that they provided the listed inmates with constitutionally inadequate medical care.  The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

113.

The allegations contained in paragraph 113 are denied and denied as written. Defendants deny that requests for follow-up appointments are ignored by Department of Corrections.

114.

The allegations contained in paragraph 114 are denied and denied as written. Defendants deny that the referenced inmate James Johnson, DOC No. 87338, received constitutionally inadequate medical care. Mr. Johnson's medical records would be the best evidence of the medical complaints, conditions, and treatment of Mr. Johnson.

115.

The allegations of paragraph 115 are denied.

116.

The allegations of paragraph 116 are denied.

117.

The allegations contained in paragraph 117 are denied and denied as written. Defendants deny that the inmates receive constitutionally inadequate medical care with respect to prescription medications, diets, or medical devices.

118.

The allegations contained in paragraph 118 are denied and denied as written. Defendants deny that the listed named and unnamed inmates have received constitutionally inadequate care. The medical records of each listed inmate are the best evidence of the medical complaints, conditions, and treatment of each.

119.

The allegations contained in paragraph 119 are denied and denied as written. Defendants admit that the Angola pharmacy uses a formulary of approved medications.  Defendants deny that the inmates receive constitutionally inadequate medical care.

120.

The allegations contained in paragraph 120 are denied and denied as written. Defendants admit that prisoners receive various medications that are appropriate to treat their individual medical conditions based on the decision of medical staff.  Defendants deny that the inmates receive constitutionally inadequate medical care.

121.

The allegations contained in paragraph 121 are denied and denied as written. Defendants deny that they routinely fail to provide or maintain medically necessary devices in a constitutionally adequate manner.  The medical records of the referenced inmates would be the best evidence of the complaint, conditions, and treatment provided to each.

122.

The allegations contained in paragraph 122 are denied and denied as written. Defendants deny that they routinely fail to maintain sufficient stock of medical supplies in a constitutionally adequate manner.

123.

The allegations of paragraph 123 are denied.

124.

The allegations of paragraph 124 are denied.

125.

The allegations of paragraph 125 are denied.

126.

The allegations of paragraph 126 are denied.

127.

The allegations contained in paragraph 127 are denied and denied as written. Defendants deny the allegations contained in this paragraph for lack of sufficient information upon which to justify a reasonable belief therein.

128.

The allegations contained in paragraph 128 are denied and denied as written. Defendants deny the allegation that they do not provide constitutionally adequate diets to the listed inmates.

129.

The allegations contained in paragraph 129 are denied and denied as written. Defendants deny that they failed to monitor medications in a constitutionally adequate manner.

130.

The allegations contained in paragraph 130 are denied and denied as written. Defendants deny that the staffing at Angola's TC provides constitutionally inadequate medical care.

131.

The allegations contained in paragraph 131 are denied and denied as written. Defendants admit that inmates are not in possession of their prescriptions.  However, Angola has a system to monitor prescriptions and refills, as necessary.  Certain inmates have "keep on person" ("KOP") medications which the inmates can request to be refilled as needed.  Any allegation of constitutionally inadequate medical care is denied.  Defendants deny that inmates with duty status restrictions are often forced to work beyond the scope of same.  Further duty status classifications are made by the medical staff.

132.

The allegations contained in paragraph 132 are denied and denied as written. Defendants deny that they discourage the use of duty status restrictions and punish those seeking such requests.

133.

The allegations contained in paragraph 133 are denied and denied as written. Defendants deny that the policy against malingering has any negative impact on inmates' access to medical care.  Defendants deny the claims of the individual plaintiffs named for lack of sufficient information to justify a reasonable belief therein.

134.

The allegations contained in paragraph 134 are denied and denied as written. Defendants admit that a procedure is utilized in order for inmates to request medical care.  A "sick call form" is used and inmates are charged $3.00 for a routine sick call and $6.00 for what the inmate describes as an emergency sick call.  Defendants deny they threaten to or punish inmates from seeking access to medical care.  The warning regarding the misuse of sick call requests are designed to curb sick call abuse and wasting the prison's resources.  Disciplinary write-ups go through the disciplinary process and provide inmates with due process.

135.

The allegations contained in paragraph 135 are denied and denied as written. Defendants deny the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.  Defendants deny that inmates are retaliated against for pursuing medical care.

136.

The allegations contained in paragraph 136 are denied and denied as written. Defendants deny the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

137.

The allegations contained in paragraph 137 are denied and denied as written. Defendants deny the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

138.

The allegations of paragraph 138 are denied.

139.

The allegations contained in paragraph 139 are denied and denied as written. Dr. Raman Singh has made various statements regarding the operations of Angola's pharmacy services. Further, defendants deny that inmates receive constitutionally adequate care.

140.

The allegations contained in paragraph 140 are denied and denied as written. Defendants admit that Angola has utilized physicians who have had certain license restrictions but these physicians are authorized to practice medicine by Louisiana Board of Medical Examiners.  The use of such physicians is not constitutionally inadequate.

141.

The allegations of paragraph 141 are denied.

142.

The allegations contained in paragraph 142 are denied and denied as written. Defendants deny that EMTs who respond to sick call requests are not qualified to do so.  Defendants deny the vague term "gate keepers" to describe the functions of EMTs. The use of EMTs is not constitutionally inadequate.

143.

The allegations contained in paragraph 143 are denied and denied as written. Defendants deny that the security staff utilized to dispense medications are unqualified to perform that role. The security staff who dispense medications are trained to do so.  The use of security staff is not constitutionally inadequate.

144.

The allegations contained in paragraph 144 are denied and denied as written. Defendants deny the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

145.

The allegations contained in paragraph 145 are denied and denied as written. See response to paragraphs 142 and 143.  The use of such staff is not constitutionally inadequate.

146.

The allegations of paragraph 146 are denied.

147.

The allegations of paragraph 147 are denied.

148.

The allegations contained in paragraph 148 are denied and denied as written. Defendants deny that the orderlies are constitutionally inadequately trained to perform their tasks. Defendants deny that there is constitutionally inadequate orderly staffing.

149.

See response to paragraph 148.

150.

The allegations of paragraph 150 are denied.

151.

The allegations of paragraph 151 are denied.

152.

The allegations of paragraph 152 are denied.

153.

The allegations of paragraph 153 are denied.

154.

The allegations of paragraph 154 are denied.

155.

The allegations contained in paragraph 155 are denied and denied as written. Defendants deny that the Administrative Remedy Procedure system is constitutionally inadequate in policy or in practice.

156.

The allegations of paragraph 156 are denied.

157.

The allegations contained in paragraph 157 are denied and denied as written. Defendants admit that in 1991 the United States Department of Justice sent a letter outlining issues it perceived with the administration of healthcare at Angola. Defendants deny that the medical care system at Angola is constitutionally inadequate.

158.

The allegations contained in paragraph 158 are denied and denied as written. Defendants admit that a class action lawsuit was filed against Department of Corrections regarding various conditions of confinement.  The Department of Justice did intervene in that litigation.

159.

The allegations contained in paragraph 159 are denied and denied as written. Defendants admit the Department of Justice provided an executive summary to the district court.

160.

The allegations contained in paragraph 160 are denied and denied as written. Defendants submit the executive summary is the best evidence of its content and context.

161.

The allegations contained in paragraph 161 are denied and denied as written. Defendants deny the allegations in this paragraph for lack of sufficient information to justify a reasonable belief therein.  Further, the declaration of Michael Puisis, D.O., is the best evidence of its content and context.

162.

The allegations contained in paragraph 162 are denied and denied as written. Defendants deny the allegations in this paragraph for lack of sufficient information to justify a reasonable belief therein.  Further, the declaration of Michael Puisis, D.O., is the best evidence of its content and context.

163.

The allegations contained in paragraph 163 are denied and denied as written. Defendants admit that Warden Cain was the Angola Warden in 1998 and that the consent decree was terminated.

164.

The allegations contained in paragraph 164 are denied and denied as written. Defendants admit plaintiffs' counsel have made site visits to Angola to meet with inmates.  Defendants have received letters or emails from plaintiffs' counsel regarding alleged issues of medical needs of various inmates.  Defendants have responded to plaintiffs' counsel's correspondence regarding same.  Defendants deny that the reports at issue constituted a constitutionally inadequate medical care or a deliberate indifference to an inmate's serious medical needs.

165.

The allegations contained in paragraph 165 are denied and denied as written. Defendants admit plaintiffs' counsel sent the December 22, 2014 letter to Warden Cain. Defendants deny that the reports at issue constituted constitutionally inadequate medical care or a deliberate indifference to an inmate's serious medical needs.

166.

The allegations contained in paragraph 166 are denied and denied as written. Defendants aver that Warden Cain letter of December 22, 2014, is the best evidence of the content and context of same.

167.

The allegations contained in paragraph 167 are denied and denied as written. Defendants deny that Angola does/has not had an on-site clinic for physical therapy.  Further, see response to paragraph 166.

168.

The allegations of paragraph 168 are denied.

169.

The allegations contained in paragraph 169 are denied and denied as written. Defendants deny the allegations which are conclusions of law.  Further, defendants deny they lack adequate policies and practices regarding prisoners with disabilities.

170.

The allegations of paragraph 170 are denied.

171.

The allegations of paragraph 171 are denied.

172.

The allegations of paragraph 172 are denied.

173.

The allegations contained in paragraph 173 are denied and denied as written. The TC has three (3) main areas.  One is Ward 1, another is Ward 2, and the other is the pharmacy.

174.

The allegations contained in paragraph 174 are denied and denied as written. Wards 1 and 2 can both house prisoners with serious medical needs. Several prisoners have been at Wards

1 and 2 for several years. Defendants deny that the conditions on Ward 2 are unhealthy and dangerous and/or unhygienic.  The wards meet the constitutional standards.

175.

The allegations contained in paragraph 175 are denied and denied as written. Defendants admit that Ash and Cypress are medical dorms.  The staffing and equipping of these dorms meets constitutionally adequate standards.

176.

Defendants deny the allegations in paragraph 176 for lack of sufficient information to justify a reasonable belief therein.

177.

Defendants deny the allegations paragraph 177 for lack of sufficient information to justify a reasonable belief therein.

178.

Defendants deny the allegations in paragraph 178 for lack of sufficient information to justify a reasonable belief therein.

179.

The allegations contained in paragraph 179 are denied and denied as written. While inmates may be required to lift their locker boxes for inspections, there are not required to do so if they have a restriction from doing so.  Requiring non-restricted inmates to lift their locker boxes is not constitutionally impermissible.

180.

The allegations contained in paragraph 180 are denied and denied as written. Defendants deny that Angola's principal handicapped transport van is insufficiently equipped and dangerous. The use of the van is not constitutionally impermissible.

181.

The allegations contained in paragraph 181 are denied and denied as written. Defendants deny the allegations that a different transport van is not being used so as to not subject it to normal wear and tear.  The use of this van is not constitutionally impermissible.

182.

The allegations of paragraph 182 are denied.

183.

The allegations contained in paragraph 183 are denied and denied as written. Defendants deny that the staffing at Ward 2 or the conditions of same are unconstitutionally inadequate. Staff do assist inmates such as Sampier and Parker and do not leave them lying in excrement for hours.  The assistance provided is not constitutionally inadequate.

184.

The allegations of paragraph 184 are denied.

185.

The allegations of paragraph 185 are denied.

186.

The allegations of paragraph 186 are denied.

187.

The allegations of paragraph 187 are denied.

188.

The allegations of paragraph 188 are denied.

189.

The allegations contained in paragraph 189 are denied and denied as written. Defendants admit that some inmates have been transferred to EHCC.

190.

The allegations contained in paragraph 190 are denied and denied as written. Currently, the prison houses approximately 6,200 prisoners.  There are only twelve (12) inmate plaintiffs. Angola's delivery of healthcare to these inmates is constitutionally adequate and does not amount to deliberate indifference to the inmates; serious medical needs.  Class certification would be improper.

191.

The allegations of paragraph 191 are denied.

192.

The allegations of paragraph 192 are denied.

193.

The allegations contained in paragraph 193 are denied and denied as written. Defendants aver that paragraph 193 states conclusions of law.  Defendants deny that the standards for class certification will be shown.

194.

The allegations contained in paragraph 194 are denied and denied as written. Defendants have denied the specific allegations that their particular treatments provided to the plaintiff inmates were constitutionally inadequate.

195.

The allegations of paragraph 195 are denied.

196.

The allegations of paragraph 196 are denied.

197.

The allegations of paragraph 197 are denied.

198.

The allegations of paragraph 198 are denied.

199.

The allegations of paragraph 199 are denied.

200.

The allegations of paragraph 200 are denied.

201.

The allegations of paragraph 201 are denied.

202.

The allegations of paragraph 202 are denied.

203.

The allegations of paragraph 203 are denied and denied as written.

204.

The allegations of paragraph 204 are denied.

205.

The allegations of paragraph 205 are denied.

206.

The allegations of paragraph 206 are denied.

207.

The allegations of paragraph 207 are denied.

208.

The allegations of paragraph 208 are denied.

209.

The allegations of paragraph 209 are denied and denied as written.

210.

The allegations of paragraph 210 are denied.

211.

The allegations of paragraph 211 are denied and denied as written.

212.

The allegations of paragraph 212 are admitted as being substantially correct but are denied as written.

213.

The allegations of paragraph 213 call for a conclusion of law and to the extent an answer may be necessary, same are further denied as written.

214.

The allegations of paragraph 214 are denied.

215.

The allegations of paragraph 215 are denied.

216.

The allegations of paragraph 216 call for a conclusion of law and to the extent an answer may be necessary, same are further denied as written.

217.

The allegations of paragraph 217 are denied.

218.

The allegations of paragraph 218 are denied.

219.

The allegations of paragraph 219 are denied.

220.

The allegations of paragraph 220 are denied.

221.

The allegations of paragraph 221 are denied.

222.

The allegations of paragraph 222 are denied.

223.

The allegations of paragraph 223 are denied.

**WHEREFORE** Defendants, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, DARREL VANNOY, in his official capacity as Warden of the Louisiana State Penitentiary. STEPHANIE LAMARTINIERE, in her official capacity as Assistant Warden of the Louisiana State Penitentiary, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; RAMAN SINGH, MD, in his official capacity as Medical Director for DOC; STACYE FALGOUT, in her official capacity as the Chief Nursing Officer for DOC; RANDY LAVESPERE, MD, in his official capacity as the Medical Director for the Louisiana State Penitentiary; SHERWOOD PORET, RN, in his official capacity as the Director of Nursing for the Louisiana State Penitentiary; and CYNTHIA PARK, ACNP, in her official capacity as an Acute Care Nurse Practitioner at the Louisiana State Penitentiary, pray that this answer be deemed good and sufficient, and, after due proceedings had, there be judgment in favor of defendants herein, dismissing plaintiffs' complaint with prejudice, at plaintiffs' costs.

**Respectfully Submitted:**

**JEFF LANDRY,**
**ATTORNEY GENERAL**

**SHOWS, CALI & WALSH, L.L.P.**

**/s/ Jeffrey K. Cody**_____
E. Wade Shows, La. Bar Roll No. 7637
James L. Hilburn, T.A.,  La. Bar Roll No. 20221
Jeffrey K. Cody, La. Bar Roll No. 28536
Grant J. Guillot, La. Bar Roll No. 32484
*Special Assistant Attorneys General*
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile:  (225) 346-1467
*wade@scwllp.com*
*jamesh@scwllp.com*
*jeffreyc@scwllp.com*

*grantg@scwllp.com*

   __/s/ Colin Clark_____
Colin Clark (La. Bar Roll No. 33775)
Andrea Barient (La. Bar Roll No. 35643)
Assistant Attorneys General
Louisiana Department of Justice
1885 North 3rd Street
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6200
Facsimile: (225) 326-6297
Email: ClarkC@ag.louisiana.gov
           BarientA@ag.louisiana.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2016, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to CM/ECF participants by operation of this court's electronic filing system.

*/s/* **Jeffrey K. Cody**
JEFFREY K. CODY