UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH LEWIS, JR., KENTRELL PARKER,
FARRELL SAMPIER, REGINALD
GEORGE, JOHN TONUBBEE, OTTO
BARRERA, CLYDE CARTER, CEDRIC
EVANS, EDWARD GIOVANNI, RICKY D.
DAVIS, LIONEL TOLBERT, and RUFUS
WHITE, on behalf of themselves and all others
similarly situated,

    Plaintiffs,

     v.

BURL CAIN, Warden of the Louisiana State
Penitentiary, in his official capacity;
STEPHANIE LAMARTINIERE, Assistant
Warden for Health Services, in her official
capacity; JAMES M. LEBLANC, Secretary of
the Louisiana Department of Public Safety and
Corrections, in his official capacity; and THE
LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS,

    Defendants.

CIVIL ACTION NO. 15-318

JUDGE: BAJ

MAGISTRATE: RLB

## REPLY IN SUPPORT OF RULE 37 MOTION
## TO COMPEL PRODUCTION

  Plaintiffs file this brief reply to Defendants' OPPOSITION TO PLAINTIFFS' MOTION

TO COMPEL PRODUCTION (Rec. Doc. 101) in order to address few issues raised by

Defendants.

1

***Plaintiffs Erred in Not Quoting The Relevant Document Request And Response[1]***

As an initial matter, Plaintiffs concede that the request and response that are the subject of this motion were not in the text of the motion itself; rather, they were attached to the motion, in violation of Local Rule 37. *See* Rec. Doc. 80-7 & 80-8. Plaintiffs apologize to the Court for any inconvenience. However, there is no authority, and Defendants cite none, for denying a motion on this ground.  In any event, in an effort to cure this technical defect Plaintiffs respectfully submit the language of their initial request, dated July 1, 2016 which reads:

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS comprising the medical records, since 2013, of:

o John Chambers, 707200

o Willie Thibeaux, 110431

o Anderson Hill, 130872

o Johnny Jones, 455179

o Norman Billiot, 88265

o Theodore Butler, 303941

o Anthony Craig, 386727

o Leroy Davis, 560590

o Herbert Estes, 107937

o Alton Gavin, 98627

o Nolan Grant, 116518

o Ernest Harris, 372320

o Robert Jones, 125725

---

[1] In the event that the Court so desires, Plaintiffs will submit a Motion to Substitute their original Motion to Compel, but seek to cure the defect here in order to keep the record clean and avoid multiple filings.

o Cedric Knight, 356099

o Kenneth Mingo, 93932

o Jessie Moore, 355458

o Joe Oliver, 99342

o Ulysses Pierre, 386203

o Huey Richards, 511484

o Elbert Williams, 412047

o Theodore Radcliff, 92758

o Bryan Cole, 475537

o Jerry Willis, 99377

o Robert Kingston, 125408

o Harold Jenkins, 563535

o Larry Jones, 523862

o Gerald Burne, 87131

- o Mauricio Cumbrera, 616268
- o Curtis Frank, 244655
- o Benjamin Lee, 114229
- o Jerry Collins, 107041
- o Joseph Marshall, 110545
- o Ronald Mire, 110827
- o Ronald Ulfers, 517082
- o Timothy Bradley, 130618
- o Phillip Dussett, 586710
- o Harry Kersey, 359847
- o Carlton Babineaux, 302025
- o Jessie Grace, 335999
- o James Smith, 84129
- o Roosevelt Small, 264202
- o Oliver Francis, 86039
- o Dedrick Jones, 365802
- o Ronald Morrison, 345437
- o James Hall, 288835
- o Carlos Hernandez, 570272
- o Kenneth Gillaspy, 280552
- o Chester Alsobrooks, 255141
- o Karl Clomburg, 381212
- o Earl Crum, 112063
- o Jimmy Johnston, 87338
- o Terry Kelly, 84380
- o William Plaisance, 405679
- o Steven Quatrevingt, 130680

o Dwayne Simms, 89307

o Charles Unger, 87945

o Derrick Woodberry, 355771

o Aaron Francois, 603619

o Alton Adams, 284186

o Ray Brooks, 568449

o Ernest Crook, 116460

o Robert Lagarde, 89914

o Emmett Messick, 121526

o Trey Seward, 630634

o Kenyon Singleton, 305616

o Calvin Williams, 461243

o Calvin Walker, 110316

Defendants' response, dated August 1, 2016, reads:

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to this request as overly broad and unduly burdensome. As expressed in prior emails, we will permit Plaintiff's counsel to come onsite to inspect and copy these records.

As noted, Plaintiffs can find no support, nor do Defendants point to any support, that a failure to comply with this rule—technical or otherwise—should result in a denial of Plaintiffs' Motion to Compel. Plaintiffs respectfully request this Court not deny the motion on this basis.

*Defendants Misstate the Record with Respect to Previous Requests*

In their Opposition, Defendants mischaracterize a delay in the time from Defendants' response to the First Production of Documents on November 1, 2015 and the eventual compromise reached on February 25, 2016. (Rec. Doc. 101, Page 4). [2] As detailed in Plaintiffs' Motion (Rec. Doc. 80), Plaintiffs spent a substantial amount of time attempting to narrow these requests, due in large part to Defendants' proposal—which they later withdrew—to have experts confer and come up with a joint methodology. These efforts are documented well in the attached email communications between counsel for the parties. Ex. 1 & 2. Further, Defendants always knew that additional requests for medical records would be made. Ex. 3.

The timing of these requests is due entirely to the Defendants' persistent unwillingness to proceed with production in a timely manner. Defendants admit that they did not produce the final medical records from the first request until June 2, 2016. (Rec. Doc. 101, Page 5) and then complain that Plaintiffs did not make this request until July 1, 2016. Plaintiffs have worked diligently, repeatedly attempting to work with Defendants despite their misrepresentations and slow responses, in an effort to conduct the litigation amicably and professionally.

---

[2] This misrepresentation is especially galling given the number of times Plaintiffs' counsel has been misled with respect to production. Importantly, despite several assertions to the contrary by Defendants' counsel, Plaintiffs' counsel learned from a deposition **in another matter**, that the Defendants do keep list of inmates with certain chronic care diseases. This has been a theme throughout discovery, as Plaintiffs are told documents **do not exist** only to find out later from other sources that this is not true. The ongoing depositions have revealed numerous documents or types of documents that are responsive to Plaintiffs' Requests for Production and should have been produced. Plaintiffs have identified such omissions as they discover them, and are awaiting Defendants' production of these documents. If there are any disagreements or issues regarding that production, Plaintiffs will bring them to the Court's attention as promptly as possible.

***Plaintiffs Continue to Try to Find Compromise Positions***

Despite a grueling deposition schedule, Plaintiffs have continued to try to resolve the discovery dispute before the Court. Late on August 9, 2016, Plaintiffs' counsel wrote to Defendants urging a compromise where documents could be copied in New Orleans. Since then, Plaintiffs' counsel have urged multiple compromises to ease the burden on Defendants and gather these records timely. In the end, even Defendants have conceded the challenges of bringing in an outside vendor to Angola. These negotiations are memorialized in the attached exhibit. Ex. 4.

Given the unavailability of outside vendors at present, is appears that Defendants position is that the only available options are to (1) have Plaintiffs' counsel's staff go to Angola and copy the documents, which presents multiple logistical, security, time, and financial constraints, or (2) fly Plaintiffs' experts in from around the country to conduct on-site review of records which will eventually have to be scanned for evidentiary purposes anyway.  These solutions are simply not viable for the reasons specified in Plaintiffs' counsel declaration. See Ex. 5.

### Conclusion

Plaintiffs respectfully request that this Court grant its Motion to Compel and order Defendants to produce PDF copies of the records immediately or in the alternative arrange their transport to an outside vendor in New Orleans or Baton Rouge where records will be copied on an expedited basis. Plaintiffs further request additional relief in attorneys' fees for the cost of this motion, and potential delay in the scheduling order.

Dated: <u>August 11, 2016</u>                    <u>*/s/ Jeffrey B. Dubner*</u>

                                                                Attorneys for Plaintiffs

Mercedes Montagnes, La. Bar No. 33287
(Lead Counsel)
Elizabeth Compa, La. Bar No. 35004
The Promise of Justice Initiative
636 Baronne Street
New Orleans, LA  70113
Telephone:  (504) 529-5955
Facsimile:  (504) 558-0378
mmontagnes@thejusticecenter.org
bcompa@thejusticecenter.org

Jeffrey B. Dubner (*pro hac vice*)
Daniel Small (*pro hac vice*)
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
jdubner@cohenmilstein.com

Miranda Tait, La. Bar No. 28898
Advocacy Center
600 Jefferson Street, Suite 812
Lafayette, LA  70501
Telephone: (337) 237-7380
Facsimile: (337) 237-0486
mtait@advocacyla.org

Candice C. Sirmon, La. Bar No. 30728
ACLU Foundation of Louisiana
P.O. Box 56157
New Orleans, LA 70156
Telephone: (504) 522-0628
Facsimile: (504) 613-6511
csirmon@laaclu.org

## CERTIFICATE OF SERVICE

I do hereby certify that on August 11, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/EF system which will send a notice of electronic filing to all CM/ECF participants.

  /s/ Jeffrey B. Dubner
Jeffrey B. Dubner (*pro hac vice*)
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW

Washington, DC  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
jdubner@cohenmilstein.com