UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH LEWIS, JR., et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-318-BAJ-RLB** |
| **BURL CAIN, et al.** | |

### ORDER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION

Before the Court is Plaintiffs' Motion to Compel Production, Amend Deadlines, and Award Sanctions (R. Doc. 42), filed against Defendants on June 8, 2016. Defendants filed an Opposition in response to the Motion on June 16, 2016. (R. Doc. 45). On June 21, 2016, Plaintiffs filed a Reply Memorandum.

According to Plaintiffs, they "move the Court to compel production of Electronically Stored Information relating to written discovery requests propounded beginning September 1, 2015," as "Defendants have failed to meet the agreed-upon deadlines for production on June 1 and June 15, 2016." (R. Doc. 42 at 1-2). As relief, Plaintiffs ask the Court to: "(a) order Defendants to complete production by June 22, (b) extend Plaintiffs' deadline to file the amended complaint, and (c) award sanctions against Defendants to compensate Plaintiffs for the costs of making this motion." (R. Doc. 42 at 2).

On June 17, 2016, Plaintiffs filed a Motion to Withdraw (R. Doc. 47) their request to extend the amended pleading deadline, which the Court later granted (R. Doc. 52). The Court held a telephone conference with the parties on June 24, 2016 to discuss the status of the pending

Motion and the production at issue. (R. Doc. 59). During that conference, the Court granted in part Plaintiffs' Motion, to the "extent Plaintiffs requested a deadline for the production of the remaining documents, absent those undergoing further privilege review." (R. Doc. 59 at 2). To the extent Plaintiffs sought a Court ordered deadline of June 22, 2016 (and presumably sanctions should Defendants have failed to comply by that date), that request is denied. The Court ordered production by July 1, 2016, and set the first of several telephone conferences in order to assist the parties with any unforeseen issues. (R. Doc. 59 at 2). As such, the only remaining issue is Plaintiffs' requested "award [for] sanctions[1] against Defendants to compensate Plaintiffs for the costs of making this motion." (R. Doc. 42 at 2).

Rule 37(a)(5) of the Federal Rules of Civil Procedure allows for an award of expenses and attorney's fees to be paid to the moving party when a motion to compel is granted. However, when the motion is granted in part and denied in part, as is the case here,[2] the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses" between the parties. Fed. R. Civ. P. 37(a)(5)(C). Plaintiffs ask for a total of $13,341.23 in expenses incurred in drafting the Motion to Compel and resulting from Defendants' production delays. As discussed below, based on its review of the record and the parties' representations, the Court finds that Defendants

---

[1] The Court instructed Plaintiffs to file an affidavit of costs associated with the Motion and provided the parties with opportunities to be heard, consistent with Rule 37(a)(5)(C). (R. Doc. 75) (setting deadlines for plaintiffs' affidavit of costs and defendants' response). Plaintiffs' attorney submitted an Affidavit on August 5, 2016. (R. Doc. 84) (Plaintiffs' attorney's Affidavit regarding costs); (R. Doc. 104) (Defendants' Response); (R. Doc. 112) (Plaintiffs' Reply).

[2] In their Reply in support of counsel's Affidavit of expenses, Plaintiffs suggest that Rule 37(a)(5)(A) requires an award of expenses as the Court granted their Motion to Compel. (R. Doc. 112 at 2-3). The Court notes that the specific relief requested, a production deadline of June 22, 2016, was not granted. (R. Doc. 59 at 2). Even if the motion was granted for purposes of Rule 37(a)(5)(A), "the court must not order" the payment of expenses if the non-disclosure was substantially justified or if other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Based on the record in this case and for the reasons set forth in this Order, the Court finds that the Defendants inability to meet the originally proposed deadlines was substantially justified, based on the staffing and efforts expended in providing the requested discovery responses. For these same reasons, the Court finds that an award of expenses would be unjust.

were diligent in their efforts to complete production and that each party must bear its own costs associated with the Motion.

Following Plaintiffs' initial request for the electronically stored information (ESI) or documents at issue, the parties eventually "negotiated an agreement in which Plaintiffs agreed to reduce most of the documents they were seeking drastically" — from approximately 600,000 to 115,000. (R. Doc. 42-1 at 1); (R. Doc. 40 at 1). According to the record, the parties did not reach this agreement on the search terms for ESI discovery until April 1, 2016, when they submitted their Joint Status Report. (R. Doc. 104 at 2); (R. Doc. 40). The Joint Status Report explained that Defendants were still awaiting approval on a contract with an e-discovery vendor, but in the meantime had "identified a feasible solution for performing the searches internally." (R. Doc. 40 at 2). At this time, the parties anticipated that the "search would yield approximately 115,000 total files." (R. Doc. 40 at 1). Based on that estimate, the parties agreed that Defendants would produce the outstanding documents within the following timeframe: 50,000 documents by May 2, 2016; another 50,000 documents by June 1, 2016; and the remaining documents by June 15, 2016. (R. Doc. 40 at 2). Within 7 days of their final production, Defendants would provide a privilege log describing any withheld documents. (R. Doc. 45 at 6). Finally, Defendants "reserve[d] the right to seek an extension of this deadline should it appear Defendants will be unable to produce all remaining documents by [June 15, 2016]." (R. Doc. 40 at 2). Indeed, the parties' contemporaneous communications indicate that Defendants' counsel had concerns about their ability to meet the deadlines. (R. Doc. 45-2) ("setting ourselves up for failure").

On May 6, 2016, the parties informed the Court that Defendants' production had fallen behind schedule as their internal searches had proved "infeasible" and an "outside vendor was required." (R. Doc. 41 at 2). Defendants' first production in May only consisted of 28,000

documents instead of 50,000. (R. Doc. 41 at 2). However, Defendants were able to produce the remaining documents within a week and were confident their "current staffing and pace of the review should be sufficient . . . and that the delay in meeting the initial production should not keep Defendants from complying with the scheduled production deadlines on June 1 and June 15." (R. Doc. 41 at 2).

However, on June 1, 2016, Defendants informed Plaintiffs that they would only be producing 25,500 of the 50,000 documents due on that day. (R. Doc. 42-2). Defendants acknowledged "that this number [was] far short of the goal," but believed it "highlight[ed] the point that this production [was] extremely cumbersome and [would] take longer than [they] had first estimated back in March." (R. Doc. 42-2). Defendants then acknowledged that the production might not be completed until the end of July, and as a compromise, offered to produce the remaining documents on a weekly, rolling basis to minimize any burden on Plaintiffs. (R. Doc. 42-2).

Unsatisfied with the pace of production, on June 8, 2016, Plaintiffs filed the instant Motion to Compel (R. Doc. 42), alleging that Defendants had not only delayed their first production of 50,000 documents until May 11, 2016, they also failed to make their second production of 50,000 documents by June 1, 2016. (R. Doc. 42-1 at 2). According to Plaintiffs, they were unaware of any production issues until the night of June 1, 2016, when Defendants sent the email explaining they were "only able to produce approximately 25,500 files." (R. Doc. 41-1 at 7); (R. Doc. 42-2 at 1). Plaintiffs believe Defendants were dilatory in their efforts to produce the documents and requested an order requiring production by June 22, 2016.

Defendants, however, point out that after beginning production, the total number of documents was approximately 146,000, as opposed to 115,000. (R. Doc. 45 at 7). And while

Defendants originally anticipated devoting 5 to 6 people to the documents' review, 12 to 13 people were eventually assigned to review the documents in an effort to meet their deadlines. (R. Doc. 45 at 7). As of May 31, 2016, "a total of 1,507 hours [had] been billed" by Defendants in connection with the document review and production. (R. Doc. 45-3 at 1). Defendants likewise expended over $7,000 on outside vendors hired in order to complete production. (R. Doc. 45-3 at 2). Ultimately, the review proved to be far more difficult and time-consuming than originally anticipated.

Indeed, the Court finds Plaintiffs' requested timeframe of June 22, 2016 to be unreasonable, given the cumbersome nature of the review, as evidenced by the Court's level of involvement since the filing of Plaintiffs' Motion to Compel. The Court has held 4 status conferences with the parties between June 24, 2016 and July 26, 2016 and required the parties to file 3 letters regarding the production's status in order to monitor its pace. (R. Docs. 59, 60, 64, 75). This level of involvement by the Court is abnormal and only highlights the unpredictable difficulties of compliance due to the nature of the discovery at issue. Throughout that time, Defendants have relayed their efforts to the Court, which were reasonable under the circumstances. Indeed, Defendants completed production of the non-privileged documents by July 1, 2016 — only 2 weeks past their original proposed deadline. (R. Doc. 60). While the Court recognizes that parties may behave differently when under its active supervision, that does not change the fact that Defendants were diligent in their efforts.

For these reasons, Plaintiffs' Motion to Compel is **DENIED** to the extent it seeks an award for costs pursuant to Rule 37(a)(5). In all other respects, the Motion to Compel is denied as moot. Because the Motion to Compel was granted in part and denied in part, and because the Court finds that Defendants' failure to meet the parties' agreed upon deadlines was substantially

justified and that awarding expenses under the circumstances would be unjust, each party shall bear its own costs.

Signed in Baton Rouge, Louisiana, on August 31, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**