UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOSEPH LEWIS, JR., et al.**            **CIVIL ACTION**

**VERSUS**            **NO. 15-318-BAJ-RLB**

**BURL CAIN, et al.**

---

## ORDER

Before the Court is Plaintiffs' Motion to Compel Production of Documents (R. Doc. 152), filed against Defendants on November 3, 2016. Defendants filed on Opposition (R. Doc. 158) in response to the Motion on November 14, 2015. Following Defendants' response, Plaintiffs filed a Reply Memorandum (R. Doc. 164) in support of their Motion. For the reasons given below, the Court **GRANTS** Plaintiffs' Motion to Compel (R. Doc. 152).

According to Plaintiffs, "during the deposition of Tracey Falgout and Donald Barr, [] Defendants disclosed for the first time that Plaintiffs appealed denials of request[s] for accommodation to the [U.S. Department of Justice (DOJ)] and that the DOJ had responded with letters which in some instances required corrective action." (R. Doc. 152-1 at 3). Plaintiffs insist these letters are "plainly relevant" and should have already been produced as they are "responsive to multiple [discovery] requests issued long ago in this litigation." (R. Doc. 152-1 at 3). Plaintiffs therefore ask the Court to compel the production of "all letters sent to LSP regarding Requests for Accommodation [from] the [U.S. Department of Justice.]" (R. Doc. 152-1 at 5).

In response, Defendants initially argue that Plaintiff's Motion to Compel is untimely, but at the same time "premature," as Defendants were making efforts to obtain the documents when the Motion was filed. (R. Doc. 158 at 2-3). Defendants also argue that the letters are only partially responsive to previous discovery requests. (R. Doc. 158 at 4). Nonetheless, since learning of the letters, Defendants have "acted diligently and promptly in order to locate these documents" and have even provided Plaintiffs with all of the letters found as of November 14, 2016. (R. Doc. 158 at 4) ("Defendants have provided Plaintiffs with responsive documents.").[1] According to Defendants they are still making efforts to locate additional letters in their possession and are "awaiting a response to their [FOIA] request made directly to DOJ . . . for responsive information that may be in DOJ's possession." (R. Doc. 158 at 4).

Defendants' Opposition indicates a willingness to produce the DOJ letters sought by Plaintiffs, which are clearly relevant to the issues in this litigation. Indeed, production has already begun. As such,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 152) is **GRANTED** to the extent Defendants have not produced "all of the letters sent to LSP regarding Requests for Accommodation [from] the DOJ." Defendants must produce any remaining DOJ letters in their possession by **December 16, 2016**. Defendants must produce any letters received from the DOJ in response to Defendants' FOIA Request, and responsive to the discovery requests at issue in the Motion to Compel, within **3 days** of receipt.

Signed in Baton Rouge, Louisiana, on December 7, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Defendants do not explain the apparent inconsistency in the position that the documents are not responsive to any prior requests yet at the same time were not aware of the existence of these documents and upon learning of their existence, acted diligently and promptly in order to provide these "responsive" documents.