UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH LEWIS, JR., ET AL.                                     CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                     NO.: 15-00318-BAJ-RLB

ORDER

Before the Court is the **Motion for Relief from Order Denying Joint Motion to Clarify Order (Doc. 176)** filed by Plaintiffs. Pursuant to Federal Rules of Civil Procedure 54(b) and 60(b), Plaintiffs seek relief from the Court's previous Order (Doc. 175) that denied as moot the Joint Motion to Clarify Order on Second Joint Motion to Extend Deadlines for Submission of Opposing and Supplemental Memoranda in Regards to Plaintiffs' Motion for Class Certification (Doc. 172).

Plaintiffs assert that, in a previous Order (Doc. 129), the Court granted Plaintiffs leave to file a supplemental memorandum in support of their Motion for Class Certification. That Order, which granted the Joint Motion for Revision to Scheduling Order (Doc. 128), stated that "[i]f necessary, Plaintiffs may supplement their Motion for Class Certification on ADA issues only, within two weeks after the conclusion of either Warden Donald Barr's deposition or Tracy Falgout's deposition, whichever is later." (Doc. 129 at p. 2). It thus appears that the Court did, in fact, grant Plaintiffs leave to file a supplemental memorandum in support of their Motion for Class Certification.

1

In the future, Plaintiffs should take care to state more explicitly that they are requesting leave of court to file supplemental pleadings and, when seeking an extension of a deadline for the filing of such supplemental pleadings, that the Court previously has granted leave. In the motion that was the subject of the Order (Doc. 129) granting Plaintiffs leave to file a supplemental memorandum in support of their Motion for Class Certification, Plaintiffs simply asserted that they "reserve[d] their right to supplement their Motion for Class Certification on ADA issues only." (Doc. 128 at ¶ 2). Plaintiffs do not have a *right* to supplement memoranda; "[m]emoranda may not be supplemented except with leave of court." M.D. La. LR 7(d). Further, when requesting an extension of the deadline to submit a supplemental memorandum in support of their Motion for Class Certification, Plaintiffs merely cited, without any explanation of the relevance of that citation, the record document number of the Court's previous Order granting them leave. (*See* Doc. 154 at p. 2). Explicitly requesting leave of court and clearly directing the Court – with context – to a previous Order granting such leave will avert any confusion that might arise in the future.

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Relief from Order Denying Joint Motion to Clarify Order (Doc. 176)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's **Order Denying as Moot the Joint Motion to Clarify Order on Second Joint Motion to Extend Deadlines for Submission of Opposing and Supplemental Memoranda in Regards to**

Plaintiffs' Motion for Class Certification (Doc. 175) is **VACATED**.

**IT IS FURTHER ORDERED** that the deadline for Plaintiffs' submission of any supplemental memoranda in support of their Motion for Class Certification is **EXTENDED** to **December 19, 2016**.

Baton Rouge, Louisiana, this 15th day of December, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA