UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH LEWIS, JR., ET AL.                     CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                NO.: 15-00318-BAJ-RLB

<u>ORDER</u>

Before the Court is the **Motion to Disqualify (Doc. 223)** filed by Defendants. Defendants seek to disqualify the undersigned from continuing to preside over the above-captioned matter. Plaintiffs filed a memorandum in opposition to the Motion, (*see* Doc. 232), and Defendants filed a reply memorandum in support of the Motion, (*see* Doc. 233-1). On March 16, 2017, the Court held a hearing on the matter.

In support of the Motion, Defendants direct the Court to a post-trial brief filed on behalf of the United States of America in the case of *Williams v. Lynn*, 92-001-B-1 (M.D. La. Sept. 24, 1998), to which the undersigned affixed his signature pursuant to Federal Rule of Civil Procedure 11(a). Defendants assert that Plaintiffs, in their Motion for Partial Summary Judgment on Plaintiffs' Eighth Amendment Claim (Doc. 194), have relied on the consent decree into which Defendants entered as a result of the *Williams* litigation – which concerned similar claims against Defendants – in order to prove that Defendants had the requisite knowledge of the excessive risk to Plaintiffs' health and safety that allegedly is being caused by the medical care provided by Defendants. Because the undersigned affixed his signature to a single

1

pleading in the *Williams* matter, Defendants argue, the undersigned should disqualify himself from continuing to preside over this matter pursuant to various subsections of 28 U.S.C. § 455.

The Court notes that Defendants have produced *one* pleading from the *Williams* litigation – out of the nearly 250 documents in the record – that contains the undersigned's signature. At the hearing on the matter, Defendants conceded that they had taken *no* steps to determine the precise extent of the undersigned's participation in the *Williams* matter aside from obtaining the case's record and docket sheet. On the sole basis of the docket sheet and the previously mentioned pleading, Defendants evidently divined that the undersigned was "lead counsel" for the United States of America as Interpleader in the *Williams* litigation. (Doc. 223-1 at p. 5). The Court also notes that Defendants should have been aware of Plaintiffs' intention to rely on the consent decree that resulted from the *Williams* matter to prove the requisite knowledge for their Eighth Amendment claim from the very *initiation* of this lawsuit; Plaintiffs cited the consent decree and its relation to Defendants' knowledge in paragraph seven of the initial Complaint. (*See* Doc. 1 at ¶ 7). Defendants have offered *no* rationale for their failure – for over one-and-a-half years – either to discover the apparent participation of the undersigned in the *Williams* matter or to resolve that such apparent participation is grounds for disqualification.

Notwithstanding Defendants' dubious lack of diligence regarding this matter and case law that supports the position that the undersigned is not *required* to disqualify himself under these circumstances, *see, e.g., Sao Paulo State of Federative*

2

*Republic of Braz. v. Am. Tobacco Co.*, 535 U.S. 229 (2002) (per curiam), the undersigned finds that there is a possibility – however remote – that a reviewing court might find that "his impartiality might reasonably be questioned" if he were to continue to preside over this matter, 28 U.S.C. § 455(a). Plaintiffs have claimed that they continue to be subjected to conditions of confinement that violate the United States Constitution; they deserve *prompt* adjudication of those claims, without the delay that would result from Defendants' inevitable interlocutory appeal of this Order if the Court denied the Motion.

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Disqualify (Doc. 223)** is **GRANTED**.

The undersigned hereby recuses himself in this matter.

Baton Rouge, Louisiana, this 20th day of April, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**