**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JOSEPH LEWIS, JR., ET AL.  CIVIL ACTION

VERSUS  15-318-SDD-RLB

BURL CAIN, ET AL.

**RULING**

Before the Court is the Plaintiffs' *Motion to Exclude Testimony of Jacqueline Moore.*[1] The motion is opposed.[2] For the reasons herein, the motion shall be DENIED.

**I.  BACKGROUND**

Plaintiffs are inmates at Louisiana State Penitentiary ("Angola") who bring this action on their own behalf and, putatively "on behalf of a class of prisoners who the named Plaintiffs claim are now, or will in the future be, subjected to the medical care policies and practices of [Angola]."[3] Plaintiffs allege that the inmate medical care at Angola violates the Eighth Amendment of the U.S. Constitution and the ADA.[4] Plaintiffs seek declaratory and injunctive relief.

Central to the Eighth Amendment claim is the medical standard of care owed to prisoners by the confining authority. This Court has held that "[t]he standard of care imposed upon the confining authority in providing for the medical needs of prisoners is that those services be adequate and reasonable."[5] The Eighth Amendment "does not, by

---

[1] Rec. Doc. 191.
[2] Rec. Doc. 202.
[3] Rec. Doc. 1, p. 52, ¶ 149.
[4] Rec. Doc. 1.
[5] *Bouchereau v. Gautreaux,* 2015 WL 5321285, at *14 (M.D.La. Sept. 11, 2015).

1

its precise words, mandate a certain level of medical care for prisoners."[6] "The Supreme Court has interpreted it as imposing a duty on prison officials to 'ensure that inmates receive adequate ... medical care.'"[7] The question of fact in this case is whether the Plaintiffs received "adequate care" while incarcerated at Angola.

On this issue, Defendants seek to offer the expert opinion and testimony of Jacqueline Moore, PhD ("Dr. Moore") who assessed "the Defendants' policies and practices regarding correctional care".[8] Moore reached opinions regarding Angola's healthcare delivery in several areas, including organizational and management structure, nursing structure, EMT's, medical assistants, staffing levels and patterns, credentialing, health screens, appraisals and examinations, emergency, chronic, and acute care delivery. In reaching her opinions, Dr. Moore, relied, *inter alia*, on standards promulgated by the American Correctional Association ("ACA").[9]

Plaintiffs move to exclude Dr. Moore's opinions and testimony arguing that her opinions will provide no aid to the trier of fact because her methodology was flawed and therefore her opinions are unreliable.[10] Plaintiffs do not challenge Dr. Moore's qualifications.

Plaintiffs argue that Dr. Moore measured the care at LSP against "non-medical" standards published by the ACA and, thus, her methodology is flawed and her opinions unreliable. Plaintiffs submit that the ACA is a trade organization comprised of corrections officials and that the medical care delivery standards published by the ACA are not an

---

[6] *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir.1999); *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006)
[7] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006), *citing Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed. 2d 811 (1994).
[8] Rec. Doc. 192-2.
[9] See Note 12, *infra.*
[10] Rec. Doc. 229-1.

2

appropriate benchmark against which to evaluate the care delivered at Angola. In essence, Plaintiffs contend that Moore's reliance on standards promulgated by the ACA, a trade association, is fundamentally flawed and that standards articulated by the National Commission on Correctional Health Care ("NCCHC"), which Plaintiffs represent were developed by an association of medical professionals, authoritative on the minimal standard of care.

The Defendants counter that Dr. Moore examined and provides opinions regarding Angola's medical delivery policies and practices and that the ACA was only one aspect of review. Dr. Moore's report points out that Angola "has referenced the American Correctional Association Standards (ACA) in many of its policies."[11] Moore concedes that the National Commission on Correctional Health Care (NCCHC) also publishes standards, but she looked to the ACA standards, among others,[12] because those are the standards to which Angola's policies refer.

## II. ANALYSIS

The Plaintiffs' challenge is to the basis of Dr. Moore's opinions. Dr. Moore described the NCCHC standards as "more aspirational" and the ACA standards as "more realistic".[13] In any event, Moore testified that a correction facility "can practice care that is not constitutional and still be accredited" under either the ACA or the NCCHC.[14] The Court finds that whatever standards the prison abides by, or fails to abide by, is one factor in a fact intensive inquiry into whether the facility delivers adequate and reasonable care

---

[11] Rec. Doc. 191-2, p. 4.
[12] Moore indicates that she also relied on the "Nurse Practice Acts, Rules and Regulations for EMS staff." Rec. Doc. 192-2, p. 4.
[13] Rec. Doc. 192-3, p. 32.
[14] Rec. Doc. 192-3, p. 37-38.

3

required by the Constitution. "[A] district court has broad discretion to determine whether a body of evidence relied upon by an expert is sufficient to support that expert's opinion."[15] The Court is persuaded that, in this case, the basis of Moore's opinions is more germane to the credibility of her opinions, not admissibility. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility and should be left for the jury's consideration."[16]

The Court's role as a gatekeeper does not replace the traditional adversary system. The Court declines to exclude Dr. Moore and, instead, will leave the validity of the bases and underpinnings of Dr. Moore's opinions to the able skill of counsel on cross-examination.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' *Motion to Exclude Testimony of Jacqueline Moore*[17] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 27, 2017.

*[signature]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] *Knight v. Kirby Inland Marine Inc.,* 482 F.3d 347, 354 (5th Cir.2007).
[16] *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore County, Miss.,* 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chemical Co.,* 826 F.2d 420, 422 (5th Cir.1987)).
[17] Rec. Doc. 191.

4