**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JOSEPH LEWIS, JR., ET AL.  CIVIL ACTION

VERSUS  15-318-SDD-RLB

BURL CAIN, ET AL.

## **RULING**

Before the Court is the Defendants' *Motion in Limine.*[1] The Motion is opposed.[2] Defendants move to exclude the following:

**I. Evidence Regarding Dental and/or Mental Health Care**

Defendants move for an *in limine* order excluding evidence which relates to dental or mental health care. Plaintiffs' argue that "information regarding dental and mental health care will be at most incidental, and information . . . may be relevant to a variety of issues".[3] Relevance of the evidence is best determined at the time of trial.[4] The objections are deferred to the time of trial. The Motion in Limine to exclude pretrial evidence relating to dental or mental health care is DENIED.

**II. Evidence Regarding the Delivery of Healthcare at any Correctional Facility Other Than LSP**

Defendants argue that Plaintiffs have identified 130 exhibits that relate to the delivery of healthcare at facilities other than Louisiana State Penitentiary

---

[1] Rec. Doc. 248.
[2] Rec. Doc. 284.
[3] *Id.*, p. 2.
[4] Rec. Doc. 284, p. 4, n. 1.

42440  1

("LSP").[5] Defendants argue that this evidence is irrelevant.[6] Plaintiffs counter that the exhibits have relevance to issues in the case. For example, Plaintiffs contend that Department of Corrections' policies and practices are the same across correctional facilities and that the individual Defendants' "knowledge that a given practice can expose inmates to risks is relevant no matter what facility it concerns. Similarly, their opinions and actions in relation to one facility may shed light on their opinions and actions in relation to LSP."[7] The Court finds that relevance determinations are best made at the time of trial. Accordingly, objections to evidence regarding healthcare delivery at other DOC facilities are deferred to the time of trial. The Motion in Limine is DENIED.

### III.  Evidence Not Timely Disclosed in Discovery

#### A. Evidence pertaining to 56 non-party inmates

Defendants move to exclude evidence related to 56 non-party inmates referred to as "absent class members" which Defendants claim were not timely disclosed in discovery.[8] Plaintiffs counter that "[a]ll prisoners currently in the custody of LSP or who have been in the custody of LSP [since 2012]" were identified as witnesses in the Plaintiffs' *Rule 26 Initial Disclosures*.[9] Plaintiffs filed a second amended disclosure on December 2, 2016, which specifically identified 52 'absent class members'. The other 4 'absent class members' were identified in the *Pretrial Order*. The discovery deadline fixed by the Court was September 30,

---

[5] Rec. Doc. 248-1, p. 4.
[6] Rec. Doc. 248-1, pp. 2-5.
[7] *Id.* at p. 6
[8] Rec. Doc. 248-1, p. 6.
[9] Rec. Doc. 284, p. 9.

42440　　　　　　　　　　　　　　　2

2016.

While the specific identity of the 56 'absent class members' was not provided until after the discovery deadline, the Defendants were on notice that any LSP inmates from 2012 to present were possible witnesses. The Court finds that Defendants have failed to demonstrate prejudice. The trial of this matter has not been scheduled and class certification remains undetermined. Upon timely Motion filed, the Court will grant limited leave to the Defendants to conduct discovery of the 56 inmates in advance of trial to cure any potential prejudice. The Motion to Exclude testimony from and evidence pertaining to the 56 inmates referred to as 'absent class members' is DENIED.

B. <u>Testimony of Elizabeth Compa</u>

Defendants move to exclude attorney Elizabeth Compa, a third party witness identified by Plaintiffs who is to testify to "[p]ersonal [o]bservations regarding medical care delivery, the facility, and accommodation of disabilities".[10] Defendants argue that Compa was not disclosed as a potential witness in discovery.

Plaintiffs propose to offer testimony of Compa, "former counsel for Plaintiffs who left the Promise of Justice Initiative in the fall of 2016, to testify to her first-hand observations of the conditions in the infirmaries and medical dorms."[11] Compa was first disclosed by Plaintiffs as a proposed fact witness on April 14, 2017,[12] well beyond the September 30, 2016 discovery deadline. The Plaintiffs

---

[10] Rec. Doc. 242-7, p. 4.
[11] Rec. Doc. 284, p. 14.
[12] Rec. Doc. 248-1, p. 7.

42440    3

explanation for the failure to identify Compa as a potential witness is that she had not left the firm before the discovery deadline.[13] The Court finds the *Motion in Limine* is well grounded. While a continuance of the discovery deadline to allow the Defendants time to depose Compa may ameliorate any prejudice of late disclosure, the Court finds that observations by a third party witness are cumulative to direct testimony of inmates who receive medical care and treatment. The Motion to exclude testimony of Elizabeth Compa is GRANTED.

C. <u>Supplemental Chart Review by Plaintiffs' Rebuttal Experts</u>

Defendants move to exclude supplemental rebuttal expert reports which included supplemental chart reviews of nine inmates.[14] Defendants argue that late disclosure of additional chart reviews by the experts, after the Plaintiffs' rebuttal experts had been deposed, left them without an opportunity to examine the experts about these chart reviews.

The Parties sought and received numerous extensions of the expert discovery deadlines.[15] The latest Court ordered deadline provides "Defendants' Expert Report of Dr. Jacqueline Moore due by 10/27/2016. Plaintiffs' Rebuttal due by 11/17/2016. Discovery from Experts shall be completed by 12/23/2016."[16] Defendants submit that "Plaintiffs provided Defendants with rebuttal reports of Dr. David Thomas and Dr. Jacqueline Moore on November 14, 2016."[17] On December 23, 2016 (the deadline to complete expert discovery), and after Plaintiffs' experts'

---

[13] Rec. Docs. 284, p. 14.
[14] Rec. Doc. 248-1, p. 11.
[15] Rec. Docs. 24, 38, 63, 120, 145.
[16] Rec. Doc. 145, pp. 1-2.
[17] Rec. Doc. 248-1, p. 11.

42440 4

had been deposed, "[p]laintiffs provided a supplemental chart review for their rebuttal report…".[18]

Defendants argue that "[supplementary disclosures] are not intended to provide an extension of the expert designation and report production deadline."[19] Defendants argue that supplementations to the reports, by adding nine additional chart reviews, is not mere supplementation, but entirely new opinions on additional inmates.

Plaintiffs recount the circumstances differently. Plaintiffs submit that "Plaintiffs' experts' report examined the medical care that Defendants provided to a sample of more than 40 inmates, supported by chart reviews that they attached in an appendix to the report."[20] According to Plaintiffs, the Defendants thereafter "took three depositions of Plaintiffs' expert witnesses without asking a single question about any of the experts' chart reviews."[21] Without citation to the record, Plaintiffs state that "Plaintiffs' counsel informed Defendants' counsel during one of these depositions that the remaining chart reviews would be supplemented, to which Defendants did not object. Plaintiffs repeated their intention [to supplement] on a conference call on December 22, 2016 and Defendants again did not object."[22] Thereafter, and within the deadline set by the Court, "Plaintiffs provided supplemental chart reviews for nine additional inmates whose records were

---

[18] *Id.* at p. 12.
[19] *Id.* citing *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 41 Fed. R. Serv. 3d 741, 172 A.L.R. Fed 675 (5th Cir. 1998) (*citing Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546 (5th Cir. 1996)).
[20] Rec. Doc. 284, p. 15 (citing Rec. Doc. 133-2 at 10 & App'x A).
[21] *Id.*
[22] *Id.*

produced toward the end of discovery."[23] Plaintiffs submit that, once again, Defendants did not object nor did they request an opportunity to depose the experts on the supplement.[24] Plaintiffs argue that Defendants have waived their objection.[25]

The Court finds that the supplementation occurred within the discovery deadline. Furthermore, unless the supplementation changed the experts' opinions, or addressed opinions not stated in the original reports, there is no foul. According to Plaintiffs, the experts supplemented "underlying facts in response to Defendants' expert report, without changing their opinions and conclusions in any way."[26] The Court has not conducted an independent review of the supplementation, nor is it needed. The supplementation occurred within the discovery deadline fixed by the Court.

On timely Motion filed, the Defendants will be granted leave to depose the experts on the supplementation. If the depositions reveal that the experts' opinions were materially affected or substantively changed, the Court will entertain leave to file a *Motion in Limine*. The Motion to exclude expert testimony regarding supplemental chart review is DENIED.

---

[23] *Id.*
[24] *Id.* at p. 16.
[25] *Id.* p. 16 citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.")
[26] Rec. Doc. 284, p. 17.

## IV. Motion to Exclude Evidence of Moot Claims and Claims Not Administratively Exhausted

Defendants move to exclude testimony and exhibits concerning claims they contend have not been exhausted through LSP's Administrative Remedy Procedure ("ARP").

### A. <u>Mootness</u>

Defendants move to exclude testimony and evidence related to six (6) former inmates; four of whom are deceased[27], one who has been released from Department of Corrections ("DOC") custod, [28] and one who is no longer incarcerated at LSP, but a different DOC facility.[29] Defendants argue that these former LSP inmates "'no longer [have] a legally cognizable interest in the outcome[,]' [then] evidence concerning them should be excluded as it is not 'of consequence in determining the action.'"[30] Defendants argue that the claims of these former inmates is moot because the "the relief sought would, if granted, make [a] difference to the legal interests of the parties."[31]

Plaintiffs counter that the evidence is relevant to one of the elements of the Eighth Amendment claims asserted herein, namely whether "'inmates face a substantial risk of serious harm.'"[32] Defendants concede that the four inmates who

---

[27] *Id.* at p. 15. Joseph Lewis, Jr., Lionel Parks, Edward Giovanni, and Shannon Hurd whom Defendants represent have "passed away since the filing of the present lawsuit." Rec. Doc. 248-1, p. 14-15.

[28] Defendants represent that Cedric Evans is no longer incarcerated at LSP as he was released from DOC custody on January 22, 2016.

[29] *Id.* Defendants represent that Alton Adams is no longer housed at LSP. Mr. Adams was transferred to Elayn Hunt Correctional Center on May 5, 2016, where he remains to this day.

[30] Rec. Doc. 248-1, p. 15.

[31] *Id.* citing *Bowman v. Corr. Corp. of America*, 350 F.3d 537, 550 (6th Cir. 2003) (citing *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc)).

[32] Rec. Doc. 284, p. 18, Citing *Farmer v. Brennan,* 114 S.Ct. 1970, 1983, 511 U.S. 825, 846 (U.S. 1994) ("defendant-officials were at the time suit was filed, and [at the time of trial] knowingly and unreasonably disregarding an objectively intolerable risk of harm".).

are now deceased "passed away since the filing of the present lawsuit."[33] They were inmates at LSP at the time suit was filed. As noted by the Northern District of Texas Court, evidence regarding the quality of medical care near the time of incarceration is relevant to the question whether the alleged unconstitutional conditions existed.[34]

Defendants' Motion to exclude evidence pertaining to the care of former LSP inmates is DENIED.

### B. Failure to Exhaust Administrative Remedies

The failure to exhaust administrative remedies is an affirmative defense. Defendants plead same in their *Answer*.[35] The issue was also raised by *Motion for Summary Judgment*.[36] The issue of exhaustion will be addressed by the Court when the *Motion for Summary Judgment* is taken up. The Defendants' *Motion in Limine* in relation to exhausted claims is DENIED.

## V. CONCLUSION

For the foregoing reasons, the Defendants' *Motion in Limine*[37] is DENIED in part and GRANTED in part as follows:

The *Motion in Limine* to exclude pretrial evidence relating to dental or mental health care is DENIED.

The *Motion in Limine* to exclude evidence regarding healthcare delivery at other DOC facilities is DENIED.

---

[33] Rec. Doc. 248-1, p. 15.
[34] *Palo v. Dallas Cty.*, No. 05-cv-527, 2007 W 2140590, at *6 (N.D. Tex. July 26, 2007).
[35] Rec. Doc. 13.
[36] Rec. Doc. 193.
[37] Rec. Doc. 248.

The *Motion in Limine* to exclude testimony from and evidence pertaining to the 56 inmates referred to as 'absent class members' is DENIED.

The *Motion in Limine* to exclude testimony of Elizabeth Compa is GRANTED.

The *Motion in Limine* to exclude expert testimony regarding supplemental chart review is DENIED.

The *Motion in Limine* to exclude evidence pertaining to the care of former LSP inmates is DENIED.

The *Motion in Limine* in relation to exhausted claims is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>October 25, 2017</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**