**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JOSEPH LEWIS, JR., ET AL. | CIVIL ACTION |
| VERSUS | 15-318-SDD-RLB |
| BURL CAIN, ET AL. | |

## RULING

This matter is before the Court on the *Motion for Evidentiary Sanctions*[1] and *Supplemental Memorandum*[2] filed by Plaintiffs. Defendants have filed an *Opposition*[3] to this motion, to which Plaintiffs filed a *Reply*.[4] For the following reasons, Plaintiff's motion shall be granted.

**I.    BACKGROUND & PARTIES' ARGUMENTS**

This suit is brought by several inmates incarcerated at the Louisiana State Penitentiary ("LSP"). Plaintiffs claim that the medical care provided at LSP violates the Eighth Amendment prohibition of cruel and unusual punishment. Plaintiffs also claim that the medical treatment of disabled inmates at LSP violates the Americans with Disabilities Act[5] and the Rehabilitation Act.[6]

Plaintiffs moved to certify this case as a class action,[7] and the Court held a class certification hearing on November 2, 2017, where the Parties presented argument and

---

[1] Rec. Doc. No. 376.
[2] Rec. Doc. No. 381.
[3] Rec. Doc. No. 382.
[4] Rec. Doc. No. 383-4.
[5] 42 U.S.C. § 12101, *et seq.*
[6] 29 U.S.C. § 701.
[7] Rec. Doc. No. 133.
43558

evidence regarding class certification.[8] Plaintiffs objected at the hearing to several of Defendants' hearing exhibits, arguing that the documents had been requested but not produced during discovery. Plaintiffs now move for evidentiary sanctions under Rule 37(c) of the Federal Rules of Civil Procedure for Defendants' failure to supplement their discovery responses and disclose the requested healthcare directives prior to the class certification hearing.

Initially, Plaintiffs claimed that, while Defendants produced a sequence of ninety-five (95) LSP healthcare directives, including them on the joint exhibit list following the class certification hearing, Defendants failed to produce sixty-one (61) of those directives during discovery despite the fact that such documents were responsive to Plaintiffs' Request for Production.[9] After some investigation, Plaintiffs filed a *Supplement*[10] to the motion indicating that ten (10) directives had been produced, but noted that, "it appears that some 46 directives were never produced in *any* form, and approximately 52 directives- more than half – were not produced during document discovery."[11]

Defendants oppose the motion, claiming that all LSP healthcare directives were contained in the LSP Healthcare Manual which was reviewed by Plaintiff's experts, and purportedly all directives were turn over to Plaintiffs on a disc. Defendants contend they were unaware that Plaintiffs disputed receipt of the directives as evidenced by their attempt to introduce the documents at the hearing. Defendant also contend that Plaintiffs should have known well in advance of the class certification hearing that they may have

---

[8] Rec. Doc. No. 375.
[9] Rec. Doc. No. 376-1, p. 1.
[10] Rec. Doc. No. 381.
[11] *Id.* at p. 3 (emphasis original).
43558

been lacking some of the directives due to the "fairly obvious gaps in the ordinal sequence of the Directives Plaintiffs admit that they received."[12] Defendants claim that, while some of the directives were attached to e-mails as drafts, "there is no appreciable difference between those drafts and the version included in Defendants' exhibits."[13] Nevertheless, Defendants acknowledge that twenty-five (25) directives[14] cannot be "specifically accounted for" in the course of discovery, but claim they believe the directives were produced on the disc, and if they were not, this should have been discovered by Plaintiffs prior to the class certification hearing.[15] Defendants contend sanctions are unwarranted in this case because Plaintiffs have suffered no prejudice as many of the undisclosed documents "arguably have no bearing upon any of the issues" in this case, and any discovery failures were inadvertent and not willful or in bad faith.[16]

In reply, Plaintiffs maintain that there is no evidence that Defendants produced forty-eight (48) of the ninety-five (95) directives in final form. Plaintiffs take issue with Defendants' claim that these purported omissions are meaningless because Defendants were nevertheless obligated to produce them as they were responsive to discovery requests. Plaintiffs also contend the Healthcare Manual was not produced in discovery as required; rather, Plaintiffs obtained the manual via a Public Records Act Request, and the copy Plaintiffs obtained did not include many of the missing directives or contain any reference thereto. Finally, Plaintiffs object to Defendants' attempt to "shift their burden of

---

[12] Rec. Doc. No. 382, p. 3.
[13] *Id.*
[14] 13.002, 13.005, 13.021, 13.022, 13.026, 13.032, 13.040, 13.042, 13.049, 13.056, 13.057, 13.058, 13.059, 13.065, 13.066, 13.069, 13.070, 13.071, 13.072, 13.077, 13.080, 13.086, 13.089, 13.090, and 13.092.
[15] Rec. Doc. No. 382 at p. 4.
[16] *Id.* at pp. 5-7.
43558

production" by claiming that Plaintiffs should have realized long ago that several directives were missing. Plaintiffs further argue that the modest sanctions they are seeking do not require a showing of bad faith or willful nondisclosure.

## II.     RULE 37(c) SANCTIONS

Rule 37(c) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[17] A district court has wide discretion in determining whether exclusion is warranted.[18] In evaluating the propriety and necessity for exclusion of evidence pursuant to Rule 37(c), the Court looks to: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[19]

Applying these factors to the situation presented, the Court finds that modest sanctions are warranted for Defendants' nondisclosure. First, Defendants' argument that many of the undisclosed directives are irrelevant to the case is without merit as it is not Defendants' place to make such a determination. When faced with a Request for Production, Defendants had an obligation to disclose all responsive documents. The Court also rejects Defendants' claim that Plaintiffs have suffered no prejudice. Plaintiffs' expert did not have these directives to consider in his report and testimony at the

---

[17] Fed.R.Civ.P. 37(c)(1).
[18] *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 277 (5th Cir. 2009)
[19] *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *Patterson v. Houston Indep. Sch. Dist.*, 570 F. App'x 367, 369 (5th Cir. 2014).
43558

certification hearing.  Further, updating expert reports at this stage would only serve to further delay proceedings and increase costs.  Finally, Defendants' attempt to shift the blame to Plaintiffs for not discovering the omissions sooner is weak and unacceptable.

Accordingly, the Court finds that modest sanctions are warranted for Defendants' nondisclosure.  However, the Court does not find the nondisclosure to be willful or in bad faith.  Thus, Plaintiffs' *Motion for Evidentiary Sanctions*[20] is GRANTED, and the Court will exclude any evidence or documents not produced in discovery unless such documents were attached to pleadings filed into the record prior to the class certification hearing.  The Court declines to award any monetary sanctions.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 12, 2018</u>.

*[signature]*

    **JUDGE SHELLY D. DICK**
    **UNITED STATES DISTRICT COURT**
    **MIDDLE DISTRICT OF LOUISIANA**

---

[20] Rec. Doc. No. 376.
43558