**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JOSEPH LEWIS, JR., ET AL. | CIVIL DOCKET NO.: 3:15-CV-318 |
| VERSUS | JUDGE: SHELLY DICK |
| BURL CAIN, ET AL. | MAGISTRATE: RICHARD BOURGEOIS |

**ORDER**

Before the Court is the Plaintiffs *Motion to Exclude Evidence of Post-Discovery Conditions or, in the Alternative, to Compel Additional Discovery.*[1] Defendants have opposed the motion.[2] For the following reasons the *Motion to Exclude Evidence of Post-Discovery Conditions* shall be GRANTED, and the alternative *Motion to Compel Additional Discovery* shall be DENIED.

The *Complaint* in this matter was filed in May 2015. Discovery closed on September 30, 2016. A Class Certification hearing was held on November 1-2, 2017, at which time the Defendants offered evidence regarding alleged improvements in the delivery of medical care occurring since the close of discovery. A bench trial[3] of this matter is scheduled to commence on October 9, 2018. Notwithstanding the deadline for the completion of discovery, the Court granted leave to the parties to depose Will Call and May Call witnesses identified by the parties[4] on or before June 29, 2018.[5] This was

---

[1] Rec. Doc. 417.
[2] Rec. Doc. 418.
[3] Rec. Docs. 113, 115. The Court notes that the Minute Entry at Rec. Doc. 405 refers to a jury trial which is in error.
[4] Rec. Docs. 410, 411.
[5] Rec. Doc. 405.

1

largely due to the fact that the Defendants had yet to depose over thirty witnesses identified by the Plaintiffs. In November 2017, after the discovery deadline and after the Plaintiffs had deposed Dr. Raman Singh, the Medical Director for Department of Corrections, Singh was terminated, and Plaintiffs sought to depose Dr. Singh's replacements, Dr. Pamela Hearn and Nurse Stacye Falgout. Defendants declined to produce Dr. Hearn and Nurse Falgout for updated depositions. Plaintiffs also sought consent from the Defendants to substitute five new class member witnesses who could testify regarding recent medical issues. Defendants refused to consent to the substitution, prompting Plaintiffs to seek leave to substitute the five witnesses and to take the depositions of Dr. Hearn and Ms. Falgout.[6] In a subsequent status conference, the Court advised that it was not inclined to grant the motion, noting that the situation at LSP was fluid insofar as state employees come and go, and that trial evidence would need to be limited to a "snapshot in time." The Court indicated that if Plaintiffs could establish the existence of constitutional violations during Dr. Singh's tenure, it would not be necessary to introduce evidence from subsequent medical directors. Finally, the Court indicated that it was not inclined to re-open discovery. On May 15, 2018, the Court denied Plaintiffs' motion and thereby declined Defendants' request to re-open discovery.[7]

Efficient case management and fundamental fairness require that both Parties' evidence be limited to a "snapshot in time." The alternative would require that fact discovery be re-opened, which gives rise to the potential for discovery motions, expert reports and opinions supplemented, leading to additional expert discovery, all of which would likely result in upsetting the trial date which is now three and a half years post filing.

---

[6] Rec. Doc. 397.
[7] Rec. Doc. 412.

The Federal Rule of Civil Procedure's "paramount command [is] the just, speedy, and inexpensive resolution of disputes."[8] From this overarching and fundamental principal evolves the inherent power of the Court to manage cases and its docket "so as to achieve the orderly and expeditious disposition of cases."[9] The Court finds that bifurcating the issues of merits and remedy, and limiting the historical scope of the evidence on liability, is "reasonable response to the problems and needs confronting the court's fair administration of justice."[10]

Accordingly, it is the Order of the Court that the trial of this matter be bifurcated into separate liability and remedy phases. Trial on liability will proceed as scheduled, and the evidence shall be limited to the healthcare conditions and the facility conditions as they existed as of September 30, 2016. If Plaintiffs prevail on their constitutional and ADA claims, evidence of subsequent conditions may be relevant at the remedy stage.

**IT IS ORDERED** that the Plaintiffs *Motion to Exclude Evidence of Post-Discovery Conditions* is hereby GRANTED; the Plaintiffs *Motion to Compel Additional Discovery* is hereby DENIED. A bench trial on liability only, limited to evidence of the conditions as they existed on or before September 30, 2016 will go forward commencing on October 9, 2018.

Baton Rouge, Louisiana, this 20th day of June, 2018.

_____
**SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[8] *Dietz v. Bouldin*, 136 S.Ct. 1885, 1891 (2016).
[9] *Id.* (citing, *inter alia*, *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).
[10] *Degen v. United States*, 517 U.S. 820, 823–824, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996).