UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH LEWIS, JR., ET AL. | CIVIL DOCKET NO.: 3:15-CV-318 |
| VERSUS | JUDGE: SHELLY DICK |
| BURL CAIN, ET AL. | MAGISTRATE: RICHARD BOURGEOIS |

### ORDER

The Court previously granted class certification in this case.[1] At the time that the class certification motion was pending, several summary judgment motions were also pending before the Court. Because the Court concluded that the class certification issue should be decided before dispositive motions, the Court denied the Plaintiffs' *Motion for Partial Summary Judgment on Plaintiffs' ADA Claims*,[2] the *Motion for Partial Summary Judgment on Plaintiffs' Eighth Amendment Claims*,[3] and the Defendants' *Motion for Summary Judgment*[4] without prejudice. The Court advised the Parties that, following resolution of the class certification issue, the Parties would be allowed to re-urge these motions by reference to record document numbers, without the necessity of re-filing same and would be granted leave to submit supplemental briefing if necessitated by the class

---

[1] Rec. Doc. No. 394.
[2] Rec. Doc. No. 193.
[3] Rec. Doc. No. 194.
[4] Rec. Doc. No. 261.
Document Number: 47869

certification determination. The Parties have re-urged the previously filed summary judgment motions[5] and have filed *Supplemental Briefs* and exhibits.[6]

This matter is set for a three week Bench Trial to begin October 9, 2018. The Court has carefully considered the arguments and evidence submitted by the Parties on the very serious and complex issues involved in this case. To the extent Plaintiffs seek summary judgment on exhaustion of administrative remedies, summary judgment will be granted in favor of Plaintiffs on exhaustion of administrative remedies for the reasoning and analysis set forth in the Court's *Ruling* granting class certification.[7] As to all other relief, the Parties' motions are DENIED.

The Court finds that the fuller record provided by a bench trial will enable the Court to make more accurate and correct findings of fact and conclusions of law in this matter.[8] Further, the Court finds that there is stark disagreement between the Parties' experts, and the Court believes the credibility of the experts' opinions can best be determined by the Court during live testimony at trial and after cross-examination.[9] Considering the conflicting evidence and expert testimony on the relevant issues as reflected by the competing motions for summary judgment, the Court finds that it would be inappropriate to determine these issues as a matter of law at this time rather than to weigh the evidence and credibility of the witnesses and determine these issues following the bench trial.

---

[5] Rec. Doc. Nos. 403 & 428.
[6] Rec. Doc. Nos. 426, 431, 432, 434, 435, & 437.
[7] Rec. Doc. No. 394.
[8] *See e.g., Williams v. Houston Plants & Garden World, Inc.*, No. CIV. A. H-11-2545, 2014 WL 3665764, at *8 (S.D. Tex. July 22, 2014).
[9] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002)("The fact finder is entitled to hear [the expert's] testimony and decide whether it should accept or reject the testimony after considering all factors that weigh on credibility, including whether the predicate facts on which [the expert] relied are accurate.").
Document Number: 47869

Therefore, all pending motions for summary judgment are DENIED except as to exhaustion of administrative remedies. Plaintiffs' Re-urged *Motion to Strike*[10] is DENIED as moot.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 12 day of September, 2018.

SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[10] Rec. Doc. No. 288.
Document Number: 47869