# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH LEWIS, JR., *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BURL CAIN, Warden of the Louisiana State Penitentiary, in his official capacity, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 3:15-cv-00318<br><br>JUDGE SDD<br><br>MAGISTRATE RLB |

### PLAINTIFFS' EMERGENCY MOTION TO RESTRAIN DEFENDANTS FROM TRANSFERRING COVID-19 CARRIERS TO LOUISIANA STATE PENITENTIARY

NOW INTO COURT COME Plaintiffs in the above-captioned matter, through undersigned counsel, who move this Honorable Court to issue a Temporary Restraining Order (TRO) in order to prevent Defendants from enacting a plan to transfer to LSP people who are COVID-19 carriers from state and local facilities across Louisiana.[1] As established throughout the course of this case, LSP houses a uniquely high number of inmates who are at particularly high risk for severe or even fatal consequences if they contract COVID-19 because they are elderly, immuno-compromised, or disabled, or have cardiac, pulmonary, or cardiovascular conditions. Intentionally bringing COVID-19 carriers to LSP, particularly given this Court's notice of intent to find that the medical care provided at LSP is unconstitutional in at least some respects, will expose the most vulnerable people in the DOC system to an unconscionably high risk of death or serious harm.

Even if the COVID-19 transferees to LSP could successfully be placed in medical isolation and adequately cared for on-site, medical personnel and other correctional staff would be required to move between them and other areas at LSP, creating a high likelihood of transmission of the virus to the rest of the prison population and – through staff – to the community at large. The community

---

[1] *See, e.g.*, Emily Lane, *Louisiana plans to house local and state inmates with coronavirus at Angola and Allen Correctional*, WDSU NEWS (March 27, 2020), https://www.wdsu.com/article/louisiana-plans-to-house-inmates-with-coronavirus-at-angola-and-another-prison/31960114.

in the populated areas close to Angola have thus far been largely unaffected by the transmission of COVID-19. Additionally, intentionally introducing COVID-19 into LSP increases the risk of harm for Class members with on-going chronic medical issues by exacerbating medical understaffing issues and other inadequate procedures and practices that are already on the record.

Federal Rule of Civil Procedure 65(c) provides that the Court should levy "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Given that there are no costs or damages associated with the relief Plaintiffs request (simply restraining Defendants from transferring people to LSP), the "proper" amount is zero dollars.

If the Court does determine that a different amount would be proper, Plaintiffs respectfully request that the Court waive the bond requirement, given the obviousness of the risk to Class members' health, their indigence, and the strong public interest involved.[2] Furthermore, the requirement of a bond is contrary to the proposition that inadequate resources under no circumstances justify a prison's deprivation of constitutional rights.[3] Consistent with this well-established principle, this Court should not require Plaintiffs, who are indigent, to post a bond in order to protect their constitutional rights.

For the reasons in the attached memorandum, the Court should immediately issue an order temporarily restraining Defendants from transferring inmates with COVID-19 to LSP; and, after a hearing, preliminarily enjoin Defendants from doing so. Counsel for the Plaintiffs, Mercedes Montagnes and Jeff Dubner, will both be available by phone at the pleasure of the Court. They have called chambers to provide their cell phone numbers.

Respectfully submitted this 31th day of March, 2020.

                                                            Respectfully submitted by:

---

[2] *See, e.g.*, *Molton Co v. Eagle-Picher Industries, Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) (approving waiver of bond given strength of case and "the strong public interest" involved); *Campos v. INS*, 70 F. Supp. 2d 1296, 1310 (S.D. Fla. 1998) (because plaintiffs were indigent and sought to vindicate their constitutional rights, consistent with the public interest, the court did not require a bond).
[3] *See, e.g.*, *Smith v. Sullivan*, 553 F.2d 373, 378 (5th Cir. 1977) (inadequate resources can never be a justification for depriving an inmate of his constitutional rights).

/s/ Mercedes Montagnes

Mercedes Montagnes, La. Bar No. 33287
Jamila Johnson, La. Bar No. 37953
Nishi Kumar, La. Bar No. 37415
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
Telephone: (504) 529-5955
Facsimile: (504) 595-8006
Email: mmontagnes@defendla.org

Jeffrey B. Dubner (*pro hac vice*)
P.O. Box 34553
Washington, DC 20043
Telephone: (202) 656-2722
Email: Jeffrey.dubner@gmail.com

Daniel A. Small (*pro hac vice*)
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: dsmall@cohenmilstein.com

Bruce Hamilton, La. Bar No. 33170
ACLU Foundation of Louisiana
P.O. Box 56157
New Orleans, Louisiana 70156
Telephone: (504) 522-0628
Facsimile: (504) 613-6511
Email: bhamilton@laaclu.org

Jared Davidson, La. Bar No. 37093
Southern Poverty Law Center
201 Saint Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: (504) 486-8982
Facsimile: (504) 486-8947
Email: jared.davidson@splcenter.org

Ronald K. Lospennato, La. Bar No. 32191
Advocacy Center
8325 Oak St.
New Orleans, LA 700118
Telephone: (504) 522-0628
Facsimile: (888) 534-2996

3

Email: rlospennato@advocacyla.org

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2020, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

I further certify that copies of all pleadings and other papers filed in the action to date or to be presented to the Court at the hearing, have been furnished to the Defendants' attorneys, who have already made an appearance in this matter.

/s/ Mercedes Montagnes
Mercedes Montagnes La. Bar No. 33287