# SUPPLEMENTAL DECLARATION OF JEFFREY DUBNER

I, Jeffrey Dubner, state and declare as follows:

1. My name is Jeffrey Dubner, and I am over 18 years of age.

2. I am an attorney of record in this case representing the Plaintiff Class.

3. On March 27, 2020, while Plaintiffs were awaiting a response to their request for a meet-and-confer with Defendants, a reporter from WDSU contacted my cocounsel Mercedes Montagnes about a news story it was preparing to publish that reported that Defendants intended to transfer local and state inmates with COVID-19 to LSP and the Allen Correctional Center, citing a DOC spokesman. WDSU published the story later that day.[1]

4. In light of Defendants' failure to respond to our March 26 request for a meet-and-confer (*see* Rec. Doc. 580-4), I emailed Defendants' counsel on March 28, 2020, to let them know that in light of their failure to respond we would be filing a motion to reopen discovery. *See* Ex. A. I also conveyed two concerns. First, I noted our concern with the LSP "plan" that Defendants provided via email on Wednesday March 25, 2020. *Id.* Second, I asked that Defendants' counsel confirm the news reports that the DOC intended to transport patients with confirmed or suspected cases of COVID-19 to LSP from other prisons. *Id.* I explained that this was "precisely the opposite of what should be occurring" due to LSP's high proportion of high-risk individuals and LSP's distance from the nearest hospital as compared to other correctional facilities. Specifically, I informed them that "[p]roactively bringing the virus to LSP, particularly with the current insufficient plan in place, would be unconscionably risky to Class members." *Id.* I asked that Defendants' counsel let us know if our understanding as to LSP intentions was incorrect by Monday March 30, 2020, and informed them that we would move for emergency relief if necessary. *Id.* I also reiterated that we were available to speak to Defendants' counsel or any representative at their convenience on any topic and asked that they contact us as soon as they could. *Id.*

5. Defendants' counsel responded approximately 15 minutes later, also on March 28, 2020, and said they would forward our concerns to DOC and let us know if they had any further response by Monday March 30, 2020 if possible. *See* Ex. A.

6. A few hours later, on March 28, 2020, Defendants' counsel emailed that they would not respond to Plaintiffs' question about the transfer plan because we had moved to reopen discovery, and that they would instead respond only in their briefing on the motion. *See* Ex. A.

---

[1] *See* Emily Lane, *Louisiana Plans to House Local and State Inmates with Coronavirus at Angola and Allen Correctional*, WDSU.com, Mar. 27, 2020, https://www.wdsu.com/article/louisiana-plans-to-house-inmates-with-coronavirus-at-angola-and-another-prison/31960114.

7. Approximately an hour later, on March 28, 2020, I emailed to clarify that my request for a response by Monday dealt with the "news reports that DOC is actively transporting patients with COVID-19 *to* LSP, placing our most vulnerable clients at heightened risk," not the broader motion to reopen discovery *See* Ex. A. I reiterated our previous request that Defendants' counsel confirm by Monday March 30, 2020 whether in fact the DOC's plan was to actively transport patients with COVID-19 to LSP. *Id.*

8. Approximately an hour later, on March 28, 2020, Defendants' counsel responded in acknowledgement of our clarification but maintaining "[y]ou have clearly raised this issue in your filing and we plan to respond accordingly." *See* Ex. A.

9. On March 29, 2020, in an attempt to avoid unnecessary motion practice, I emailed Defendants' counsel to inquire yet again if they could confirm whether DOC intends to transfer patients with COVID-19 to LSP. *See* Ex. A. I explained that we would "file an emergency motion seeking to restrain DOC form engaging in such transfers until the Court has an opportunity to pass on their legality," unless they could confirm "by close of business on Monday that DOC does not have this plan." *Id.*

10. At 4:05 pm on March 30, 2020, Defendants' counsel responded that he did not need to provide us with any information on "the purported movement of prisoners in the DOC system to Angola" before the Court ruled on the motion to reopen discovery, but provided a partial response that DOC had not yet transferred anyone with COVID-19 to Angola and that there were "no imminent plans to make any such transfers at this time." *See* Ex. A. Defendants' counsel did not respond to our request to confirm or deny whether DOC's intention was to transport patients with COVID-19 to LSP from other facilities. *Id.*

11. Shortly after receiving Defendants' counsel's email, a member of the Louisiana advocacy community informed us that they had just been told by an employee of a local sheriff's office that they had one confirmed COVID-19 case who was being transferred to Allen. We had previously been informed that DOC's plan was to transfer patients to Allen until it was full, and then to LSP.

12. We responded to Defendants' email shortly thereafter, pointing out that Defendants' counsel had not answered our question of "whether DOC has a plan to transfer patients with COVID-19 to LSP." *See* Ex. A. We explained the information that we had just received and noted that Defendants' email left open the possibility that transfers to LSP would begin as soon as Allen is full. *Id.* In a final effort to avoid motion practice, we asked Defendants' counsel to confirm by March 31, 2020 at 10:30 a.m. whether "1) DOC plans to transfer patients with COVID-19 from other jails and facilities to LSP (before or after Allen runs out of room for transfers)" and "2) whether Defendants will provide us with 14 days' notice before making such transfers, allowing us time at that point to bring the matter to the Court in a more orderly fashion." *See* Ex. A.

13. Although Defendants' counsel emailed me almost immediately to ask who had told us that transfers to Allen had already begun, *see* Ex. A., as of 11:00 a.m. on March 31, 2020, they have not responded to our request that they confirm whether they plan to transfer patients with COVID-19 to LSP and whether they will provide us with time before doing so to allow us to seek relief from the Court on a less expedited timetable.

I declare under penalty of perjury that the statements above are true and correct. Executed on this 31st day of March, 2020.



                                                                             Jeffrey Dubner