UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH LEWIS, JR., KENTRELL PARKER,  * JUDGE SHELLY D. DICK
FARRELL SAMPIER, REGINALD GEORGE, *
JOHN TONUBBEE, OTTO BARRERA,   * USMJ RICHARD L. BOURGEOIS, JR.
CLYDE CARTER, CEDRIC EVANS,   *
EDWARD GIOVANNI, RICKY D. DAVIS,   * CIVIL ACTION
LIONEL TOLBERT, and RUFUS WHITE,   * NO. 15-cv-318-SDD-RLB
on behalf of themselves and all others similarly *
situated   *
   *
VERSUS   *
   *
BURL CAIN, Warden of the Louisiana State   *
Penitentiary, in his official capacity;   *
STEPHANIE LAMARTINIERE, Assistant   *
Warden for Health Services, in her official   *
capacity, JAMES M. LEBLANC, Secretary   *
Of the Louisiana Department of Public Safety   *
and Corrections in his official capacity, and   *
THE LOUISIANA DEPARTMENT OF   *
PUBLIC SAFETY AND CORRECTIONS   *

## DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO CERTIFY RULING FOR INTERLOCUTORY APPEAL

NOW INTO COURT, through undersigned counsel, come Defendants, the Louisiana

Department of Public Safety and Corrections ("DOC"); Darrel Vannoy in his official capacity as

Warden of the Louisiana State Penitentiary; Stephanie Lamartiniere, in her official capacity as

Assistant Warden of the Louisiana State Penitentiary; James M. Leblanc, in his official capacity as

Secretary of the Louisiana Department of Public Safety and Corrections, John E. Morrison, MD, in

his official capacity as Medical Director for DOC; Stacye Falgout, in her official capacity as the Chief

Nursing Officer for DOC; Randy Lavespere, MD, in his official capacity as the Medical Director for

the Louisiana State Penitentiary; Sherwood Poret, RN, in his official capacity as the Director of

Nursing for the Louisiana State Penitentiary; and Cynthia Park, ACNP, in her official capacity as an

Acute Care Nurse Practitioner at the Louisiana State Penitentiary, who respectfully submit the

following memorandum in support of their motion for reconsideration or, in the alternative, to certify ruling for interlocutory appeal.

## I.    INTRODUCTION

On March 31, 2021, this Honorable Court issued a 124-page Opinion in connection with the above referenced matter. [R. Doc. 594].  In the Opinion, the Court finds that Plaintiffs have satisfied their burden of proving that Defendants have been deliberately indifferent to the inmates' serious medical needs in the means and manner of the delivery of health care, in violation of the Eighth Amendment of the United States Constitution. [R. Doc. 594, p.2]. The Court also found that Plaintiffs have met their burden of establishing, in part, that Defendants violated the Americans with Disabilities Act. [R. Doc. 594, p.3].

A review of the Court's findings demonstrates that they are based on medical treatment and events occurring many years prior to the trial of this matter in October 2018 and many more years prior to the date of the Opinion which was rendered on March 31, 2021.  In reaching its conclusions regarding deliberate indifference, the Court repeatedly references events and treatment dating back as far as 10 years ago.  For example, the Court twice references "Patient 13" in support of its findings [R. Doc. 594, p.11 and 14].  The discussion of Patent 13 reflects that the relevant treatment relied upon by the Court occurred in 2014 and 2015. [R. Doc. 594, p.11 and 14].  The Court also references "Patient 5" in support of its findings. [R. Doc. 594, p.13].  The treatment referenced in the Opinion regarding Patient 5 occurred in 2014.  [R. Doc. 594, p.13] The Court also twice references "Patient 17" in support of its findings. [R. Doc. 594, p.13–14, 25].  The treatment relating to Patient 17 occurred in 2012 – 2014. [R. Doc. 594, pp. 13-14, 25].  The Court also relies on treatment of "Patient 7" in support of its findings. [R. Doc. 594, p.15]. The treatment relating to Patient 7 occurred in 2013. [R. Doc. 594, p.15-16].  The Court further references "Patient 6" in support of its findings. [R. Doc.

594, p.17].  The noted treatment of Patient 6 occurred in 2013 – 2015. [R. Doc. 594, p.17]. The Court references "Patient 53" and "Patient 54" in support of its findings. [R. Doc. 594, p.19].  The relevant treatment period of these patients occurred between 2013 and 2016. The Court references plaintiff, Otto Barrera, in support of its findings. [R. Doc. 594, p.20].  The relevant treatment period discussed in the Opinion is 2013-2016.  [R. Doc. 594, p.20].  The Court also references plaintiff, Joe Lewis, in support of its findings. [R. Doc. 594, p.20].  The relevant treatment period for Mr. Lewis was 2012-2014. [R. Doc. 594, p.20- 21].  The Court also relies on treatment relating to plaintiff, Shannon Hurd, in its opinion. [R. Doc. 594, p.21].  The treatment at issue occurred in 2013-2015.  The Court twice references treatment of "Patient 39" in support of its findings. [R. Doc. 594, p.23, 27].  The treatment at issue occurred in 2011. [R. Doc. 594, p.23-24, 27].  The Court also references "Patient 18" in support of its findings. [R. Doc. 594, p.24].  The treatment at issue occurred in 2013. [R. Doc. 594, p.23].  Additionally, the Court made reference to "Patient 3" in its Opinion and discussed treatment occurring in 2008. [R. Doc. 594, p.23].  However, the Court determined that treatment in 2008 was too old to be probative of current health conditions at LSP. [R. Doc. 594, p.23].

These are just a few examples of the very dated evidence that was relied upon by the Court in reaching its conclusion that Defendants were deliberately indifferent to the medical needs of patients in violation the Eighth Amendment.  In fact, this Court did not even consider any evidence beyond September 30, 2016, some two years before the trial and over four years prior to the date that the subject opinion was issued.  Defendants submit that a finding of deliberate indifference based on this dated evidence is improper under existing federal law.  Defendants therefore respectfully ask the Court to reconsider its ruling or, alternatively, to certify the ruling for interlocutory appeal.

3

## II.   LAW AND ARGUMENT

### A.   The Court Should Reconsider Its Ruling In Light Of The Recent Fifth Circuit Opinion in Valentine vs. Collier

On March 26, 2012, the United States Fifth Circuit Court of Appeal rendered its opinion in *Valentine vs. Collier*, No. 20-20525 (5th Cir. March 26, 2021).  The Valentine case involved an Eighth Amendment deliberate indifference claim against a prison in Texas.  After an 18-day bench trial, the district court found that the Defendants violated the Eighth Amendment and issued a lengthy permanent injunction.  The Fifth Circuit reversed concluding that given steps taken by the defendants before the end of trial, plaintiffs failed to prove entitlement to injunctive relief.  In so holding, the Court stated:

> Where there is a possible constitutional violation that is likely to continue over time as in a prison injunction case, we consider the evidence from the time suit is filed to the judgment. [citing *Stewart v. Murphy*, 174 F.3r 530, 536 (5th Cir. 1999)]. Deliberate indifference is determined based on prison officials' "current attitudes and conduct." [citing *Farmer v. Brennan,* 511 U.S 811, 846 (1993).  The evidence must show over the course of the timeline that officials "knowingly and unreasonably disregarded on objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." [citing *Farmer*, 511 U.S. at 846].

*Valentine vs. Collier*, No. 20-20525 at p. 10 (5th Cir. March 26, 2021).

The decision in *Valentine* is consistent with prior Supreme Court decisions and is clearly applicable in this case.  Indeed, the current conditions at LSP go to the threshold requirement of whether the Plaintiffs have alleged an actual case or controversy under Article III of the Constitution.  In determining whether a case or controversy exists in an action seeking prospective relief for allegedly unconstitutional practices, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . **if unaccompanied by any continuing, present adverse effects**."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1982) (emphasis added).

4

As the Supreme Court has repeatedly held, an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013).

As noted in the *Valentine* case, the Supreme Court has also held that current conditions are necessary in establishing whether relief should be granted under circumstances very similar to those before this Court:

> [If a prisoner] seeks injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm, the subjective factor, deliberate indifference, should be determined in light of the prison authorities' **current attitudes and conduct**, their attitudes and conduct at the time suit is brought and **persisting thereafter**. An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue, must adequately plead such a violation[.]

*Farmer v. Brennan*, 511 U.S. 825, 845–46 (1994) (internal quotations and citations omitted) (emphasis added). In order to meet this burden, the inmate may rely "on developments that post-date the pleadings and pretrial motions, as the defendants may rely on such developments to establish that the inmate is not entitled to an injunction." *Id.*

Significantly, the Fifth Circuit in *Valentine* was dealing with a remarkably condensed time frame. In *Valentine*, the plaintiffs filed suit on March 30, 2020, and on July 13, 2020, the district court began an 18-day trial. After the district court rendered judgment in favor of the Plaintiffs, the Fifth Circuit reversed. The Fifth Circuit observed that although the evidence supported a finding of a lack of sinks for handwashing before trial, the defendants installed handwashing stations before and during trial. *Id.* at p.10. If it was error to fail to consider conditions prior to *and during* trial when the Court assessed what occurred a mere few months before trial for determination of deliberate indifference, it is respectfully submitted that it is clear error to make a substantive finding of deliberate indifference without consideration of conditions from four and a half years prior to the Opinion.

In the instant Opinion, the Court has reached a substantive determination that Defendants "are violating the Eighth Amendment rights of the Plaintiff Class and the ADA and RA rights of the Plaintiff Subclass." [R.Doc. 594, p. 122].  The Court also specifically states in the Opinion that "the Court shall order injunctive relief" regarding such matters as: (1) failing to provide constitutionally adequate clinical care; (2) failing to provide adequate medical care with qualified providers at sick call; (3) failing to provide access to medically necessary specialty care in a timely manner; (4) failing to provide constitutionally adequate emergency care; (5) failing to provide adequate qualified emergency care and infirmary care; (6) failing to provide medical leadership and organization; and (6) various failures to comply with the ADA and RA. [R.Doc. 594, pp. 122-124].  All of these findings by the Court are based on evidence that predates September 30, 2016. Defendants submit that the Court's determination that Defendants have violated the Eighth Amendment and the holding that Plaintiffs are entitled to injunctive relief based on evidence that is now some 5 to 10 years old does not satisfy the requirements clearly articulated in the *Valentine v. Collier* case.

Defendants note that at the conclusion of the Opinion the Court states that injunctive relief "shall be entered in favor of Plaintiffs following the remedy phase." [R.Doc. 594, p.122].  The Court has not yet articulated the manner in which the "remedy phase" will be conducted, but it is clear from the Opinion that the Court has already decided that constitutional violations exist at LSP and that injunctive relief will be granted based on outdated evidence.  Defendants submit that any remedy phase will not meet the requirements of the *Valentine v. Collier* case, unless the Court intends to conduct a full trial of the issues allowing evidence of current conditions before reaching any conclusions as to constitutional violations and the need for injunctive relief.  If that is in fact the intention of the Court, then the subject Opinion finding deliberate indifference based on outdated evidence should be vacated.

6

**B.  Alternatively, The Court Should Certify Its Ruling For Interlocutory Appeal**

Under 28 U.S.C. § 1292(b), a district judge may certify an order for interlocutory appeal to the Circuit Court of Appeals when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

In *Hadjipateras v. Pacifica, S.A.,* the Fifth Circuit stated:

> [T]here are occasions which defy precise delineation or description in which as a practical matter orderly administration is frustrated by the necessity of a waste of precious judicial time while the case grinds through to a final judgment as the sole medium through which to test the correctness of some isolated identifiable point of fact, of law, of substance or procedure, upon which in a realistic way the whole case or defense will turn. *Hadjipateras v. Pacifica, S.A.,* 290 F. 2d 697 (5th Cir. 1961).

Section 1292(b) gives "considerable flexibility" to judges to avoid the disadvantages that may be created by deferring appellate review until after a final judgment.  *Hadjipateras v. Pacifica, S.A.,* 290 F.2d 697, 702-03 (5th Cir. 1961). Under Federal Rule of Appellate Procedure 5(a), a district court may at any time enter an order certifying its prior decision for interlocutory appeal or amend its prior order to include the statement required by Section 1292(b), thus permitting the parties to seek immediate interlocutory review.  *See* 16 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3929, at 394 (2d ed. 1996) ("16 C. Wright et al.,"); *Halliburton Co. Benefits Committee v. Graves,* 463 F.3d 360, 363 (5th Cir. 2006) (review grant of order amended more than a year after the order was originally issued).

1.  Controlling Question of Law

"A controlling question of law – although not consistently defined – at the very least means a question of law the resolution of which could materially advance the ultimate termination of the litigation – thereby saving time and expense for the court and the litigants." *In re Cobalt Int'l Energy,*

*Inc. Sec. Litig.*, CV H-14-3428, 2016 WL 949065, at *3 (S.D. Tex. Mar. 14, 2016).  "Whether an issue of law is *controlling* generally hinges upon its potential to have some impact on the course of the litigation." *Ryan, supra* at 723. A controlling question of law may also be found when "the certified issue has precedential value for a large number of cases." *Id.*

Defendants submit that there is a controlling issue of law that is determinative in this case. That controlling issue of law is whether, as a matter of law, the Court is required to consider evidence of current conditions (rather than evidence that is 5 – 10 years old) in its determination of whether there has been deliberate indifference in a prison injunction case.  Defendants submit that the Fifth Circuit jurisprudence mandates such an inquiry and the Opinion does not conform with that requirement.

2.  Substantial Grounds for Difference of Opinion

A substantial ground for difference of opinion has been found in cases in which "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."  *Ryan, supra,* at 723-24.

Defendants submit that there is a substantial difference of opinion between the evidence used to support the Opinion and in the above noted decisions by the U.S. Fifth Circuit and the U.S. Supreme Court.  The Fifth Circuited has stated in the *Valentine v. Collier* case that:

> Where there is a possible constitutional violation that is likely to continue over time as in a prison injunction case, we consider the evidence from the time suit is filed to the judgment. [citing *Stewart v. Murphy*, 174 F.3r 530, 536 (5th Cir. 1999)]. Deliberate indifference is determined based on prison officials' "current attitudes and conduct." [citing *Farmer v. Brennan,* 511 U.S 811, 846 (1993).  The evidence must show over the course of the timeline that officials "knowingly and unreasonably disregarded on objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance

8

of that disregard during the remainder of the litigation and into the future." [citing *Farmer*, 511 U.S. at 846].

*Valentine vs. Collier*, No. 20-20525 at p. 10 (5th Cir. March 26, 2021). The above statements by the Fifth Circuit cannot be reconciled with the nature of the evidence considered by the Court in reaching its Opinion in this case.

### 3.  Advancement of Ultimate Termination

"The institutional efficiency of the federal court system is among the chief concerns motivating § 1292(b)." *Id.* As such, § 1292(b) was "designed to minimize burdens by accelerating or ... simplifying trial court proceedings." *Id.* (internal citations omitted). Certification under § 1292(b) may be appropriate "where early appellate review might avoid protracted and expensive litigation." *Abortion Rights Mobilization, Inc. v. Regan*, 552 F.Supp. 364, 366 (S.D.N.Y.1982).

Defendants submit that the certification of this ruling will promote the advancement of the ultimate termination of this litigation. The issue raised by defendants in this motion is very narrow in scope but involves a threshold question regarding the nature of the evidence that the Court must consider in reaching its determination of whether there has been deliberate indifference in a prison injunction suit. There is simply no reason to delay the resolution of this vital issue pending further proceedings in this Court.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully ask the Court to reconsider its ruling or, alternatively, to certify the ruling for interlocutory appeal. In the event the Court grants interlocutory appeal, the Court should stay further proceeding is this case during the pendency of the appeal.

Respectfully Submitted:

**JEFF LANDRY,
ATTORNEY GENERAL**

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
445 North Boulevard, Suite 300 (70802)
P. O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 383-4703
Facsimile: (225) 343-0630

By: /s/ Randal J. Robert
        Randal J. Robert (#13800)
        Connell L. Archey (#29992)
        Keith J. Fernandez (#33124)
        George P. Holmes (#36501)
        *Special Assistant Attorneys General*
        Email: randy@kswb.com
                connell@kswb.com
                keith@kswb.com
                george@kswb.com

**SHOWS, CALI & WALSH, L.L.P.**
Jeffrey K. Cody, La. Bar Roll No. 28536
Caroline T. Bond, La. Bar Roll No. 34120
John C. Conine, Jr., La. Bar Roll No. 36834
*Special Assistant Attorneys General*
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-1467
Email: jeffreyc@scwllp.com
            caroline@scwllp.com
            coninej@scwllp.com

10

Patricia Wilton (La. Bar Roll No. 18049)
Elizabeth Murrill (La. Bar Roll No. 20685)
Michelle White (La. Bar Roll No. 26988)
Angelique Freel (La. Bar Roll No. 28561)
Colin Clark (La. Bar Roll No. 33775)
Andrea Barient (La. Bar Roll No. 35643)
*Assistant Attorneys General*
Louisiana Department of Justice
1885 North 3rd Street
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6200
Facsimile: (225) 326-6297
Email: WiltonP@ag.louisiana.gov
        MurrillE@ag.louisiana.gov
        WhiteMi@ag.louisiana.gov
        FreelA@ag.louisiana.gov
        ClarkC@ag.louisiana.gov
        BarientA@ag.louisiana.gov

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of April, 2021 I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_/s/ Randal J. Robert_
Randal J. Robert

58242070.v1

11