# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH LEWIS, JR., ET AL. | CIVIL DOCKET |
| VERSUS | 15-318-SDD-RLB |
| BURL CAIN, ET AL. | |

### RULING

This matter is before the Court on Plaintiffs' *Motion for Discovery Sanctions*.[1] The Defendants have filed an *Opposition*,[2] to which Plaintiffs filed a *Reply*,[3] and Defendants filed a *Sur-Reply*.[4] For the following reasons, Plaintiffs' *Motion* is GRANTED in part and DENIED in part.

I. **BACKGROUND**[5]

The remedy phase of this matter is set for trial on 6/6/2022 through 6/17/2022. Following a Status Conference held on 12/15/2021, the Court entered a scheduling order with various discovery and filing deadlines.[6] The Court set February 18, 2022 as the deadline for the completion of fact discovery.

II. **ISSUES PRESENTED**

The basis of the present *Motion for Sanctions* is the Plaintiffs' request for

---

[1] Rec. Doc. 661.
[2] Rec. Doc. 668.
[3] Rec. Doc. 678.
[4] Rec. Doc. 676.
[5] The Court provided a synopsis of the prior proceedings in its *Ruling Denying Defendants' Motion for Protective Order. See* Rec Doc. 645.
[6] *Id.*

production of the "complete medical records" of 67 class members.[7] Plaintiffs allege discovery violations and move for Sanctions for two reasons: 1) the failure of the Defendants to include Electronic Medication Administration Records ("eMARS") in the initial production of the medical records of 37 patients; 2) tardiness and incomplete production of the medical records of the remaining 30 patients. "Regarding the other 30 medical records the Court ordered Defendants to produce, Plaintiffs were able to reach a compromise with Defendants."[8] Thus, while it undisputed that the Defendants were significantly late in producing the requested medical records,[9] the Court will take up only the issue of the Defendants' recalcitrance and delay in producing the eMARS.

### A.   eMARS

Plaintiffs submit that the Defendants "initially produced the 37 records of deceased patients on a rolling basis between February 16 and February 28."[10] In response to Plaintiffs' counsel's inquiry as to the completeness of the 37 patient records produced, on March 4, 2022, defense counsel advised that

> The medical records provided include all records in each patient's medical chart during the relevant period. *We cannot confirm or deny that the medical charts include all medical administration records. There may be additional MARs records [sic] that would not necessarily be included in the charts provided*.[11]

After more back and forth between the parties, the Defendants advised that eMARS were not included in the medical records production because eMARS "are

---

[7] Plaintiffs' *Third Set of Requests for Remedy Phase Production of Documents*, Rec. Doc. No. 661-2. The Defendants moved for a Protective Order regarding the scope and breadth of discovery aimed at 67 Class members. The Motion was Denied. Rec Doc. 645. At the Defendants' request, the Court extended the discovery deadline to February 25, 2022.
[8] Rec. Doc. 661-1.
[9] According to the Defendants' brief, "By the Court's deadline of February 25, 2022, Defendants had produced twenty-nine (29) of the sixty-seven records requested." Rec Doc. 668.
[10] Rec Doc 661-1.
[11] Rec. Doc. 661-3.

maintained separately."  Defendants committed to production of the eMARS for this subset of 37 Class members by March 23, 2022.[12]

Plaintiffs move the Court to order Defendants to pay Plaintiffs' experts' fees for the time spent re-reviewing charts after learning that the medical records were incomplete. Plaintiffs further seek an extension of 2 weeks (until May 3, 2022) to supplement their medical expert reports with findings from reviewing late produced records.

Defendants respond that "eMARs are not part of an offender's physical medical record (unless portions of them happen to be printed out and placed into the physical record) nor were they ever requested by Plaintiffs in their written discovery."[13] The Court finds the argument disingenuous. Defendants anemically argue that Plaintiffs did not define the terms "medical records" in their discovery requests and did not specifically request eMARs.[14] It defies logic to suggest that a patient's medical record does not include the patient's medication record. The Court construes this as an argument of convenience to avoid sanctions.

### B. Timeliness

Defendants respond that LSP is shorthanded and the medical records are voluminous. Ultimately, Defendants hired a vendor to "assist LSP's Medical Records Department", and Defendants submit that they "completed production of the requested medical records on March 16, 2022."[15]

Defendants bemoan that the Plaintiffs offered to help them find a scanner and/or a vendor who could assist with scanning and copying medical records but that they

---

[12] Id.
[13] Rec. Doc. 668.
[14] Id.
[15] Id.

received "no meaningful assistance" from the Plaintiffs. It is axiomatic that the party seeking discovery has utterly no obligation to assist their opponent in the task. Reliance on what may have been a well-intentioned offer of assistance is no defense.

**LAW AND ANALYSIS**

Parties are obliged to supplement their discovery responses upon learning that the disclosure or response is incomplete. Fed. Rule Civ. P. 26(e). On March 4, 2022, Defendants revealed that eMARS had gone substantially unproduced. Yet, as of the date of filing their *Opposition* to the instant Motion, the production of the eMars was still incomplete.[16]

It is undisputed that Defendants were considerably untimely in their production. The Defendants concede as much:

- "production was *essentially* completed by March 16, 2022"[17]
- "by March 16, 2022, they had satisfied Plaintiffs' request for 'complete medical records' because eMARs are not maintained as part of the medical record at LSP"[18]
- "Plaintiffs have now [March 28, 2022] received *most* of the eMARs"[19]

Defendants argue they were unable to provide complete medical records by February 25, 2022, and their incomplete and tardy production "was substantially justified, [thus] an award of expenses is not warranted."[20] Plaintiffs argue that "Rule 37's discovery sanction is mandatory unless the failure to disclose is harmless or without substantial

---

[16] Note 17, *infra*.
[17] Rec. Doc. 668, p. 5.
[18] *Id.* at p. 6.
[19] *Id.* at p. 9, This statement in Defendants' Opposition to the Motion for Sanctions is an acknowledgment that as of March 28, 2022, production of medical records is still incomplete.
[20] *Id.*

justification."[21] This is not a case presenting a *failure* to disclose; thus, the Court finds the imposition of sanctions is discretionary. The Defendants ultimately agreed to produce the eMARS; thus, the mandatory exclusion provision of Rule 37(c)(1) is not triggered.[22]

The Defendants' argument that they were *unable* to provide complete medical records falls flat and is incongruent with the Defendants' steadfast argument that eMARS were not within the scope of the Plaintiffs request for "complete medical records." It is clear to the Court that LSP either overlooked the eMARS or took the troubling position that a patient's medication records are not part of the patient's medical record. If the eMARS were overlooked because they were stored electronically and not part of the physical patient record, once the oversight was discovered, supplementation was required. Instead of acknowledging non-production as an oversight, Defendants doubled down on the position that the eMARS did not comprise part of the medical record. That untenable position warrants the imposition of sanctions.

Additionally, the Court finds the delayed production of the eMARS, which was still incomplete as of March 28,[23] created a hardship on the Plaintiffs' experts' ability to prepare opinions and reports. In fact, the Defendants concede that the Plaintiffs' experts may not have had complete medical records at any time during this protracted litigation. "Defendants cannot definitively say that complete eMARs were or were not produced to Plaintiffs during the liability phase of trial."[24]

---

[21] Rec. Doc. 661-1 (citing *Quanta Servs., Inc. v. Am. Admin. Grp., Inc.*, 384 F. App'x 291, 295 n.2 (5th Cir. 2008); see also *Caskey v. Man Roland, Inc.*, 1996 U.S. App. LEXIS 45287, at *15-16 (5th Cir. Mar. 18, 1996)).

[22] If a party fails to provide information as required by Rule 26(e), the party "is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

[23] Note 17, *supra*.

[24] Rec. Doc. 668, p. 7.

Accordingly, Plaintiffs' *Motion for Discovery Sanctions*[25] is GRANTED in part and DENIED in part. To the extent the motion calls for procedural sanctions, Plaintiffs' motion for an extension of time to produce expert reports in and through May 3, 2022 is GRANTED. Plaintiffs' motion that the Court order the Defendants to cover the costs of Plaintiffs' experts' review of the supplemental eMARs is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 4th day of April, 2022.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[25] Rec. Doc. 661.