UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH LEWIS, JR., KENTRELL PARKER, FARRELL SAMPIER, REGINALD GEORGE, JOHN TONUBBEE, OTTO BARRERA, CLYDE CARTER, CEDRIC EVANS, EDWARD GIOVANNI, RICKY D. DAVIS, LIONEL TOLBERT, and RUFUS WHITE, on behalf of themselves and all others similarly situated, | * * * * * * * * * | CIVIL ACTION<br><br>NO. 3:15-cv-00318<br><br>JUDGE SHELLY D. DICK<br><br>MAGISTRATE JUDGE<br>RICHARD L. BOURGEOIS |
| VERSUS | * * | |
| BURL CAIN, Warden of the Louisiana State Penitentiary, in his official capacity; STEPHANIE LEMARTINIERE, Assistant Warden for Health Services, in her official Capacity; JAMES M. LEBLANC, Secretary of THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS | * * * * * * * | |

**MEMORANDUM IN SUPPORT OF
MOTION TO LIMIT SCOPE OF TESTIMONY AND EVIDENCE**

MAY IT PLEASE THE COURT:

This memorandum is submitted on behalf of all Defendants in support of their Motion in Limine to Limit the Testimony of Plaintiffs' Medical Experts. The report submitted by Plaintiffs' Medical Experts pursuant to F.R.C.P. 26(a)(2)(B) includes opinions related to aspects of medical care at Louisiana State Penitentiary ("LSP") which are outside of the scope of the relevant issues at the upcoming remedy trial. Likewise, the report submitted by Plaintiffs' architectural accessibility expert, Mark Mazz, includes evaluation of aspects of LSP facilities that exceed the scope of the relevant issues for the upcoming trial. Defendants respectfully request that all such extraneous opinions and testimony thereon be excluded *in limine* from the remedy hearing.

64284216.v1

The resolution of this matter has been bifurcated into separate phases for liability and remedy.  R. Doc. 419.  In ordering bifurcation, the Court acknowledged the need for additional evidence of subsequent conditions "if Plaintiffs prevail on their constitutional and ADA claims." *Id*.  A trial on the merits of Plaintiffs' claims was held in October 2018.  *Id*.  The second phase of trial is to determine the remedy necessary to address the constitutional and statutory violations proven at the merits trial in light of current conditions.  R. Doc. 682.

The remedy hearing is set to begin on June 6, 2022, and continue for two full weeks.  The hearing is to determine the proper remedial measures to bring certain areas of healthcare at LSP, which the Court previously found to be constitutionally or statutorily deficient, into compliance with constitutional and statutory standards.  R. Doc. 594. The Court has advised the parties that the testimony and evidence at this hearing will be limited in scope to the specific issues found to be constitutionally deficient in the Court's Opinion.  *Id.*  Plaintiffs' Medical Expert Report, however, includes opinions related to myriad issues which the Court has previously found constitutionally sound.  Additionally, Plaintiffs' Expert Report regarding ADA violations includes analysis of facilities at LSP which were not subject to the Court's ruling in the merits trial.  Defendants now move to exclude all evidence and testimony at the hearing that exceeds the scope of the deficiencies noted in the Court's Opinion.  *Id.*

As to medical care, the Court's Opinion found the following aspects of care at LSP were ***not*** constitutionally deficient:

1) Assessment of co-pays for accessing care [*Id.*, pp. 29, 101]

2) Malingering policy [*Id.*, p. 30]

3) Use of Do Not Resuscitate ("DNR") orders [*Id.*, p. 36]

4) Chronic care [*Id.*, pp. 36–37]

5) Staffing levels [*Id.*, p. 40]

6) Laboratory services [*Id.*, p. 45]

7) Pain medication management [*Id.*, pp. 45–46]

Nevertheless, Plaintiffs' medical expert reports contain criticisms of these practices in attempts to revisit issues that have been settled and resolved in this matter. By way of example, co-pays were the subject of three out of eleven recommendations by Plaintiffs' Medical Experts regarding improvement of offenders' access to healthcare. *Plaintiffs' Medical Expert Report*, attached as **Exhibit A**, p. 126. Plaintiffs' Medical Experts continue to criticize LSP's policy regarding access to narcotic pain medication outside of the nursing units. Exhibit A, p. 72. The Plaintiffs' Medical Experts also continue to include an entire section of recommendations on staffing levels. Exhibit A, p. 134.

In addition to aspects of care which the Court has explicitly found to meet constitutional standards, the Court remained silent or tacitly accepted as adequate other aspects of care which are criticized by Plaintiffs' Medical Experts. Defendants respectfully submit that testimony and evidence related to these issues should likewise be excluded at the remedy hearing. For example, while the Court noted that medication is administered by correctional officers for the majority of LSP's population, there was no finding that this practice was unconstitutional. R. Doc. 594, p. 5. Nevertheless, Plaintiffs' Medical Experts opine that the correctional officers are not adequately trained to administer medications and do not follow proper procedures for doing so. Exhibit A, p. 72. Additionally, while the Court criticized LSP's medical record maintenance and their availability to treating providers (R. Doc. 594, n. 451 and p. 87), there was no finding that the records kept in paper form are constitutionally inadequate. Plaintiff's Medical Experts,

3

however, continue to insist that LSP implement an electronic medical record system. Exhibit A, p. 135.

While the Court's ruling is void of any analysis or criticism of LSP's infection control policies and procedures, this Court has recently ruled that infection control measures were adequate and successful at LSP and that LSP is not deliberately indifferent with respect to infection control measures. *Gumns v. Edwards*, 2020 WL 2510248 (M.D. La. 5/15/20). Yet again, however, Plaintiffs' Medical Experts criticize the infection control plan and directives at LSP. Exhibit A, p. 35.

As to Plaintiffs' ADA/RA claims, there are aspects of Plaintiffs' expert report regarding ADA compliance of LSP facilities that exceed the scope of the Court's prior ruling. At the merits trial, the Plaintiffs' architectural accessibility expert Mark Mazz surveyed various facilities at LSP including Ash 2, Cypress 2, Camp F Dormitory 1, the Transition Unit, the Protection Tier, the Mental Health Tier, and Wards I and II on the Nursing Unit. R. Doc. 594, p. 48. Mazz's recent report in preparation for the remedy hearing evaluated additional areas of LSP which were not evaluated prior to the merits trial and were not substituted by LSP for areas previously evaluated, including the Trustee Camp Visitor Center, Treatment Unit Cell Block #28, and Visiting Areas.[1] *Report of Mark Mazz*, attached as **Exhibit B**, Attachment 2, item nos. 82–88, 98–112, 173. With respect to areas evaluated in both 2016 and 2022, Mazz's report cites additional purported barriers that were present at the time of his 2016 visit but were note cited in his prior report, and thus, are not part of the Court's ruling. Exhibit B, Attachment 2, item nos. 36–41, 43, 78, 79, 135. To the extent that Mazz's testimony regarding ADA compliance at LSP exceeds the scope of Mazz's prior testimony and the Court's ruling thereon, the expert testimony

---

[1] For example, disabled inmates are no longer housed in Cypress 2. Since the merits trial, LSP converted Ash 1, 3, and 4 into accessible dormitories in place of Cypress 2 and Hickory. Therefore, Ash 1, 3, and 4 were substituted for Cypress 2, which was surveyed by Mass prior to the merits trial.

should be excluded as overbroad and exceeding the scope of the remedy hearing. Exhibit B, Attachment 2.

The Court has already determined which aspects of LSP medical care, programming, and facilities fail to satisfy constitutional or statutory standards. Accordingly, any evidence unrelated to those issues are irrelevant for purposes of the upcoming remedy hearing. Testimony and evidence related to issues which have been found to be constitutionally and statutorily adequate are not of consequence in determining a remedy in this action; such testimony and evidence are therefore not relevant and should be excluded. Furthermore, the superfluous testimony and evidence at the remedy hearing would cause a waste of time and undue delay, distracting from the pertinent issues to be considered. As the upcoming hearing is solely for the purposes of crafting a remedy to address only those specific constitutional deficiencies previously determined by the Court in light of current conditions, evidence and testimony relating to additional aspects of care or additional facilities which were not the subject of the Court's prior analysis and ruling should be excluded.

Defendants respectfully request that all evidence and testimony relating to issues outside the scope of the specified deficiencies found in the Court's opinion be excluded from the upcoming remedy hearing as irrelevant and overbroad. The testimony and evidence at the remedy hearing should be strictly limited to the constitutional and statutory deficiencies proven at the merits trial and based upon current conditions. Plaintiffs should not be permitted to revisit and relitigate the merits of additional allegations upon which they have failed to meet their burden of proof.

Respectfully Submitted:

**JEFF LANDRY,**
**ATTORNEY GENERAL**

        BUTLER SNOW LLP
        445 North Boulevard, Suite 300 (70802)
        P. O. Box 2997
        Baton Rouge, Louisiana 70821-2997
        Telephone: (225) 325-8700
        Facsimile: (225) 325-8800

By: /s/ Randal J. Robert
    Randal J. Robert (#13800)
    Connell L. Archey (#29992)
    Keith J. Fernandez (#33124)
    Allena W. McCain (#38830)
    *Special Assistant Attorneys General*
    Email: randy.robert@butlersnow.com
           connell.archey@butlersnow.com
           keith.fernandez@butlersnow.com
           allena.mccain@butlersnow.com

**SHOWS, CALI & WALSH, L.L.P.**
Jeffrey K. Cody, La. Bar Roll No. 28536
Caroline T. Bond, La. Bar Roll No. 34120
John C. Conine, Jr., La. Bar Roll No. 36834
*Special Assistant Attorneys General*
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-1467
Email: jeffreyc@scwllp.com
       caroline@scwllp.com
       coninej@scwllp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of May 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

        /s/ Randal J. Robert
        Randal J. Robert

64284216.v1