

# Mark J. Mazz, AIA



**Louisiana State Penitentiary**

Americans with Disabilities Act
Review - Update

April 18, 2022



EXHIBIT B

Architecture — Consulting — Barrier-Free Design
4016 Jefferson Street, Hyattsville, MD 20781    301-440-4276    301-263-6868 Fax    mark.j.mazz@verizon.net

I was engaged by The Promise of Justice Initiative to update my report dated September 29, 2016. This update supplements my earlier report. My current CV and fee schedule are in Attachment 1. I conducted my survey of Louisiana State Penitentiary (LSP) on April 6, 2022.

Additional material that I used in developing my opinion are:
1. Settlement Agreement between the United States of America and Louisiana State Penitentiary, Louisiana Department of Public Safety and Corrections under the Americans with Disabilities Act Attachment A.
2. Other documents that I may have mentioned in my original report.

My original survey was limited to the physical areas involved in *Lewis et al. v. Cain et al.*, M.D. La. Case No. 15-318, Complaint. During my April 6, 2022, visit, I was informed by LSP staff that certain functions were moved to other facilities. In that my role did not include determining the impact on the inmates with disabilities of moving the accessible dormitories on other programs I resurveyed the parts of my original report that are still relevant and the additional facilities where the programs now reside. I listed the remaining barriers in the chart in Attachment 2. The photos are in Attachment 3.

In the November 11, 2017, settlement with DOJ, LSP agreed to modify certain facilities to be in compliance with the 2010 ADA Standards. A few of these areas coincide with what I surveyed on April 6, 2022. I added a column to my chart showing which barriers still exist even though LSP had agreed to remove them for the DOJ settlement.

I continued surveying unaltered items using the 1991 ADA Standards. I used the 2010 ADA Standards for items that were altered after my last site visit.

**Findings:**

A complete listing of my findings is in Attachment 2. Briefly, I found that:
1. The accessible routes between dormitories and other facilities have several abrupt changes in level which can trip inmates who have trouble lifting their feet and can snag a caster wheel on a wheelchair.
2. Drinking fountains are not paired. Consequently, either the drinking fountain is too high for an inmate in a wheelchair or too low for an inmate who is unable to bend over.
3. The paved accessible routes to the recreation yards stop well before the recreation areas, preventing inmates in wheelchairs from independently using the facilities.
4. Many visitors in wheelchairs lack the use of a toilet room in that the toilets lack properly sized grab bars.
5. In the visiting area, many inmates in wheelchairs lack an accessible toilet room in that the door is too narrow, the space around the door is too constricted to open the door, and the toilet has no accessible features.
6. Many ramps lack accessible handrails making it more difficult for an inmate with balance or stamina issues to use the ramps without falling.
7. Some ramps have sections that are too steep for many inmates in wheelchairs to use independently.
8. In some locations, mail slots are out of reach for many inmates in wheelchairs.

Architecture         Consulting        Barrier-Free Design
4016 Jefferson Street, Hyattsville, MD 20781    301-440-4276    301-263-6868 Fax    mark.j mazz@verizon.net

9. Most tables lack sufficient clear floor space for many persons in a wheelchair to pull under the table.
10. In most dormitories, the telephone controls were out of reach for inmates in wheelchairs who have limited use of their arm muscles.
11. In most dormitory bathrooms and nursing unit bathrooms:
    a. Ramps at the entrance were too steep for many inmates in wheelchairs to use.
    b. Urinals were too high to use from a wheelchair.
    c. Many mirrors are too high for inmates in wheelchairs.
    d. Many lavatories are unusable for many inmates in wheelchairs because they lack sufficient pipe insulation to protect against abrasive edges.
    e. Toilets are unusable for many inmates in wheelchairs and many inmates who have difficulties with balance or standing from a seated position because grab bars are missing, too short, or otherwise noncompliant; the toilets were too low or too close to the wall; or the space around the toilet is too constricted.
    f. Showers are unusable for many inmates in wheelchairs and many inmates who have difficulties with balance or standing from a seated position because seats are in the wrong place; grab bars are missing, too short, or otherwise noncompliant; controls are inaccessible; or the space adjacent to the shower is too small.
    g. Bathtubs are unusable for many inmates in wheelchairs because they lack any accessible features including seats, compliant grab bars, or controls within reach.
12. The Treatment/Segregation Tier shower is unusable for many inmates in wheelchairs because the controls are out of reach, grab bars are too short and missing on one wall, and there is no handheld shower spray or showerhead low enough to use in a seated position.
13. The cells are unusable for many inmates in wheelchairs because the controls for the windows in the cells are out of reach and require tight grasping and twisting to operate.
14. Many of the accessible cells lack desks that are provided for the other inmates.
15. The entry doors to Nursing Units 1 and 2 are not accessible because they are too narrow through one leaf for many inmates in wheelchairs to use independently.
16. The doors from Ash 1, 2, 3, and 4 and Nursing Units 1 and 2 to the yard lack sufficient maneuvering space beside the latchside of the doors for many inmates in wheelchairs to use independently.
17. Instead of addressing barriers in Cypress and Hickory dormitories, Defendants are converting Ash 1, 3, and 4 into accessible dormitories. Defendants prohibited me from evaluate Cypress and Hickory dormitories, even though they were used as housing units for people who use wheelchairs as recently as March 2022. I have seen no evidence that the barriers I identified in my original report in and near Cypress and Hickory dormitories have been remediated. I also do not know which programs, services, or activities are readily available in the Cypress and Hickory dormitories that are not in the Ash dormitories, and therefore cannot assess whether the change in dormitories affects program access.

**Conclusion:**

Based on my experience and my understanding of the requirements, it is my opinion that the Louisiana State Penitentiary is not accessible to inmates with disabilities (as well as visitors with disabilities). The facilities do not comply with Title II of the Americans with Disabilities Act

Architecture          Consulting          Barrier-Free Design
4016 Jefferson Street, Hyattsville, MD 20781    301-440-4276    301-263-6868 Fax    mark.j mazz@verizon.net

(ADA) and Section 504 of the Rehabilitation Act of 1973 (Section 504). I reserve the right to amend my report should additional information become available.

*[signature: Mark J. Mazz]*

4

Architecture    Consulting    Barrier-Free Design
4016 Jefferson Street, Hyattsville, MD 20781    301-440-4276    301-263-6868 Fax    mark.j mazz@verizon.net