UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH LEWIS, JR., ET AL. | CIVIL DOCKET |
| VERSUS | 15-318-SDD-RLB |
| BURL CAIN, ET AL. | |

**RULING**

Before the Court are the following pretrial evidentiary *Motions*. Plaintiffs filed a *Motion in Limine re Burden of Proof*;[1] Defendants filed an *Opposition*.[2] Plaintiffs filed a *Motion in Limine re Evidentiary Issues*;[3] Defendants filed an *Opposition*.[4] Defendants filed a *Motion in Limine to Admit Additional Evidence*;[5] Plaintiffs filed an *Opposition*.[6] Defendants filed a *Motion to Limit Scope of Testimony and Evidence*;[7] Plaintiffs filed an *Opposition*.[8]

The Court considered the law and argument of the parties and issues the following *Omnibus Ruling*.

This is a class action case alleging unconstitutional medical care provided at Louisiana State Penitentiary ("LSP") as well as violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") at the prison. The Court

---

[1] Rec. Doc. No. 692.
[2] Rec. Doc. No. 705.
[3] Rec. Doc. No. 693.
[4] Rec. Doc. No. 706.
[5] Rec. Doc. No. 694.
[6] Rec. Doc. No. 702.
[7] Rec. Doc. No. 695.
[8] Rec. Doc. No. 703.

1

bifurcated the case into separate liability and remedial phases. Following a trial on liability the Court found that aspects of the medical care at LSP violated the Eighth Amendment and found violations of the ADA and RA.[9] The subject *Motions in Limine* address evidentiary issues contemplated to arise in the remedy phase which is set for trial commencing on June 6, 2022.

    I.    *Plaintiffs' Motion in Limine Regarding Burden of Proof*[10]

Plaintiffs seek injunctive relief, which must be "narrowly drawn [and may extend] no further than necessary to correct the violation of the Federal right and is the least intrusive means necessary to correct the violation of the Federal right."[11] Throughout these proceedings the Defendants have maintained that they have implemented remedial measures which may largely or entirely ameliorate the violations. The Court has previously advised that "at the remedy phase of this matter, any remedial measures undertaken by LSP will certainly be recognized and credited where appropriate."[12]

Plaintiffs move the Court "(1) to confirm that Defendants bear the burden of showing changes in conditions, and (2) to confirm that Plaintiffs need not re-prove Defendants' deliberate indifference."[13] Defendants have filed a *Memorandum in Opposition*.[14] For the following reasons, the Plaintiffs' *Motion* is DENIED.

Plaintiffs cite no precedent for the proposition that the burden of proof shifts. To be sure, the Defendants have the burden of their defense that they have remedied violations found following the liability trial. However, the Fifth Circuit instructs that in a "prison

---

[9] Rec. Doc. No. 594, p. 122.
[10] Rec. Doc. No. 692, 692-1.
[11] 18 U.S.C. § 3626(a)(1)(A).
[12] Rec. Doc. No. 594, p. 46, n.195.
[13] Rec. Doc. No. 692, p. 1.
[14] Rec. Doc. No. 705.

injunction case…. The evidence must show over the course of the timeline that officials knowingly and unreasonably disregarded an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future."[15] The Court concludes that Plaintiffs bear the burden of proving the need for equitable relief by demonstrating that the unlawful and unconstitutional conditions found following the liability trial persist and are likely to persist into the future. To the extent that the Defendants have implemented new policies, procedures, or other remedial measures, the Defendants bear the burden of proof.

II.     *Plaintiffs' Motion in Limine Regarding Evidentiary Issues*[16]

Plaintiffs move the Court (1) to exclude evidence of post-discovery conditions; (2) to preclude Defendants' witnesses from contradicting Defendants' discovery responses discovery; (4) in the alternative, to allow Plaintiffs' experts to testify in rebuttal about any post-discovery conditions or evidence, or contradictions of discovery responses and 30(b)(6) testimony; and (5) to designate deposition testimony.[17] The Defendants have filed an *Opposition*.[18]

The *Motion* is DENIED without prejudice. Objections may be urged at trial. The parties are ordered to meet and confer to reach stipulations regarding proposed testimony and the admissibility of deposition excerpts in lieu of live testimony where appropriate.

---

[15] *Valentine v. Collier*, 993 F.3d 270, 282 (5th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 846 (1993)).
[16] Rec. Doc. No. 693, 693.1.
[17] Rec. Doc. No. 693, p. 1.
[18] Rec. Doc. No. 706.

The Court will accommodate remote video testimony upon agreement of the parties where appropriate.

    III.    *Defendants' Motion in Limine to Admit Additional Evidence*[19]

Defendants "request that they be allowed to present evidence of current conditions at LSP to the extent that the evidence is relevant and probative to a determination of whether LSP is engaged in **continuing** violations justifying injunctive relief."[20] Plaintiffs oppose the request to "introduce evidence of post-discovery conditions" which Plaintiffs argue "much of it contradicting their sworn discovery responses".[21] Plaintiffs cry foul to expanding evidence to include documents that were not produced prior to the remedy phase discovery cut-off.

Courts are reluctant to permit the introduction of material and evidence that was not timely produced in discovery. However, this is not an ordinary proceeding. It is an extraordinary proceeding seeking prospective injunctive relief. A full picture of the current conditions at the time of trial is necessary to enable the Court to narrowly craft relief, only where necessary.[22] The Court will allow the Defendants to offer the following evidence, provided it has been disclosed and produced to Plaintiffs on or before 5 pm on Friday May 27, 2022.

- Updated policy and protocol for responding to self-declared emergencies;
- Evidence of staffing changes, specifically job responsibilities assigned to Ashli Oliveaux, LSP Deputy Warden and Sharita Spears, ADA Director, both of whom have been deposed by Plaintiffs;

---

[19] Rec. Doc. No. 694, 694.1.
[20] Rec. Doc. No. 694.1, p. 8 (emphasis added).
[21] Rec. Doc. No. 702, p. 1.
[22] 18 U.S.C. § 3626(a)(1)(A).

- Evidence of Inmate Orderly training conducted the last week of March 2022. Two of the Class representatives are Inmate Orderlies and can be called, if necessary, by the Plaintiffs to rebut or challenge this evidence;

- Current versions of Healthcare Tracking and Status Logs, earlier versions of which have been previously produced in discovery in this litigation.

- Recent Morbidity and Mortality Review Meeting Minutes. Mortality reviews have been exchanged in written discovery throughout these proceedings. The most current minutes may be offered through the appropriate witness, subject to cross examination;

- Recent Quality Assurance and Quality Improvement Meeting Minutes and Training Materials. Defendants represent that "these materials are generated as a result of regularly-scheduled meetings throughout the year. Prior documents related to Quality Assurance and Improvement have been exchanged in written discovery." The Court finds that any prejudice can be overcome by cross examination.

In summary, it is the Court's view that recent evidence of current practices is probative of current conditions, and the risk of litigation posturing can be mitigated and brought to light by cross-examination and rebuttal. The Defendants' *Motion*[23] is GRANTED without prejudice to objections at the time of trial.

---

[23] Rec. Doc. No. 694.

5

IV.   *Defendants' Motion to Limit Scope of Testimony and Evidence*[24]

Defendants move to exclude or limit testimony and evidence of healthcare procedures which the Court did not find to be constitutionally infirm. Specifically, the Defendants seek to exclude evidence critical of the following:

1) Assessment of co-pays for accessing care

2) Malingering policy

3) Use of Do Not Resuscitate ("DNR") orders

4) Chronic care

5) Staffing levels

6) Laboratory services

7) Pain medication management

The matter is not so simple. The Court found "constitutionally inadequate" access to clinical care, specialty care, infirmary care, and emergency care. The Plaintiffs persuasively argue that "even if the specific shortcomings are not subject to direct remediation in this case" they may contribute to unconstitutional care.[25] For example, even though LSP's chronic care delivery was found constitutionally adequate, chronically ill inmates may still seek clinic care, emergency care and infirmary care. The various paths of the healthcare delivery system intersect. The Court cannot decide what evidence of the current healthcare delivery system is relevant to the constitutional claims in a pretrial vacuum.

The *Motion in Limine* to exclude evidence of items 1-7 above is DENIED, without prejudice to the right of the Defendants to urge objections at trial.

---

[24] Rec. Doc. No. 695, 695.1.
[25] Rec. Doc. No. 703, p. 2.

6

Defendants also move to limit/exclude portions of Plaintiffs ADA experts' opinions.[26] Defendants argue that "Mazz's recent report in preparation for the remedy hearing evaluated additional areas of LSP which were not evaluated prior to the merits trial…."[27] Plaintiffs concede that Mr. Mazz did not previously opine on the Trustee Camp Visitor Center, and advise that they "do not intend to seek relief regarding items no. 82-88 in Mr. Mazz's report."[28] Defendants' motion to exclude opinion as to Treatment Unit ("TU") Cell Block #28 is DENIED for the reason that this area was admittedly "substituted by LSP for areas previously evaluated…."[29] The *Motion* as to Mazz's evaluation and opinions of the Visiting Areas is DENIED. Mr. Mazz addressed barriers in the Visiting Area in his earlier liability report. Defendants' motion to limit/exclude evidence of "Additional Barriers" is referred to the merits.

Signed in Baton Rouge, Louisiana, on May 26, 2022.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[26] Rec. Doc. No. 695, 695.1.
[27] Rec. Doc. No. 695.1, p. 4
[28] Rec. Doc. No. 703, p. 11.
[29] Rec. Doc. No. 695.1, p. 4.