# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH LEWIS, JR., ET AL. | CIVIL DOCKET |
| VERSUS | 15-318-SDD-RLB |
| BURL CAIN, ET AL. | |

## RULING

Before the Court is Defendant's Motion *in Limine* to Exclude Expert Testimony of of Dr. Dora B. Schriro, Ed.D., J.D. ("Dr. Schriro").[1] Plaintiffs filed an Opposition.[2] The Court has considered the law and the arguments of the Parties, and the Motion is DENIED for the following reasons.

Defendants urge exclusion of Dr. Schriro arguing that she lacks the qualifications to render ADA/RA opinions and that her opinions are unreliable and not supported by facts. In the alternative, Defendants move to exclude: 1) opinions concerning medical care, including the training and utilization of health care orderlies at LSP; 2) opinions reached by reliance on statements of unidentified inmates; and 3) opinions and recommendations for relief on matters beyond the specific ADA violations found by the Court in its liability ruling.

## Dr. Schriro's Qualifications

Plaintiffs retained Dr. Dora Schriro to provide opinions "on compliance with and administration of the Americans with Disabilities Act (ADA), the ADA Amendments Act

---

[1] Rec. Doc. 699.
[2] Rec. Doc. 701.

1

(ADAAA), and the Rehabilitation Act (RA) at Louisiana State Penitentiary (LSP)."[3] Plaintiffs represent that "Dr. Schriro is an expert in correctional administration."[4] Dr. Schriro testified that "[t]he scope of my expert[ise] is as a correction administrator who has been involved in system-wide reform, and in this case, as it relates to the ADA."[5]

Defendants argue that "Dr. Schriro does not possess the education, training, or past experience necessary to provide a reliable opinion in this case concerning Defendants' compliance with and administration of ADA."[6] She holds a Doctorate in Education and Juris Doctorate in Law.[7] She has held no position that tasked her with direct responsibility for ADA compliance.[8] Defendants assert that Schriro "has *never* previously been qualified as an expert in the area of ADA compliance in any court proceeding," and she has not authored any publications which directly address the ADA.[9]

A review of her report and CV reveals that Dr. Schriro has held several executive level administrative and policy making positions within the corrections industry and related law enforcement and security affiliated fields, which included responsibility "for implementing and ensuring compliance with state and federal law, including the ADA and RA."[10] In support of her qualifications to provide opinion testimony on ADA compliance, Plaintiffs argue that Schriro has experience "creating systems for identifying and assessing individuals with disabilities; creating a centralized, comprehensive tracking system; classifying individuals coming into the system and returning to it; and

---

[3] Rec. Doc. No. 699-2, p. 1.
[4] Rec. Doc. No. 701, p. 1.
[5] Rec Doc. No. 699-3, p. 19, lines 21-23.
[6] Rec. Doc. No. 699-1, p. 4.
[7] Rec. Doc. No. 699-2, p. 26.
[8] Rec. Doc. No. 699-1.
[9] *Id.* at p. 4.
[10] Rec. Doc. No. 699-2, p. 2.

accommodating disabilities."[11] Her CV discloses extensive publication in subjects related to design and administration of correctional facilities in a manner to comply with applicable laws and regulations.[12]

The Court finds that Dr. Schriro possesses the education, experience, and knowledge to provide opinion testimony regarding ADA and RA compliance in a correctional setting and to offer opinions on remedial measures to facilitate and improve ADA and RA compliance.

### **Reliability and Bases for Opinions**

Defendants argue that Dr. Schriro's opinions are both unreliable and speculative. Defendants claim Dr. Schriro failed to review key evidence "before forming her opinions in this matter – *i.e.*, the full 30(b)(6) deposition testimony of Warden Falgout; the deposition testimony of Sharita Spears; the deposition testimony of the two heath care orderlies deposed; and the ADA requests for accommodations for the Relevant Period. These deficiencies seriously undermine the reliability of her report."[13] Plaintiffs counter that "Dr. Schriro personally met with Mr. Hines," one of the health care orderlies, "as confirmed by her site inspection notes" and that, although "first part of the 30(b)(6) deposition [by] Deputy Warden Tracy Falgout was delayed past the deadline for expert reports, . . . Dr. Schriro reviewed both the transcript of Warden Falgout's individual deposition and the available transcript of the second part of his 30(b)(6) deposition."[14]

Defendants further argue that: "For most of the instances in her report where she references statements of purported issues that were communicated to her by inmates or

---

[11] Rec. Doc. No. 701, p. 5.
[12] *See* Rec Doc. No. 699-2, pp. 27-28.
[13] Rec. Doc. No. 699-1, p. 19.
[14] Rec. Doc. No. 701, p. 15.

3

orderlies, she could not recall the names of any of the people who had provided her this information[,]"[15] which undermines the reliability of Dr. Schriro's opinions. Dr. Schriro made contemporaneous notes of her site visit and her discussions with inmates.[16] She testified that she did not take notes on everybody,[17] but her site visit notes identified many of these Class Members by name.[18]

She conducted a site visit at LSP on April 6, 7, and 8, 2022, and she interviewed inmates and reviewed, among other things, LSP and DOC directives and policies, discovery responses, and deposition testimony.[19] The Court finds that Dr. Schriro used reliable methodology and obtained facts and consulted sufficient data and information to opine on the issue of whether LSP has made significant changes or improvements to be in compliance with the ADA and RA.

Defendants argue that Dr. Schriro's opinions are not helpful to the Court, as the trier of fact, arguing that Dr. Schriro does nothing more that state the obvious. Defendants also argue that she summarizes the Court's ADA and RA findings and then, by referencing depositions of the Defendants' witnesses, concludes that the deficiencies remain unresolved. Defendants claim that "[m]any of Dr. Schriro's 'findings,' . . . were based solely upon the Court's prior findings . . . in conjunction with her noting merely that Defendants recently disclosed that no changes had occurred."[20] Defendants argue that "ADA expertise is not required for the Court to connect those dots," and many of Dr. Schriro's findings merely "parrot" the Court's liability findings.[21] Absent stipulation by the

---

[15] Rec. Doc. No. 699-1, p. 7.
[16] *Id.* at pp. 6-7.
[17] Rec. Doc. No. 699-3, p. 49, lines 1-5.
[18] *See* Rec. Doc. No. 700-1 (SEALED).
[19] Rec. Doc. No. 699-2, pp. 4-5.
[20] Rec. Doc. No. 699-1, p. 9.
[21] *Id.* at p. 5.

parties that no changes have been made to LSP's ADA compliance policies and practices, the interests of efficiency and judicial economy will be served by permitting the testimony.

The Defendants alternative motion to exclude specific opinion testimony is DENIED for the following reasons.

1. Motion to exclude opinions concerning medical care, including the training and utilization of health care orderlies at LSP: The Court found that the "[t]he orderly program creates an unnecessary risk of harm to disabled and vulnerable inmates."[22] Accordingly, the Court will permit opinion testimony from Dr. Schriro regarding orderly assistance to inmates with disabilities.

2. Motion to exclude opinions reached by reliance on statements of unidentified inmates: For the reasons stated above, the Court denies the Motion to exclude opinions that rely on inmate interviews and will afford these opinions the weight that is appropriate.

3. Motion to exclude opinions and recommendations for relief on matters beyond the specific ADA violations found by the Court in its liability ruling: The Court has reviewed the report of Dr. Schriro and finds that it is confined to the specific areas of ADA and RA noncompliance articulated by Court in its liability Ruling.

Accordingly, Defendant's Motion *in Limine* to Exclude Expert Testimony of Dr. Dora B. Schriro, Ed.D., J.D.[23] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 3rd day of June, 2022.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[22] Rec. Doc. No. 594, p. 55.
[23] Rec. Doc. No. 699.