

June 4, 2026

Honorable Shelly D. Dick
Russell B. Long Federal Building and United States Courthouse
777 Florida Street, Suite 301
Baton Rouge, LA 70801

Re: *Lewis, et al v. Cain, et al*, Civil Action No. 3:15-cv-218-SDD-RLB

Dear Judge Dick:

Plaintiffs write to respond to the Court's request for a proposal regarding the scope, nature, and extent of discovery and a proposed timeline. ECF 854.

Plaintiffs agree that the three categories of facts identified by the Court during the status conference (*i.e.*, current conditions, any remedial measures since May 2022, and any planned improvements) are core parts of the evidence needed to evaluate whether Defendants are still violating Class members' constitutional and statutory rights. However, Plaintiffs do not believe that those categories will be sufficient to evaluate whether Defendants are subjectively indifferent, as that standard was articulated by the Fifth Circuit. Because Plaintiffs cannot obtain relief unless they show that Defendants are currently exhibiting deliberate indifference, review of electronically stored communications and a sample of medical records is necessary to evaluate their actual intent and conduct.

Communications are necessary to determine whether Defendants' proffered improvements reflect "concern and sincerity on the part of prison officials." *Parker v. Hooper*, 171 F.4th 736, 758 (5th Cir. 2026). Review of medical records is necessary to evaluate the implementation of Defendants' policies and whether Defendants are actually providing the care they claim to provide—that is, whether Defendants are actually "attempt[ing] to care for [prisoners'] needs," *id.* at 756, or whether the "'care' is not care at all," Remedy Op., ECF 778, at 2. Both categories are integral to the ultimate question before the Court regarding subjective deliberate indifference: whether Defendants "responded reasonably to the risk." *Parker*, 171 F.4th at 758 (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)).

1

**THE PROMISE OF JUSTICE INITIATIVE**

1024 Elysian Fields Avenue, New Orleans, LA 70117

promiseofjustice.org | Tel: (504) 529-5955 | Fax: (504) 595-8006



Plaintiffs believe that the necessary discovery can be efficiently accomplished with the following schedule.

- **June 18:**[1] Plaintiffs serve the attached interrogatories, Ex. 1, and requests for production ("RFPs"), Ex. 2, requesting identification of any changed policies or practices and current staff, production of any revised policies, and lists of patients from which their experts can identify a sample of patients to review.

- **July 20:** Defendants respond to the initial interrogatories and RFPs.

- **July 27:** Plaintiffs request patients' medical records and serve discovery requests probing the policy changes and requesting updated versions of the data and regularly created records produced previously.

- **August 26:** Defendants produce medical records, data, and regularly created records, and serve any objections.

- **September 25:** Defendants produce other requested documents and begin producing electronic communications. The parties exchange witness lists and serve Requests for Admission.

- **October 26:** Defendants complete production of electronic communications and any other outstanding documents.

- **December 18:** Fact depositions completed.

- **January 29:** Simultaneous disclosure of expert reports.

- **March 5:** Simultaneous disclosure of rebuttal expert reports.

---

[1] These dates are illustrative and the timeframes can be shifted accordingly if a later start date is needed.

2



This schedule allows the parties to complete production within four months—a third of the time required for fact discovery in the liability phase. It gives Defendants three months to complete production in response to Plaintiffs' principal set of discovery requests, reducing the burden of a two-month schedule. And it constrains Plaintiffs to just one principal set of document requests, unless the Court grants leave to serve additional requests after the July 27 set of requests.

The schedule also builds in a short amount of time for Plaintiffs to review Defendants' final production before depositions. The exact roster of deponents will depend on Defendants' current staffing, but Plaintiffs understand that the "new leadership" in place during the remedial trial no longer hold those positions: Long Term Health Care Administrator Jacob Johnson has left LSP; Deputy Warden Ashli Oliveaux is no longer overseeing medical care; and Dr. Paul Toce has transferred to another facility and been replaced as Medical Director. Plaintiffs expect to depose the people currently in those positions as well as a limited number of medical and ADA personnel with key responsibilities. All told, Plaintiffs expect to limit their fact depositions to 10 or less, including a 30(b)(6) deposition.

As Plaintiffs noted at the status conference, a negotiated or court-ordered protocol for supplementing evidence after the close of fact discovery will be the most orderly way to manage disclosure of "ongoing developments in the prison" through the time of trial and judgment. *Parker*, 171 F.4th at 756. During the remedy phase, Plaintiffs unsuccessfully tried to negotiate a protocol with Defendants that would have allowed Defendants to submit any new evidence they wanted (provided they did so timely after the new evidence became available) and given Plaintiffs a limited opportunity to take targeted discovery into post-discovery disclosures. Plaintiffs propose that the Court set a deadline for the parties to confer and file a joint motion or competing proposals for a supplementation protocol, with an eye toward ensuring swift, fair, and targeted supplementation without reopening trial.

Respectfully submitted,

*/s/ Samantha Pourciau*
Samantha Pourciau

cc: All Counsel of Record (via ECF)

3