UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH LEWIS, JR., *et al.*, on behalf of
themselves and all others similarly
situated,

           Plaintiffs,

           v.

BURL CAIN, Warden of the Louisiana
State Penitentiary, in his official capacity,
*et al.*,

           Defendants.

CIVIL ACTION NO. 3:15-cv-00318

JUDGE SDD

MAGISTRATE RLB

**PLAINTIFFS' FIRST SET OF REQUESTS FOR
REMAND PHASE PRODUCTION OF DOCUMENTS**

PROPOUNDING PARTY:   PLAINTIFFS
RESPONDING PARTIES:   DEFENDANTS
SET NUMBER:              ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are required to

respond and produce responsive documents within thirty days after service is made upon

you to the following requests for production of documents ("Request"). In answering

these requests for production of documents you should identify all documents within the

possession, custody or control of you or your officers, employees, agents, representatives

or attorneys.

Plaintiffs request that such production be made in accordance with the

"DEFINITIONS" and "INSTRUCTIONS" set forth below.

**I.     DEFINITIONS**

1.     The following rules of construction shall apply to all discovery requests:

1

(a)     The terms "ALL" and "EACH" shall be construed to include both all and each;

(b)     The connectives "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(c)     "RELATED TO" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part;

(d)     "INCLUDING" shall be construed to mean "without limitation"; and

(e)     The use of the singular form of any word includes the plural and vice versa.

2.      "DOCUMENT" or "DOCUMENTS" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any written, printed, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, handwritten, printed, kept as electronically stored information (including in e-mail or messaging platforms, hard drive or shared network files, magnetic or optical storage media, and cloud or distributed storage), or other form, either in your possession or custody or under your control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings or recordings, whether used or not, regardless of whether the Document still exists, and regardless of who has maintained custody of such Documents.

3.      "LSP" means the Louisiana State Penitentiary at Angola.

4.      "MEDICAL" means, without limitation, medical, dental, and mental health.

2

5.    "PRISONER" means any individual under the custody of LSP, including PRISONERS who have been transported to external medical facilities.

6.    The terms "YOU" and "YOUR" mean the responding DEFENDANT.  For the Louisiana Department of Public Safety and Corrections, "YOU" and "YOUR" include any of its members, managing members, managers, governors, board members, employees, agents, representatives, attorneys, associates, affiliates, predecessors, successors and/or any other PERSON(S) acting on its behalf or under its control.  For the individual DEFENDANTS, "YOU" and "YOUR" include any predecessors in office.

7.    "ADA" means the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.*

## II.    RELEVANT TIME PERIOD

Unless otherwise indicated, these document requests seek all responsive documents created, generated, or updated between May 30, 2022 and the issuance of final judgment after the remand trial.

## III.    INSTRUCTIONS

1.    These requests call for the production of all responsive DOCUMENTS that are within YOUR actual or constructive possession, custody, or control.

2.    If any DOCUMENT covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work-product protection, or any other privilege or protection, please furnish a privilege log complying with Federal Rule of Civil Procedure 26(b)(5) and providing the following information with respect to each such withheld DOCUMENT: date; author; recipients; general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked; and the legal basis upon which the DOCUMENT has been withheld.

3.  With respect to any DOCUMENT maintained or stored electronically, please produce it in a manner that maintains the integrity and readability of all data, including all metadata, consistent with the parties' Stipulation re Production Format of Electronically Stored Documents. ESI Protocol.

4.  Please produce ALL DOCUMENTS maintained or stored electronically in accordance with the parties' separately entered-into stipulation regarding the production of electronically stored information. *See id.*

5.  Paper DOCUMENTS must be produced in the same form and the same order as they are kept in the usual course of business, or they must be organized and labeled to correspond with the requests set forth below. If YOU choose the former method, the DOCUMENTS are to be produced in the boxes, file folders, binders and other containers in which the DOCUMENTS are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

6.  At YOUR election, DOCUMENTS maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

7.  Each DOCUMENT request, and each subpart thereof, shall be separately set forth and accorded a separate answer. Each response shall first set forth verbatim the document request to which it is responsive, followed by YOUR response.

8.  No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

9.  If YOU object to any document request or subpart thereof, the objection shall

4

state with specificity all grounds. Any ground not stated shall be waived.

10. If YOU are unable to answer any DOCUMENT request, the reasons for YOUR inability to answer shall be separately stated in detail for each document request.

11. Failure to provide information in response to these document requests will be deemed a waiver of YOUR right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to this Request.

12. These requests shall be deemed continuing so as to require further and supplemental production in accordance with Federal Rule of Civil Procedure 26(e). Unless otherwise noted, production of regularly created data or documents should be updated on a monthly basis.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**
DOCUMENTS sufficient to identify all PRISONERS who died while in custody at LSP or while receiving MEDICAL care at an external facility, and to identify the age and cause of death.

**REQUEST FOR PRODUCTION NO. 2:**
All DOCUMENTS related to autopsies and autopsy reports of all PRISONERS who died while in custody at LSP or while receiving MEDICAL care at an external facility, including death reviews and death reports.

**REQUEST FOR PRODUCTION NO. 3:**
DOCUMENTS sufficient to show every instance in which a PRISONER has been sent to an outside Emergency Department and/or admitted to an outside Emergency Department, including information sufficient to show the patient's name and cause of transfer to an Emergency Department.

**REQUEST FOR PRODUCTION NO. 4:**
DOCUMENTS sufficient to show the daily roster of PRISONERS housed on each Nursing Unit, including their date of birth, their date of admission, which Nursing Unit they were housed in, and the medical condition(s) for which they were admitted.

**REQUEST FOR PRODUCTION NO. 5:**

A CURRENT version of all LSP and/or DOC policies, regulations, and directives related to the delivery of medical care and/or the ADA.

**REQUEST FOR PRODUCTION NO. 6:**

Any manual, instructions, handbook, protocol, or other guidance for accessing or entering data into any electronic medical record system used at LSP, including both electronic health records and medication administration records.

**REQUEST FOR PRODUCTION NO. 7:**

The CURRENT version of the EMT manual, any Individual Treatment Orders, Drug Overdose Treatment Protocols, and any other protocols or guidelines intended to guide the actions of EMTs, LPNs, or RNs in dealing with medical emergencies.

**REQUEST FOR PRODUCTION NO. 8:**

The CURRENT version of all clinical guidelines in use at LSP.

**REQUEST FOR PRODUCTION NO. 9:**

All CURRENT training policies and procedures regarding medical care, disability accommodation, or the Americans with Disabilities Act, including training of orderlies and training of staff.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS identified in response to interrogatory 1(b), 2(b), 3(b), and 4(c) in Plaintiffs' First Set of Remand Interrogatories.