BUTLER|SNOW

June 18, 2026

Hon. Shelly D. Dick
United States District Court Judge
Middle District of Louisiana
777 Florida Street, Suite 301
Baton Rouge, LA 70801

> Re:  *Lewis v. Cain*, No. 3:15-cv-00318
>       The State's Proposal on Remand

Dear Judge Dick:

The State provides this response to the Court's request that the parties propose a timeline for these remand proceedings, including the scope, nature, and extent of discovery. Plaintiffs submitted their proposal to the Court on June 4, 2026. ECF 855. To that proposal, they attached the discovery requests they intend to propound on the State. ECF 855. The parties met and conferred and reached agreement on many of the details of the Plaintiffs' proposed schedule. The main disagreement is the overarching scope of discovery that drives many of those details.

At the May 21, 2026, status conference, the Court indicated that discovery should be limited and conducted promptly to assess three categories—current conditions, remedial measures taken by the State, and any planned improvements. The State agrees and proposes the following schedule, much of which mirrors Plaintiffs' proposal, shifted forward to account for the passage of time:

- **June 25**: Plaintiffs serve Rule 26(a)(1) disclosures, interrogatories, and requests for production requesting identification of current policies, practices, and staff that are within the scope of remand and the limited discovery this Court indicated:

  - The interrogatories are generally acceptable, subject to Rule 26(b).

  - Request for Production Nos. 1 through 4 are not acceptable as they are beyond the scope of the remand and the limited proceedings this Court indicated.[1]

  - Request for Production Nos. 5 through 10 are generally acceptable, subject to Rule 26(b).

- **July 27**: The State responds to Plaintiffs' interrogatories and RFPs 5-10 and provides Rule 26(a)(1) disclosures.

---

[1] Should the Court allow these discovery requests, the State preserves all objections.

Suite 300
445 North Boulevard
Baton Rouge, Louisiana 70802

**CONNELL L. ARCHEY**
225.325.8736
connell.archey@butlersnow.com

T 225.325.8700
F 225.325.8800
www.butlersnow.com

BUTLER SNOW LLP

June 18, 2026
Page 2

- **August 17**: Plaintiffs complete Rule 30(b)(6) depositions of the Department.

- **August 31**: Plaintiffs identify experts.

- **September 16**: The State identifies experts.

- **September 18**: Plaintiffs complete a two-day site visit of LSP.

- **October 19**: Plaintiffs produce expert reports.

- **November 18**: The State produces expert reports.

- **January 15**: Expert depositions end.

- **February 15**: The parties file any motions in limine or Daubert motions.

  o **January 15**: Responses due

  o **February 1**: Replies due

- **March 1**: Deadline for dispositive motions.

  o **April 1**: Responses due

  o **April 15**: Replies due

Plaintiffs disagree that the three topic areas identified by the Court are sufficient. They, instead, believe that those topics should be extended to include review of electronically stored communications and a sample of medical records. They supported their proposal with quotations from the Fifth Circuit's en banc opinion and this Court's Remedy Opinion.

Plaintiffs' proposal essentially seeks a third trial of this matter from scratch, and with an impermissible burden shift to the State. Such an undertaking would be contrary to the Fifth Circuit's mandate and would waste judicial and party resources. That State believes this scope-of-remand issue as it relates to discovery warrants full briefing, rather than a few paragraphs in letters.

In all events, the correct standard for evaluating the evidence is "whether prison medical and disabled care required injunctive relief despite continuously improved conditions." *Parker v. Hooper*, 171 F.4th 736, 755 (5th Cir. 2026). A limited set of interrogatories and requests for production of documents appropriately allows the Court to make that evaluation. And the topics of the nine proposed interrogatories generally are within the scope of that standard.

Plaintiffs' request for "10 or less" fact depositions (ECF 855 at 3), for "all documents" pertaining to each interrogatory, and for production of documents pertaining to individual care, however, are beyond the scope of the remand. A 30(b)(6) deposition is sufficient to provide the

June 18, 2026
Page 3

necessary information regarding current conditions, remedial measures taken by the State, and any planned improvements. And several of the requests for production will involve hundreds of thousands of pages of documents. Such an exercise is beyond the scope of the three topics identified by the Court.

Specifically, Request for Production No. 1 seeks documents to identify all prisoners who died while in custody at LSP or while receiving care at an external facility. Request for Production No. 2 seeks autopsies of the same. Request for Production No. 3 seeks documents pertaining to every instance in which a prisoner has been sent to an outside emergency department and/or admitted to an outside emergency department. Request for Production No. 4 seeks the daily roster of prisoners housed on each of the nursing units.

Seeking documents to evaluate individual instances of medical care is contrary to the mandate. The Fifth Circuit was clear that "episodic treatment" of medical complaints is inappropriate. The Fifth Circuit held that delayed care, "medical errors," and a "mere encounter with a medical health care provider is not evidence of medical care or treatment." *Parker v. Hooper*, 171 F.4th 736, 758 (5th Cir. 2026). Specifically, the Fifth Circuit rejected the use of "a handful of specific cases in which allegedly poor medical treatment occurred" and the finding of "constitutionally deficient care based on seven patient files." *Parker v. Hooper*, 171 F.4th 736, 759 (5th Cir. 2026). The Fifth Circuit was very clear that these remand proceedings must "apply the caselaw that disagreements over medical judgment or isolated negligence may constitute medical malpractice but do not rise to the level of quasi-criminal deliberate indifference." *Parker v. Hooper*, 171 F.4th 736, 755 (5th Cir. 2026). Again, where the State attempted to care for the prisoner's medical needs, they have not exhibited deliberate indifference, even if the care falls short. *Parker v. Hooper*, 171 F.4th 736, 756 (5th Cir. 2026).

In response to Plaintiffs' request for a "supplementation protocol," such a protocol already exists in the duty to supplement discovery under Rule 26. If new material developments arise, the State has a duty to supplement its discovery responses and provide that information to Plaintiffs. That duty gives both sides equal access to the relevant facts so they can be included in any dispositive motions or a (potentially joint) motion to supplement the dispositive motions should post-filing developments arise. The State, however, would not object to discussing a particular schedule for such a process.

At bottom, the State agrees with the Court that a limited remand proceeding targeted at current conditions, remedial measures taken by the State, and any planned improvements. A third full-blown trial is inappropriate, and this Court should limit discovery accordingly. The State's proposed schedule accomplishes that.

Respectfully Submitted,

*/s/ Connell L. Archey*
Connell L. Archey

cc: All Counsel (via ECF)
101030207.v5