**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| KENTRELL PARKER, FARRELL SAMPIER, | *　CIVIL ACTION |
| REGINALD GEORGE, JOHN TONUBBEE, | * |
| OTTO BARRERA, CLYDE CARTER, EDWARD | *　NO. 3:15-cv-00318 |
| GIOVANNI, RICKY D. DAVIS, LIONEL | * |
| TOLBERT, RUFUS WHITE, SHANNON HURD, | *　JUDGE SHELLY D. DICK |
| ALTON ADAMS, IAN CAZENAVE, EDWARD | * |
| WASHINGTON, and ALTON BATISTE, on | *　MAGISTRATE JUDGE |
| behalf of themselves and all others similarly situated, | *　RICHARD L. BOURGEOIS |
| | * |
| VERSUS | * |
| | * |
| DARREL VANNOY, Warden of the Louisiana State | * |
| Penitentiary, in his official capacity; | * |
| GARY WESTCOTT, Secretary of the Louisiana | * |
| Department of Public Safety and Corrections; | * |
| ET AL. | * |

## MOTION TO DEFER ENTRY OF SCHEDULING ORDER PENDING THRESHOLD MERITS BRIEFING

The Fifth Circuit recently vacated this Court's judgment and remanded "for further proceedings consistent with [its opinion]." *Parker v. Hooper*, 171 F.4th 736, 761 (5th Cir. 2026) (en banc). On remand, this Court held a status conference on May 21, 2026. At that conference, the State's position was (and remains) that the Fifth Circuit's decision may be dispositive of—or at the least substantially narrowed—the claims in this case. The State explained that the appropriate course forward in light of the Fifth Circuit's decision was for this Court to formally admit the State's previously proffered evidence of current conditions, which under the standard articulated by the Fifth Circuit would negate any claims of deliberate indifference. The State thus proposed that the parties brief the scope of the remand and identify any issues remaining to be resolved.

The Court rejected the State's position, indicating that it would not entertain any briefing on the effect of the Fifth Circuit's decision on this case. The Court then immediately turned to considering not whether discovery was needed but the scope of discovery and an appropriate

schedule. The Court gave Plaintiffs "14 days to file a proposal on how to proceed and the nature and scope of discovery necessary," and Defendants "7 days to respond to Plaintiffs' proposal and submit their own." ECF 854.

After that timeline was extended (ECF 858), the State complied with the Court's order and gave its view of what discovery should look like under the Court's assumption that discovery was necessary. ECF 860. In its response, the State maintained its position that the "scope-of-remand issue as it relates to discovery warrants full briefing, rather than a few paragraphs in letters." *Id.* at 2. Again, the State's primary position is the Fifth Circuit's decision disposed of this case and that this Court should admit the State's proffered evidence and apply the standard articulated by the Fifth Circuit to that evidence, the necessary result of which will disposing of the case in the State's favor. That is because the State's proffered evidence negates Plaintiffs' claims of deliberate indifference. Plaintiffs' desire to begin discovery anew risks converting remand into litigation of new claims rather than applying the mandate to the existing case.

Accordingly, the State renews its request for a briefing schedule on the scope of remand to be decided *before* the Court orders a discovery schedule. The State respectfully requests 45 days to file an opening brief and any supporting evidence to show that discovery is neither necessary nor permissible. Plaintiffs oppose this motion.

The Fifth Circuit's articulated standards substantially constrain further proceedings on remand. As the State proposes to demonstrate, subsequent events only reinforce that this case should come to an end. The Court should grant this motion.

Submitted on this 19th day of June, 2026.

Respectfully Submitted:

BUTLER SNOW LLP

445 North Boulevard, Suite 300 (70802)
P. O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 325-8700
Facsimile: (225) 325-8800

By: */s/ Keith J. Fernandez*
   Randal J. Robert (#21840)
   Connell L. Archey (#20086)
   Keith J. Fernandez (#33124)
   Email:  Randy.Robert@butlersnow.com
           Connell.Archey@butlersnow.com
           Keith.Fernandez@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June, 2026, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Keith J. Fernandez*
   Keith J. Fernandez