**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

KENTRELL PARKER, *et al.*, on behalf of
themselves and all others similarly situated,

      Plaintiffs,

      v.

DARREL VANNOY, Warden of the Louisiana
State Penitentiary, in his official capacity, *et al.*,[1]

      Defendants.

CIVIL ACTION NO. 3:15-cv-318

JUDGE SDD

MAGISTRATE RLB

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' THRESHOLD MERITS BRIEF

On March 30, 2026, the Fifth Circuit vacated this Court's judgment and "REMANDED for further proceedings consistent []with" the en banc opinion. *Parker v. Hooper*, 171 F.4th 736, 761 (5th Cir. 2026). It did not remand with directions to enter judgment for the successful appellant, as it often does. *See infra* Part I. Instead, it did exactly what Defendants had asked it to do: "instruct the district court to conduct further proceedings consistent with the Eighth Amendment and the [Prison Litigation Reform Act]—specifically, *Valentine*'s 'current conditions' requirement . . . ." Appellants' Supplemental En Banc Br., No. 23-30825 ("Defs.' En Banc Br."), 69 (5th Cir. June 12, 2025).

Now, however, Defendants claim that the Fifth Circuit went beyond what Defendants requested and beyond what its decretal language says. Defendants assert that, rather than remanding to this Court for "further proceedings consistent with the Eighth Amendment and . . . *Valentine*'s 'current conditions' requirement," *id.*, the Fifth Circuit compelled judgment in their favor, and this case must be terminated without further proceedings. At the same time, Defendants submit 118 pages

---

[1] As noted on the record in the Liability Opinion, ECF No. 594 at 27, Joseph Lewis, Jr. passed away during the pendency of this litigation. Pursuant to Federal Rule of Civil Procedure 25(a)(2), Plaintiffs' action continues on behalf of the remaining Plaintiffs. Additionally, pursuant to Rule 25(d), Warden Darrel Vannoy is automatically substituted for his predecessors, Burl Cain and Tim Hooper.

of new declarations and supporting evidence, insisting that this Court accept it all without any adversarial testing whatsoever.

Defendants' arguments should be rejected. This Court must follow the Fifth Circuit's decree, which directed further proceedings, not judgment. The general rule is that "[w]here further proceedings are contemplated by an appellate opinion, the district court retains the discretion to admit additional evidence, unless bound by a specific mandate that restricts subsequent proceedings." *Franklin v. Regions Bank*, 125 F.4th 613, 630 (5th Cir. 2025) (citations and internal quotation marks omitted). The Fifth Circuit neither specified such a restriction nor suggested that that general rule does not apply here. Nor did it suggest that the core of its substantive and evidentiary holdings—that "deliberate indifference 'should be determined in light of the prison authorities' *current* attitudes and conduct,'" and that "[b]oth sides may rely on ongoing developments in the prison," *Parker*, 171 F.4th at 756 (quoting *Farmer v. Brennan*, 511 U.S. 825, 845 (1994)) (emphasis added)—should be inapplicable on remand. Defendants' demand that this Court foreclose all discovery for Plaintiffs but accept without question any self-serving evidence Defendants want to offer is thus inconsistent with both the specifics of this case and basic principles of appellate review.

If Defendants wish to move for summary judgment, they are free to do so under the standards of Federal Rule of Civil Procedure 56. But their unusual "threshold merits brief" provides no basis for this Court to disregard the Fifth Circuit's decree, the appellate remedy that Defendants previously requested, the Federal Rules of Civil Procedure, and the applicable legal standards. Nor does it provide any reason to defer discovery into current conditions and progress toward this Court's evaluation of those conditions while they file such a motion.

**BACKGROUND**

In vacating the Remedial Opinion and remanding to this Court for further proceedings, the en banc Fifth Circuit identified three substantive flaws in the Court's disposition of the merits of Plaintiffs' claims. *See Parker*, 171 F.4th at 754-55.

First, on Plaintiffs' Eighth Amendment claim, it held that the Court "used the wrong legal standard" because it asked whether Defendants' improvements to the medical care they provided "did not go far enough" rather than applying the correct standard: whether Defendants "responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 754, 758 (emphasis omitted) (quoting *Farmer*, 511 U.S. at 844).

Second, it found that judgment on the Eighth Amendment claim was erroneous because the Court "refus[ed] to update its remedial analysis with evidence of" current conditions. *Id.* at 755. It reaffirmed that "deliberate indifference 'should be determined in light of the prison authorities' current attitudes and conduct'" and that "[b]oth sides may rely on ongoing developments in the prison." *Id.* at 756 (quoting *Farmer*, 511 U.S. at 845-46).

Third, it held that the Court did not apply the correct "statutory standard" in evaluating Plaintiffs' claim under the Americans with Disabilities Act and Rehabilitation Act ("ADA/RA"), because the ADA/RA "does not set out a standard of care for medical treatment" and "is not violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." *Id.* at 760 (emphasis and internal quotation marks omitted) (quoting *Carter ex rel. Carter v. City of Shreveport*, 144 F.4th 809, 815 (5th Cir. 2025)). Because the Court applied the incorrect standard, the Fifth Circuit held, the resulting Remedial Order "went too far" and "require[s] reconsideration." *Id.* at 761.

3

## ARGUMENT

I.    **When the Fifth Circuit Directs Further Proceedings and Does Not Explicitly Limit the Scope of Remand, Further Discovery Is Within the District Court's Discretion**

Defendants argue that the Fifth Circuit "disposed of this case" and that the "necessary result" of admitting their post–Remedial Trial declaration and its exhibits would be judgment "in the State's favor." Defendants' Motion to Defer Entry of Scheduling Order Pending Threshold Merits Briefing, ECF No. 861 ("Mot. to Defer"), at 2; *see also, e.g.*, Defs.' Threshold Merits Br., ECF No. 870 ("Defs.' Br."), at 5 ("Defendants' evidence thus already defeated Plaintiffs' constitutional claims per the Fifth Circuit, and Defendants are entitled to judgment in their favor on these claims."). But when the Fifth Circuit believes that its opinion necessarily requires judgment in favor of a party, it says so, using distinctly different language than what it used here.

In *Valentine v. Collier*, for example, the Fifth Circuit stated that it was "REVERS[ING] the judgment of the district court and RENDER[ING] judgment for Defendants." 993 F.3d 270, 291 (5th Cir. 2021). Countless other cases use similar language.[2] Here, by contrast, the Fifth Circuit said only that "[t]he judgment of the district court is VACATED and REMANDED *for further proceedings consistent herewith.*" *Parker*, 171 F.4th at 761 (emphasis added). This is exactly what Defendants requested that the en banc court do. *See* Defs.' En Banc Br. at 69 (requesting that "the Court instruct the district court to conduct further proceedings consistent with the Eighth Amendment and the PLRA—specifically, *Valentine*'s 'current conditions' requirement . . . .").

---

[2] *See also, e.g.*, *MGMTL, L.L.C. v. Strategic Tech. Inst., Inc.*, No. 23-30298, 2024 WL 3949073, at *4 (5th Cir. Aug. 27, 2024) ("[W]e VACATE the judgment in part and REMAND for the district court to enter judgment in favor of [defendant] . . . ."); *Lewis v. United States*, 88 F.4th 1073, 1080 (5th Cir. 2023) (Jones, J.) ("[W]e VACATE the judgment of the district court and REMAND with instructions to enter judgment in favor of [plaintiff] . . . ."); *Jimenez v. Lumpkin*, No. 19-51083, 2023 WL 4499874, at *1 (5th Cir. July 10, 2023) ("[W]e GRANT Texas's motion, VACATE the district court opinion, and REMAND to the district court to dismiss the case.").

Defendants do not cite to any authority that would require the Court to enter judgment precipitously where the Fifth Circuit did not order it to do so. To the contrary, the Court must implement the Fifth Circuit's mandate of further proceedings consistent with the en banc opinion. *See, e.g.*, *DeJoria v. Maghreb Petroleum Exploration, S.A.*, 935 F.3d 381, 394 (5th Cir. 2019). That mandate includes the Fifth Circuit's instruction that liability and remedy must be assessed based on "prison authorities' current attitudes and conduct" and that "[b]oth sides may rely on ongoing developments in the prison" to establish their case. *Parker*, 171 F.4th at 756 (quoting *Farmer*, 511 U.S. at 845-46). If the Fifth Circuit believed that those requirements did not apply on remand, it surely would have said so.

This is especially the case given the general rule that "[w]here further proceedings are contemplated by an appellate opinion, the district court retains the discretion to admit additional evidence, unless bound by a specific mandate that restricts subsequent proceedings." *Franklin v. Regions Bank*, 125 F.4th 613, 630 (5th Cir. 2025) (citations and internal quotation marks omitted).[3] The Fifth Circuit expressly directed further proceedings and, far from restricting those proceedings, held that the relevant standards required consideration of current conditions. This Court thus has discretion regarding how to conduct them, including whether to reopen discovery to admit additional evidence.

II.     **To the Extent Defendants' Threshold Merits Brief Could Be Construed as a Motion for Summary Judgment, It Should Be Deferred or Denied Without Prejudice Pending Discovery**

Normally, when a party wants a district court to enter judgment, it files a motion. *See, e.g.*, *DeJoria*, 935 F.3d at 387 (after remand, party "moved for entry of judgment"). Defendants have not

---

[3] The cases that *Franklin* cited as examples where the mandate *did* limit the district court's discretion provide an instructive contrast. *See, e.g.*, *Jacked Up, LLC v. Sara Lee Corp.*, 807 F. App'x 344, 350 (5th Cir. 2020) (mandate precluded discovery where it "gave the district court specific and explicit instructions regarding how to proceed on remand"); *Henderson v. Stadler*, 407 F.3d 351, 354 (5th Cir. 2005) (district court exceeded the scope of remand where "the case was remanded *only* for 'entry of dismissal'" (quoting *Henderson v. Stadler*, 287 F.3d 374, 382 (5th Cir. 2002))).

done so; instead, they asked this Court for the opportunity to "brief the scope of the remand and identify any issues remaining to be resolved." Mot. to Defer at 1. They then filed this "threshold merits brief," rather than a motion—although in the very last sentence, they seem to recognize that what they are requesting requires an actual motion. *See* Defs.' Br. at 18 ("[T]he Court should grant this motion and render judgment for Defendants.").

It is unclear why Defendants have not actually moved for the relief they seek. The Court could deny their request on that ground alone, or it could construe their brief as a motion for summary judgment. Of course, motions practice under the Federal Rules of Civil Procedure has rules and requirements—and Defendants' request, if construed as a motion, clearly could not be granted at this time.

Defendants have premised their request on four brand-new declarations accompanied by 91 pages of exhibits. None of this material was previously disclosed to Plaintiffs, who have had no opportunity to test Defendants' latest claims in any way. Indeed, one of the core goals of Defendants' brief is to *preclude* any opportunity for Plaintiffs to examine their new claims or obtain discovery into them.

Rule 56(d) specifically anticipates situations where a party moves for judgment based on "facts [that] are unavailable to the nonmovant":

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>> (1) defer considering the motion or deny it;
>>
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>>
>> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

6

Here, Plaintiffs have had no opportunity for discovery or other testing of Defendants' new, self-serving material—all of which is information in Defendants', rather than Plaintiffs', control.[4] Therefore, to the extent the Court construes Defendants' brief as a motion, it should defer consideration of that motion until Plaintiffs have had an opportunity to take discovery and present contrary evidence. Alternatively, it could deny Defendants' motion at this time without prejudice to refiling as an actual motion for summary judgment, subject to the standards of Rule 56. Either way, granting Defendants' request on the basis of their new evidence without any opportunity for Plaintiffs to rebut it would be anathema to the Federal Rules, which are designed to provide each side with a fair opportunity to test the other side's evidence. *See, e.g.*, *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993) ("The federal rules promote broad discovery so that . . . trial [is] 'less a game of blind man's bluff and more a fair contest,' where each party can knowledgeably evaluate the strength of its evidence and chances of ultimate success." (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (brackets omitted))).

This is particularly important because Defendants' previous declarations and last-minute evidence have been shown to be incorrect or, at best, incomplete on numerous occasions. To give just one example, Defendants claim that they have remedied some 39 of the architectural barriers identified in Mr. Mazz's 2022 report, and intend to remedy another 78 by the end of next year. Decl. of Odis Milton Radcliff, Defs.' Br. Ex. B, ¶¶ 6, 11. But during the Remedial Trial, Defendants similarly represented that they had remedied most of the barriers identified in Mr. Mazz's 2016 report, which

---

[4] Rule 56(d) calls for the nonmovant to provide an affidavit or declaration showing its inability to present facts essential to justify its opposition. Given that Defendants have not actually filed a Rule 56 motion, and that there is no serious dispute that Plaintiffs have not had an opportunity to probe Defendants' surprise evidence, Plaintiffs do not believe an affidavit or declaration is needed at this time, but are prepared to submit one upon request.

the Court explicitly found to be unsupported by the evidence. Remedial Op. at 72.[5] In light of both general principles of litigation fairness and their track record in this case, Defendants have not provided any reason that their latest submissions should simply be accepted on faith alone.

Defendants' new submissions also reinforce Plaintiffs' position that discovery should include medical records and communications. *See* Pls.' Ltr., ECF No. 855, at 1. Without these types of evidence, the Court will not be able to evaluate whether Defendants' actual conduct matches Defendants' claims, making it impossible to fairly assess whether Defendants made a "'reasonable response to inadequate prison conditions'" that reflects "concern and sincerity on the part of prison officials" and an actual "attempt[] to care for [prisoners'] medical needs." *Parker*, 171 F.4th at 758 (quoting *United States v. Hinds Cnty.*, 120 F.4th 1246, 1261 (5th Cir. 2024)). As just one example, Defendants' current Medical Department Director (apparently the successor to Jacob Johnson, the Long-Term Care Hospital Administrator as of the Remedial Trial) claims that a medical provider is on call at all times and "available to respond whenever needed." Decl. of Chad M. Hinton, Defs.' Br. Ex. A, ¶ 12. But Defendants made the exact same claim during the Remedial phase—and the medical records showed over and over that medical providers *did not* respond to emergencies over the weekend. *See* Pls.' Proposed Remedial Findings of Fact and Conclusions of Law, ECF No. 771, at 38-39 ¶¶ 98-100 (summarizing evidence).

Defendants cannot move for judgment on the basis of new evidence without opening the door to discovery needed to test that evidence. Nothing in the Fifth Circuit's opinion or the Federal Rules allows, much less requires, the Court to abdicate its fact-finding responsibility in favor of accepting Defendants' self-serving assertions without question.

---

[5] Plaintiffs cannot take a position at this time on whether Mr. Radcliff's latest declaration, or any of Defendants' other new evidence, is accurate, due to the lack of any opportunity to probe the claimed facts.

### III.    Defendants Misinterpret the Fifth Circuit's Opinion

A. <u>Eighth Amendment Claim</u>

Defendants' substantive interpretation of the en banc opinion and their application of it to the facts and procedure of this case are similarly flawed. First, Defendants overread the Fifth Circuit's statements that the improvements this Court credited in the Remedial Trial *likely* showed that they were not deliberately indifferent. Defendants portray the opinion as holding that Plaintiffs failed to prove deliberate indifference as a matter of law and therefore Defendants prevailed in the Remedial Trial. But the Fifth Circuit only found a "strong legal likelihood that Defendants were not guilty of continued deliberate indifference." *Parker*, 171 F.4th at 761. It did not conclude that "the record permits of only one resolution of the factual issue," as is required for an appellate court to be "relieved of the usual requirement of remanding for further proceedings to the tribunal charged with the task of factfinding in the first instance." *Veasey v. Abbott*, 830 F.3d 216, 235 (5th Cir. 2016) (en banc) (quoting *Pullman–Standard v. Swint*, 456 U.S. 273, 292-93 (1982)). As the en banc Fifth Circuit has previously explained, this fact-finding process is required even where the appellate court concludes "that much of the evidence upon which the district court relied was 'infirm.'" *Id.* at 231 (quoting *Pullman–Standard*, 456 U.S. at 292).

In this regard, the en banc *Parker* opinion is similar to the en banc *Veasey* opinion. *Veasey* held that the district court had "relied too heavily" on outdated evidence. *Id.* "[T]he district court's disproportionate reliance on long-ago history was error" in a case where the relevant question was the defendants' current intent. *Id.* at 232. But because it was not "the purview of [the Fifth Circuit] to produce an 'independent consideration of the totality of the circumstances,'" it declined to hold that

the record as a whole "'permits of only one resolution of the factual issue.'" *Id.* at 235 (quoting *Pullman–Standard*, 456 U.S. at 291-92).[6]

So too here. The relevant legal question is whether Defendants' "current attitudes and conduct" reflect subjective deliberate indifference to the Plaintiffs' "objective exposure to a substantial risk of serious harm." *Parker*, 171 F.4th at 755-56 (quoting *Farmer*, 511 U.S. at 845, and *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018). To prove subjective deliberate indifference, Plaintiffs have the burden of showing that Defendants failed to "respond[] reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 758 (quoting *Farmer*, 511 U.S. at 844). This is a quintessentially fact-bound question that involves evaluating, among other things, the "concern and sincerity . . . of prison officials," *id.* at 758 (quoting *Hinds Cnty.*, 120 F.4th at 1261), and whether the measures they took could actually be reasonably expected to abate the risk to plaintiffs, *Farmer*, 511 U.S. at 847. "[Q]uestions of reasonableness are best left to the fact finder," *EEOC v. Universal Mfg. Corp.*, 914 F.2d 71, 73 (5th Cir. 1990). Under the Fifth Circuit's articulation of the applicable standards, these are plainly such questions, and the Fifth Circuit did not suggest otherwise. The Remedial Opinion previously held Defendants' remedial efforts to too high a standard, but the application of the correct standard remains this Court's prerogative in the first instance.

Three other errors in Defendants' portrayal of the Fifth Circuit's Eighth Amendment holding bear noting.

First, Defendants describe the section of the opinion in which the Fifth Circuit provided a one-paragraph summary of the improvements Defendants made in each of the six "areas of prison

---

[6] To be sure, *Veasey* stated that the district court should not take additional evidence on remand. 830 F.3d at 242. But that was due in significant part to the urgent need to "fashion[] interim relief" in advance of an upcoming election. *Id.* at 242-43. Moreover, this illustrates the principle discussed above that the district court "retains the discretion to admit additional evidence, unless bound by a specific mandate that restricts subsequent proceedings." *Franklin*, 125 F.4th at 630. The *Veasey* opinion contains such a specific mandate; the *Parker* opinion does not.

medical care," *Parker*, 171 F.4th at 758-60, as "resolv[ing] those issues in Defendants' favor," Defs.' Br. at 4. They assert that nothing outside those six paragraphs is "within the scope of the Fifth Circuit's remand." *Id.* That misunderstands the analysis. The section identifies remedial improvements that the Remedial Opinion held to the wrong standard and incorrectly discounted, but it did not suggest that the Court's analysis of evidence *not* discussed in those paragraphs was erroneous. *Cf., e.g., SEC v. Stanford Int'l Bank, Ltd.*, 112 F.4th 284, 293 (5th Cir. 2024) ("[O]ur silence could never be construed as an implicit holding.").

For example, the Fifth Circuit noted that the Remedial Opinion's section on emergency care only discussed seven patient files in detail, and stated that the Court should have considered whether that was sufficient in light of "the caselaw that disagreements over medical judgment or isolated negligence may constitute medical malpractice but do not rise to the level of quasi-criminal deliberate indifference." *Parker*, 171 F.4th at 759; *see* Remedial Op. at 41-52. But of course, the Court did not have before it only seven examples; it had 60, the vast majority of which "contained multiple examples—typically pervasive—of often grossly substandard medical care." Remedial Op. at 11-12 (quoting PX 1-a at 8). The Fifth Circuit never suggested that this finding was erroneous, nor that such a showing could never show that prior improvements had not been "reasonable measures to abate" the risk of harm. *Farmer*, 511 U.S. at 847. The "complaints" that the Fifth Circuit summarized were insufficient on their own to "rise[] to the level of showing ongoing deliberate indifference by the Defendants," *Parker*, 171 F.4th at 760, but that is not the same as saying that an analysis of the full record under the correct standards could not sustain such a conclusion.

Defendants similarly overread the Fifth Circuit's statement that "[i]n essence, when prison officials have attempted to care for a prisoner's medical needs, even if the care falls short, they have not exhibited subjective deliberate indifference." *Id.* at 756; *see* Defs.' Br. at 5. Defendants read this to the exclusion of the Fifth Circuit's repeated recitation of *Farmer*'s rule that officials are not subjectively

indifferent if they "respond[] reasonably to the risk." *Parker*, 171 F.4th at 755 n.12, 758, & 758 n.16 (quoting *Farmer*, 511 U.S. at 744). The Fifth Circuit could not, and did not purport to, overrule *Farmer*. Actions that cannot be considered a reasonable response to the risk are not "attempt[s] to care for a prisoner's medical needs." *Id.* at 756. The reasonableness test is forgiving, but it is not negligible. The Court's task on remand is to determine whether Plaintiffs can prove that Defendants' actions fall below that threshold. In this regard, it is notable that the Fifth Circuit *did not* question this Court's "finding . . . that the 'care' is not care at all, but abhorrent cruel and unusual punishment." Remedial Op. at 2.

Second, Defendants oppose discovery (despite proffering their new evidence) by arguing that any consideration by this Court of "current conditions" and "whether Defendants are still violating Class members' constitutional and statutory rights" would amount to "new claims" that must be "raised in a new lawsuit." Defs.' Br. at 17. But Plaintiffs' two claims are the same as they have been since the beginning. Plaintiffs have no intention of bringing claims beyond those addressed in the Liability Opinion—which the Fifth Circuit did not vacate, or even suggest was erroneous in any way. *See, e.g.*, *Parker,* 171 F.4th at 742-43 ("The following discussion explains why . . . the district court's *Remedial Opinion and Remedial Order* erroneously found the Defendants guilty of ongoing deliberate indifference . . . ." (emphasis added)). It is undisputed that Defendants have exposed Plaintiffs to a substantial risk of serious harm at all times during the pendency of the lawsuit; the Fifth Circuit did not suggest that the Liability Opinion or even the Remedial Opinion was incorrect on this point. Determining whether Defendants are subjectively indifferent to that risk is not a new claim, but merely the adjudication of the same claim Plaintiffs have been litigating since the case began. The Fifth Circuit has instructed that Plaintiffs' claim must be adjudicated based on "the prison authorities' current attitudes and conduct," with "[b]oth sides" permitted to "rely on ongoing developments in the prison." *Parker*, 171 F.4th at 756 (quoting *Farmer*, 511 U.S. at 845-46) (internal quotation marks

omitted). For Defendants to suggest otherwise, after years of pressing their own ability to update the record at will, is remarkable.

Third, Defendants rely on their accreditation by the American Correctional Association ("ACA"), implying that the Fifth Circuit held that ACA accreditation precludes a finding of deliberate indifference. Defs.' Br. at 4, 5 (citing *Parker*, 171 F.4th at 760). But the Fifth Circuit has long rejected the argument that "accreditation by the [ACA] is proof that the conditions in question don't violate the Eighth Amendment." *Gates v. Cook*, 376 F.3d 323, 337 (5th Cir. 2004). "While compliance with ACA standards may be a relevant consideration, it is not *per se* evidence of constitutionality." *Id.* The en banc opinion does not suggest it was reversing this longstanding rule. The opinion's reference to ACA accreditation merely reflects what *Gates* said: accreditation is probative evidence weighing in Defendants' favor that the Court should have considered (but did not, because Defendants submitted it after trial).

B.  <u>Americans with Disabilities Act and Rehabilitation Act Claim</u>

In its ADA/RA section, the Fifth Circuit identified one core error in this Court's analysis: that the Remedial Opinion "substituted its view of prison management for the statutory standard" by "creat[ing] its own preferred standard of medical care for the prison." *Parker*, 171 F.4th at 760. Because of this error, the Remedial Opinion unduly "discounted improvements that it knew had been made for the benefit of disabled prisoners" and insufficiently recognized that the ADA/RA "allow[] some institutional flexibility in providing for disabled prisoners' needs." *Id.* As a result, the Remedial Opinion "went too far" and the resulting remedies "require reconsideration." *Id.* at 761. But the Fifth Circuit did not suggest that any of this Court's particular ADA/RA findings—much less all of them— necessarily failed under the correct standard.

Defendants interpret this brief analysis as "drastically narrow[ing] the ADA/RA claims." Defs.' Br. at 6 (capitalization altered). It did no such thing. The Fifth Circuit called into question any

aspects of the Remedial Opinion's ADA findings or conclusions that incorporate a "standard of medical care" into the ADA. *Parker*, 171 F.4th at 760. That may limit or preclude consideration of some practices that the Court found to violate the ADA. *See, e.g.*, Remedial Op. at 98 (relying on the fact that orderlies were providing medical care in the infirmary/nursing unit beyond "the scope of their duties and knowledge" as evidence that Defendants used discriminatory methods of administration). But nothing in the *en banc* opinion even touches on the Remedial Opinion's conclusion that architectural barriers to accessing programs or services violate the ADA/RA, for example, much less casts doubt on such holdings. *See, e.g.*, Remedial Op. at 71-75, 98.

While the Court must reconsider the evidence and remedy to ensure that it is appropriately taking into account institutional flexibility, the Fifth Circuit did not change the law: Congress prohibited public entities from using "methods of administration . . . that have the effect of discrimination on the basis of disability," 42 U.S.C. § 12112(b)(3), and required them "to take reasonable measures to remove architectural and other barriers to accessibility," *Tennessee v. Lane*, 541 U.S. 509, 531 (2004) (citing 42 U.S.C. § 12131(2)). Practices that this Court found to violate the ADA that do not involve a substantive standard for medical care—such as the architectural barriers and the methods by which Defendants considered and tracked accommodation requests, trained and supervised staff regarding accommodations, and considered disabilities in the disciplinary context— are entirely within the scope of the remand.

Defendants resist this conclusion through two arguments, neither of which should be accepted. First, they repeat the Fifth Circuit's statement that Defendants' changes "gave rise to a strong legal likelihood that the Defendants were not guilty of . . . disability discrimination" some eight times. Defs.' Br. at 7-16 (quoting *Parker*, 171 F.4th at 761). As explained *supra* p. 9, this cannot sustain the weight Defendants place on it. An observation that Defendants will *likely* succeed is not a conclusion that "the record permits of only one resolution of the factual issue." *Veasey*, 830 F.3d at

235. This is especially the case where the section discussing the ADA/RA claims concluded not that judgment needed to be entered for Defendants but only that the Remedial Opinion "went too far" and "require[d] reconsideration." *Parker*, 171 F.4th at 761.

Second, after failing to point to any basis in the en banc opinion for terminating Plaintiffs' ADA claims on the record currently before the Court, Defendants attempt to create an entirely new record. Defendants spend fully half of their "threshold merits brief" introducing brand new ADA evidence that Defendants disclosed for the first time with that brief. *See* Defs.' Br. at 7-16; Defs.' Br. Ex. B, C, D. On the basis of that evidence, Defendants ask this Court to enter "judgment in their favor." Defs.' Br. at 7. But as already explained, the Federal Rules do not allow litigants to obtain judgment on the basis of evidence that the other party has not had an opportunity to test. *See supra* pp. 7-8.

**CONCLUSION**

The Fifth Circuit directed this Court to reconsider Plaintiffs' claims in light of the correct standards. And it instructed that, at least as to the Eighth Amendment, those standards require examination of "prison officials' current attitudes and conduct," with "[b]oth sides" free to "rely on ongoing developments in the prison." *Parker*, 171 F.4th at 756 (quoting *Farmer*, 511 U.S. at 845-46). Defendants urge this Court to invent a mandate that the Fifth Circuit did not actually enter, ignore the standards it directed this Court to apply, and allow one party to unilaterally introduce evidence free from the testing of discovery. This is not what the Fifth Circuit ordered, and it is not how civil procedure works. The Court should therefore reject Defendants' request, or construe it as a motion for summary judgment and defer it or deny it without prejudice to refiling after discovery under Federal Rule of Civil Procedure 56(d).

DATED: July 28, 2026

/s/ Samantha Bosalavage Pourciau
Samantha Bosalavage Pourciau, La. Bar No. 39808
Nishi Kumar, La. Bar No. 37415
Cecelia Kappel, La. Bar No. 32736
Michael Allen, La. Bar No. 41142
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
Telephone: (504) 529-5955
Facsimile: (504) 595-8006
Email: Sbosalavage@defendla.org

Jeffrey B. Dubner (*pro hac vice*)
Brooke Menschel (*pro hac vice*)
Briana M. Clark (*pro hac vice*)
Brendan R. Schneiderman (*pro hac vice*)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Telephone: (202) 448-9090
Email: jdubner@c.democracyforward.org

Emily B. Lubin, La. Bar No. 38823
Susan M. Meyers, La. Bar No. 29346
Southern Poverty Law Center
201 Saint Charles Avenue, Suite 2000
New Orleans, Louisiana 70170
Telephone: (225) 316-6709
Email: emily.lubin@splcenter.org

Nicholas Steiner (*pro hac vice*)
Southern Poverty Law Center
1101 17th Street, NW, Suite 550
Washington, DC 20036
Telephone: (301) 233-5747
Email: Nick.steiner@splcenter.org

Daniel A. Small (*pro hac vice*)
Nina Haug (*pro hac vice)*
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: nhaug@cohenmilstein.com

16

Melanie A. Bray, La. Bar No. 37049
Disability Rights Louisiana
8325 Oak St.
New Orleans, LA 700118
Telephone: (504) 208-4151
Facsimile: (504) 272-2531
Email: mbray@disabilityrightsla.org

Tavius Clark (*pro hac vice*)
Natalie Tsang (*pro hac vice*)
Elizabeth Cox (*pro hac vice*)
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6161
Email: trclark@debevoise.com

*Counsel for Plaintiffs*

17

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ Samantha Bosalavage Pourciau
Samantha Bosalavage Pourciau