**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

KENTRELL PARKER, on behalf of himself and all others similarly situated, *et al.*,

*Plaintiffs*,

v.

DARREL VANNOY, in his official capacity as Secretary of State of Louisiana, *et al.*,

*Defendants*.

Civil Action No. 3:15-cv-00318

Chief Judge Shelly D. Dick

Magistrate Judge
Richard L. Bourgeois

**REPLY IN SUPPORT OF DEFENDANTS' THRESHOLD MERITS BRIEF**

Plaintiffs' brief (ECF 871) confirms that the Fifth Circuit's remand, at minimum, drastically narrowed their claims. They agree that the scope of the remand limits their constitutional claims to six areas of care—(a) clinical care, (b) sick call, (c) specialty care, (d) emergency care, (e) inpatient care, and (f) leadership structure. They agree that the scope of the remand limits their claims under the Americans with Disabilities Act (the "ADA") and Rehabilitation Act (the "RA") to three areas—(a) architectural barriers, (b) systems for tracking disability-accommodation requests, and (c) disability-accommodation training and supervision. And they agree that the question before the Court is whether Defendants' existing evidence of improvements defeated Plaintiffs' claims in each of those areas. Because the Fifth Circuit decided that question in the affirmative, the law of the case doctrine and the mandate rule preclude re-litigation of that question. Defendants thus are entitled to judgment in their favor.

## ARGUMENT

### I. Plaintiffs Agree that the Question on Remand is Whether Defendants' Existing Evidence of Improvements Has Defeated Their Claims.

Of course, Plaintiffs agree that "this Court must follow the Fifth Circuit's decree." ECF 871 at 2. And to them, following the Fifth Circuit's decree as to their constitutional claims requires:

- recognizing that the Remedial Opinion held Defendants' "improvements … to the wrong standard and incorrectly discounted [them],"
- "applying the correct standard [to their constitutional claim]," which is "whether Defendants 'responded reasonably to the risk, even if the harm ultimately was not averted,'"
- making Plaintiffs bear the burden of "prov[ing] subjective deliberate indifference" by "showing that Defendants failed to 'respond[] reasonably to the risk, even if the harm ultimately was not averted,'" and
- accepting that the Remedial Opinion's "complaints' … were insufficient on their own to 'rise[] to the level of showing ongoing deliberate indifference by the Defendants" and that, instead, there is "a 'strong legal likelihood that Defendants were not guilty of continued deliberate indifference,'" ECF 871 at 3, 9–11 (quoting *Parker v. Hooper*, 171 F.4th 736, 761 (5th Cir. 2026)).

The parties, thus, agree that Defendants' improvements, measured under the proper standard, have a strong legal likelihood of defeating Plaintiffs' Eighth Amendment burden to show that Defendants failed to respond reasonably. That means the parties agree that the question before the Court on remand is whether Defendants' improvements have defeated Plaintiffs' claims, not whether the Court should reopen discovery to give Plaintiffs a shot at under-ruling the en banc Fifth Circuit with new evidence. If Defendants' evidence of improvements has defeated the Eighth Amendment claim (which it has for the reasons explained in Defendants'

threshold merits brief, *see* ECF 870), then any new discovery to seek new evidence can only be part of new claims raised in a new lawsuit.

Plaintiffs similarly agree that the operative question is the same for their ADA/RA claims. They acknowledge that "[t]he Fifth Circuit called into question any aspects of the Remedial Opinion's ADA findings or conclusions that incorporate a 'standard of medical care' into the ADA." ECF 871 at 14. And they agree that holding "may limit or preclude consideration of some practices that the Court found to violate the ADA." *Id.*

According to Plaintiffs, only the claims "that do not involve a substantive standard for medical care – such as the architectural barriers and the methods by which Defendants considered and tracked accommodation requests, training and supervised staff regarding accommodations, and considered disabilities in the disciplinary context – are entirely within the scope of the remand." *Id.* In other words, they agree that every ADA/RA issue that does not involve (a) "architectural barriers," (b) systems for tracking disability "accommodation requests," and (c) disability-accommodation training and supervision is outside of the remand and no longer part of the case. *Id.*

For those three areas, Plaintiffs agree that "the Court must reconsider the [existing] evidence," not reopen discovery to gather new evidence, and must apply the correct statutory standard to the existing evidence. *Id.* So for the ADA/RA claims, too, the question on remand is whether Defendants' improvements have defeated Plaintiffs' claims, not whether the Court should reopen discovery to give Plaintiffs a

shot at under-ruling the en banc Fifth Circuit with new evidence. If Defendants' evidence of improvements has already defeated the ADA/RA claims (which it has for the reasons explained in Defendants' threshold merits brief, *see* ECF 870), then any new discovery to seek new evidence can only be part of new claims raised in a new lawsuit. Defendants are entitled to judgment in their favor.

## II. The Law of the Case Doctrine and the Mandate Rule Preclude Relitigating Whether Defendants' Existing Evidence of Improvements Has Defeated Plaintiffs' Claims.

The Fifth Circuit decided that Defendants' existing evidence of improvements defeated Plaintiffs' claims. Accordingly, the law of the case and the mandate rule prohibit revisiting that question.

The law of the case doctrine provides that "an issue of law or fact decided on appeal may not be reexamined … by the district court on remand." *Gene & Gene, LLC v. BioPay, LLC*, 624 F.3d 698, 702 (5th Cir. 2010) (citation omitted) (listing 3 exceptions not relevant here). The principles surrounding the law of the case doctrine apply equally to the mandate rule, "which is but a specific application of the general doctrine of law of the case." *Id.* (citation omitted). Absent exceptional circumstances, the mandate rule compels a district court on remand to follow the dictates of an appellate court and forecloses revisiting any issue the appellate court expressly or impliedly decided. *Id.* A district court must follow the letter and spirit of the mandate. *Jacked Up, L.L.C. v. Sara Lee Corp.*, 807 F. App'x 344, 349–50 (5th Cir. 2020); *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007).

### A. The Fifth Circuit Resolved the Clinical-Care Issues in Defendants' Favor.

Of the five clinical-care deficiencies this Court identified, the Remedial Opinion found that three—(1) lack of privacy in exam rooms, (2) lack of routine medical equipment in exam rooms, and (3) lack of hygiene and spacing in clinical areas—had been resolved. ECF 778 at 15. The Fifth Circuit agreed. *See Parker* 171 F.4th at 758.

Of the remaining two deficiencies—(4) paper medical records and (5) purported "episodic treatment" of medical complaints—the Fifth Circuit held that Defendants had resolved those issues. In the Fifth Circuit's words, Defendants' implementation of electronic health records "solved" any paper-records deficiency. *Id.* And the conclusion that episodic treatment resulted in "constitutionally substandard care" "ignore[d] the very high bar required to establish ongoing deliberate indifference of the Defendants." *Id.* The Fifth Circuit thus resolved these clinical-care "deficiencies" in Defendants' favor, and the law of the case doctrine and the mandate rule prohibit relitigating them.

### B. The Fifth Circuit Resolved the Sick-Call Issues in Defendants' Favor.

The Fifth Circuit recognized that Defendants had "completely overhauled [Louisiana State Penitentiary's or LSP's] sick-call procedures" so that an in-person EMT and a nurse practitioner could provide care through telemedicine with access to patients' electronic medical records. *Id.* The Fifth Circuit concluded that Defendants' "substantial improvements should have eliminated any finding of ongoing deliberate indifference." *Id* at 758–59. The Fifth Circuit thus resolved the sick-call issues in

Defendants' favor, and the law of the case doctrine and the mandate rule prohibit relitigating sick-call issues.

### C. The Fifth Circuit Resolved the Specialty-Care Issues in Defendants' Favor.

After detailing Defendants' extensive specialty-care improvements, the Fifth Circuit held that Defendants created a "framework for constitutionally adequate health care" and that their improvements "negated a legitimate finding of ongoing deliberate indifference." *Id* at 759. The law of the case doctrine and the mandate rule prohibit relitigating specialty-care issues.

### D. The Fifth Circuit Resolved the Emergency-Care Issues in Defendants' Favor.

The Fifth Circuit held that Defendants' "response" to this Court's identified emergency-care deficiencies was "sufficient to dispel the notion of deliberate indifference." *Id.* The law of the case doctrine and the mandate rule prohibit relitigating emergency-care issues.

### E. The Fifth Circuit Resolved the Inpatient-Care and Infirmary-Care Issues in Defendants' Favor.

"Staffing shortages, which led to the misuse of orderlies for nursing tasks, was [this Court's] concern in the Liability Opinion." *Id.* The Fifth Circuit noted that this Court had "'commended' Defendants for upgrading staffing in the acute-care unit to one [Registered Nurse or "RN"] for every ten patients and one RN for every fifteen long-term care patients." *Id.* The Fifth Circuit concluded that it was "erroneous" to find that "the call buttons [constitutionally] inadequate." *Id.* For "national guidelines prescribe [only] that patients be within sight *or sound* of nurses." *Id.* The Fifth Circuit

thus resolved the inpatient- and infirmary-care issues in Defendants' favor. The law of the case doctrine and the mandate rule prohibit relitigating these issues.

### F. The Fifth Circuit Resolved the Medical-Leadership and Organizational-Structure Issues in Defendants' Favor.

As an initial matter, this Court cannot hold LSP's "governing organizational structure … unconstitutional." *Id.* Even if it could, however, the Fifth Circuit concluded that "discount[ing]" Defendants' many "developments" in this area was "[n]onsense." *Id.* at 760. The Fifth Circuit thus resolved the medical-leadership and organizational-structure issues in Defendants' favor. The law of the case doctrine and the mandate rule prohibit relitigating these issues.

## CONCLUSION

For these reasons and the ones explained in Defendants' threshold merits brief (ECF 870), Defendants are entitled to judgment in their favor. Accordingly, the Court should render judgment for Defendants.

Dated: August 10, 2026

Respectfully submitted,

ELIZABETH B. MURRILL
Attorney General

MORGAN BRUNGARD (LA #40298)
Deputy Solicitor General
OFFICE OF THE ATTORNEY GENERAL
1885 N. Third St.
Baton Rouge, LA 70802
Telephone: (225) 324-9866
BrungardM@ag.louisiana.gov

*/s/ Randal J. Robert*
Randal J. Robert (#21840)
Connell L. Archey (#20086)
Keith J. Fernandez (#33124)

Evan D. Young (#41462)
Butler Snow LLP
445 North Boulevard, Ste. 300 (70802)
Box 2997
Baton Rouge, LA 70821
Telephone: (225) 325-8700
Facsimile: (225) 325-8800
Randy.Robert@butlersnow.com
Connell.Archey@butlersnow.com
Keith.Fernandez@butlersnow.com
Evan.Young@butlersnow.com

Jeffrey K. Cody (#28536)
Caroline Tomeny (#34120)
SHOWS, CALI & WALSH, L.L.P.
628 St. Louis Street
P.O. Drawer 4425
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-1467
jeffreyc@scwllp.com
caroline@scwllp.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of August, 2026, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Randal J. Robert*
Randal J. Robert

101964780.v3